UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS Taylor, Plaintiff, : CASE NO. C.A. 05-118T

v. :

April 11, 2005

Connecticut Department of Correction, STATE of Connecticut, Thersa Lantz, Commissioner CTDOC, James Dzurenda Warden Cheshire CI-CTDOC; Dennis Jones; Brain Murphy; Fred Levesque; Mary Johnson; M. Jodi Rell, Governor STATE of CT; Lynn Milling, Steve Strom, AAG (the Above defendants are CT residents); Rhode Island Department of Correction, STATE of Rhode Island; A.T. Wall, Director of RI DOC; David Caruso, Jake Gadsden, Joseph Dinitto, Deputy warden Hillderman, Walt Whitman, LT. Stebbins, Captain Vitale (All the above defendants are residents of RI.. employed with RIDOC); John Does. "The Defendants":
All Defendants are being sued in their Individual and Official Capacities.

** CT-DOC Defendants Address: CT DOC, 24 Wolkot Hill Rd, Wethersfiel Connecticut, 06109;

** RI-DOC Defendants address: RIDOC 40 Howard Ave, Cranston, RI 02920

**JURY TRIAL DEMANDED**

# AMENDED CIVIL LAWSUIT

## Section 1983 and 1985 (Conspiracy)

Pursuant to Rule 15 of the F.R.Civ.P, the Plaintiff Thaddeus Taylor respectfully files this Amended Complaint against the defendants and request the Court to Construe this prose pleading liberally, as he is in segregation and being denied Access to his Legal Case files.

Parties: Plaintiff Thaddeus Taylor
RIDOC # 128275; CTDOC # 237855, RI-DOC
P.O. Box 8274, Cranston, RI 02920;

Defendants: CT-Dept. of Correction Employees
State of Connecticut; RI-Dept. of Correction
Employees, State of Rhode Island.. as setforth
on cover page.

Jurisdiction: Jurisdiction for this Lawsuit
is found under the following provisions:

1. 42 U.S.C § 1983 and §§ 1985 (Conspiracy)(2) & (3)
2. Diversity of Citizens (28 U.S.C.)
3. 28 U.S.C. § 1343 (a)(3); 1331; 1333 and 1361,
4. CT. STATE LAW - C.G.S.; CTDOC A.D. Tort Law.
5. RI. STATE LAW - RIGS; RIDOC Directives - Tort Law
6. Attorney fees and Costs 42 Section 1988.
7. Further Relief and Declaratory Relief § 2201 and 2202
   (Plaintiff respectfully request the Court to
   Construe this Section Liberally, in that the
   prose plaintiff does not have Access to Legal books
   and Currently he's in Segregation - RIDOC.)

8. STATEMENT OF EXHAUSTION OF REMEDIES

Pursuant to the "PLRA" and the provisions thereof
the plaintiff have fully Complied to the
Exhaustion of Available Remedies.. Prior to
initiating this Lawsuit. However, on other
grounds the plaintiff's life was/is in Jeopardy
thus Exhaustion would have been unnecessary.

 T [signature] Pro se

All Defendants Are being Sued in their official and individual capacities

Defendant(s) "CT DOC" ... Prison officials All but listed below..

CT - DOC
24 Wolcott Hill Rd
Wethersfield, CT 06109

AAG Steven Strom (defendant Strom)
Attorney General office
110 Sherman Street

M. Jodi Rell, Governor STATE of Connecticut
STATE Capitol Bldg
210 Capitol Ave
Hartford CT 06106

DEFENDANT(S) "RI DOC"

RIDOC
40 Howard Ave
Cranston, RI 02920

STATE of RI
Attorney General office

# STATEMENT OF CLAIMS

I. This is a civil lawsuit brought by the plaintiff Thaddeus Taylor against the defendant(s) who are prison officials or employees of the respective STATE(S) ("Connecticut" and "Rhode Island") The term "defendant(s) herein includes all defendant(s).. the term(s) CT-DOC defendants and RI-DOC defendants pertains to each state Department of Correction employee(s) or otherwise. The plaintiff claims that the defendants conspired and did transfer the plaintiff from CT-DOC to RI-DOC as a "retaliatory act" and "punishment" against the plaintiff for excerising his Constitutional Rights (ie. by filing inmate grievances and lawsuits against the CT-DOC defendants.) The plaintiff also that upon being advised of such retaliatory transfer the RI-DOC defendants and CT DOC defendants failed to immediately correct this situation and return the plaintiff back to the State of Connecticut at Cheshire CI. The plaintiff also claims the defendants did conspire together to deprive the plaintiff of his Constitutional Rights -- and had a custom or policy to retaliate and punish inmates that excerised their

Constitutional Rights.. by using the defendant(s) contractual Agreement "Interstate Compact Agreement."

The Plaintiff Also Claims that while in the Rhode Island-DOC he was subjected to unnecessary risk of harm, denial of Access to the Courts, denial of Access to his legal case files, disallowed to telephonically contact his Attorney(s) on unmonitored phone lines and placed in 'Segregation' and denied showers, Recreation, and his Religious materials among other things... He was denied due process of law. The Plaintiff Also Claims that he was subjected to cruel and and unusual punishment and "unsafe" living conditions as a result of the "defacto policies" and policies and procedures of daily operations within RI-DOC. The Plaintiff Also Claims that he was the victim of Racial Discrimatory practices by the RI-DOC while in their custody. The CT-DOC defendants failed to immediately correct the situation after being adequately advised.

The plaintiff Also, Claims that the RI DOC defendants did deprive

him of usage of his Personal Property and forced him to pay high telephone bills as a result of their illegal and unconstitutional agreement with a private telephone service.

The plaintiff Thaddeus Taylor Claims that the defendants actions caused him to suffer, pain and suffering, lose family ties, unable to adequately prepare for re-entry into socity and Community ties, Lost of Sleep, Mental Anguish, physical Injuries, nightmares, fear, embarassment, humilation, lost of career, Educational opportunities, poor Health, Adverse legal decisions, and his inability to Access the Courts.. and intentional infliction of Emotional Distress - All in violation of the plaintiff Constitutional Rights under the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments of the U.S. Constitution; As well in violation of CT STATE LAW and RI-STATE LAW - To which the plaintiff seeks Damages, Declaratory and Injunctive relief, Cost and Attorney fees, and All expenses for this Lawsuit.

III FACTS:

10. Prior to March 9, 2005 the defendants conspired and agreed to transfer inmates under the Interstate Compact Agreement. Although this Agreement was not design for Retaliatory transfers or punishment.. the defendants knew and understood that it was used for such purpose.

11. Between December, 2004 thru March 9, 2005 the plaintiff filed several Lawsuits against the CT-DOC defendants and inmate grievances as a result of their unconstitutional acts.

12. On March 9, 2005, The plaintiff, who is also an ex-correctional officer (CTDOC), was housed at Cheshire CI. CTDOC in the "Protective Custody unit" and called to the Captain's office where he was handcuffed and taken to the Admitting and processing Area of the facility at Cheshire CI, escorted by several supervisors and correctional officers... where he was placed in a vehicle along with all his property and transported to Rhode Island DOC.

13. The CT-DOC defendant(s) video TAPED the Entire Process. upon Arrival in the Rhode Island - DOC -- The Plaintiff was assigned a new inmate number RIDOC # 128275 and placed in general population.

14. From March 9, 2005 through the present and ongoing, the Plaintiff have been deprived of Adequate Access to the Court(s), Access to his legal case files, Access to Connecticut General Statutes and case law, Access to his Personal Property, and denied the opportunity to telephonically contact his Attorney(s) on unmonitored telephone lines, and at most times at all.

15. The Plaintiff Advised the defendants of his several pending legal matters and pending Appeals - however the defendants failed to timely and promptly give him access to his legal case files, pen and paper stamps and envelopes -- thus making him unable to litigate his legal matters, whereby Adverse rulings were made against him and matters dismissed. The plaintiff was also unable to file legal documents with the Court(s) as he desired to and need

16. From March 9, 2005 through the present date, and ongoing, the Plaintiff was denied ~~Adequate~~ Medical Care, dental care and was subjected to hazardous and unsafe Living Conditions while in the Custody of The RIDOC.

17. The Plaintiff was forced to Stay in Cells with No Emergency Medical Buttons inside, and the guards were not assigned to posts inside the Blocks. He also was force to stay in cells with Poor ventilation systems, No latters to Climb up on the top bunk or to safely get down; and stayed in Cells with No hot water... while at RIDOC. The defendant routinely turned on the "lights" throughout the night depriving him of nighttime sleep.

18. The Plaintiff also was subjected to Abuse by RIDOC prison guards, threnten, disrespected and profanity was used Against him regularily. This was/is the defacto Policy and Custom of the RIDOC prison System. The CT-DOC defendant were Advised by the Plaintiff, his Attorney(s) and family but failed to Correct these illegal Acts.

19. On or About April 5, 2005 the Plaintiff was placed in Segregation cell Number two, inwhich did not have hot water; he was also disallowed to take Showers, Recreation and to have his Religious Books and materials inside his cell. The defendants were advised but failed to Court such.

20. Upon being placed in 'Segregation' the RIDOC Defendants failed to give the Plaintiff Notice of why he was in Segregation and his status; As well failed to provide the plaintiff with the Rules and Regulations of Segregation operations; as well as updated Rules and Regulations for RIDOC. It was also the defacto policy and Custom for the RIDOC defendants not to routinely provide inmates with time notices upon being placed in Segregation, no due process procedures, deny Legal telephone calls, and telephone calls to family members. The plaintiff was disallowed to Call his family to advise them of his sudden placement in Segregation.

21. The Plaintiff was also forced to used the inmate telephone System that Charge the Plaintiff $18.00 per call from RIDOC to CT. The extraordinary costs were as a result of an illegal Contract between RIDOC and a private Telephone Service design to profit off inmates Calls and their family members. (RICO Conspiracy)

22. The Plaintiff between March 9, 2005 and the present date have also been "set up" by the defendants by them mentioning or otherwise advising other inmates the Plaintiff was an ex-Correctional Officer and forcing him ~~to~~ be housed in General population -- rather then Protective Custody. The Plaintiff was also Subjected to Racial Discriminatory Practices in RI.

23. The defendant(s) were all advised of the Above Racial Discriminatory Practices -- and this was the defacto Custom and policies of the RIDOC -- to discriminate against Minorities and make policies insensitive to minorities inmate Needs -- but failed to Correct such.

24. The Plaintiff since being in the RI DOC have not seen one Minority superior officer; It's the Custom and Policies of the RI DOC not to promote minorities to higher positions and to discrimate systematically. The plaintiff and other minorities inmate are subjected to discriminatory practices as a result of this policy and Custom of the RIDOC defendants.

25. Prior to being transfered to Rhode Island the plaintiff have not received a disciplinary write up since '1996'.. and infact is a Level 2 (minium inmate) within CT-DOC. He is also eligible for Placement in a Halfway House this summer (2005) and eligible for parole hearing this fall 2005. The transfer served No penological interest for the 'CTDOC' but was a retaliatory Act for Punishment

## IV CAUSE(S) of ACTION.

First CAUSE

26. Paragraphs 1 thru 25 are hereby incorporated therein as fully setforth.

27. The Plaintiff claims that defendants

Connecticut Department of Correction, STATE of CT, Therza Lantz, James Dzurenda, Dennis Jones, Fred Levesque, Mary Johnson and Steve Strom, Murphy, Mullins, Rell and John Does did Knowingly and willfully do and Conspire with RI defendants STATE of RI, A.T. WALL, JAKE Gadsden, Joseph Dinitto to Retaliate against the Plaintiff in this transfer from CT to RI. The Plaintiff Claims this Transfer was a "Retaliatory Transfer" and Conspiracy to do so against him by the above Named defendant(s) as Punishment for him excersing his Constitutional Right(s) against CTDOC. inviolation of the first, sixth, Eighth and 14th Amendment to the U.S. Constitution; and STATE of Connecticut Constitution and Rhode Island STATE LAW. The plaintiff Seek DAMAGES as a result, and Permanent and Temporary Injunction order(s).

## Second Cause of Action

28. Paragraphs 1 thru 27 Are hereby incorporated as fully Setforth herein.

29. The Plaintiff Claims that he was/is onging, being denied ACCESS to the Court(s), ACCESS to his Legal Case files, ACCESS to and the Right to USE his personal property, ACCESS to CT Law book and general statutes, Right to speak to his Attorney, Right to Communicate with his family and his Community by

All defendants... STATE OF Connecticut, Lantz, Jones, Johnson, Strom, RELL, Milling, Dzurenda, Murphy, Levesque, WALL, Gadsden, Dinitto, Hillderman, Caruso, whitman, Vitale, Stebbins, STATE of RI, RIDOC, and John Does -- All inviolations of his Constitutional Rights under the First, Fourth, Sixth, Eighth and Fourteen Amendments to the U.S. Constitution - and STATE of Connecticut constitutional Law; and RI STATE LAWS. TO which the plaintiff claims damages.

THIRD CAUSE OF ACTION:

30. Paragraphs 1 thru 29 are hereby incorporated herein as fully Setforth.

31. The Plaintiff Claims that defendants RIDOC, STATE OF RI, WALL, CARUSO, whitman, Hillderman, STebbins, Vitale, Dinitto, Gadsden and John Does did Subject the plaintiff to unsafe living Conditions, Racial Discrimatory practices, Customs and Policies, denial of due process of Law and Equal Protection Of Law, inadequate Medical, Dental, and Mental Health care, denial of Adequate protection from Harm and denial of Right to practice his religious faith.

32. The plaintiff Also Claims defendants

Rell, Strom, Millings, Dzurenda, Levesque and John Does were advise of the above conditions and mistreatment of the Plaintiff but failed to correct such and/or return the plaintiff back to CT DOC facilities. All in violation of the First, Sixth, Eighth and 14th Amendments to the U.S. Const. and under CT STATE LAW and RI-STATE LAW.

FOURTH CAUSE OF ACTION

33. Paragraphs 1 Thru 32 are hereby incorporated by reference as fully setforth

34. The Plaintiff Claims the Current Customs, policy and Procedures of 'Segregation' operations are 'unconstitutional', and deprive the Plaintiff and inmates due process of LAW. Defendants A.T. WALL, Rhode Island DOC, Hillderman, Whitman, Vitale and John Does knowingly and willfully deprived the plaintiff of his Consitutional Rights to Due Process, Notice for being in Segregation, Showers, Recreation and Religious Materials... In violation of the First, Eighth and 14th Amendment of the U.S. Constitution and RI-STATE LAW. The plaintiff seeks DAMAGES, Declaratory Order and Injunctive Relief.

## Fifth Cause of Action

35. Paragraphs 1 thru 34 are hereby incorporated by reference as fully set forth.

36. The Plaintiff Claims the current Custom, polocies and Procedures of The RI-DOC, and the STATE of RI and the RI[illegible] defendants, to force inmates to pay extraordinary high telephone bills, and to force inmates to make Legal telephone Calls to their attorneys on the same System used for Regular Monitored family and friends telephone calls are unconstitutional and illegal. The plaintiff Also claims the RIDOC defendants failed to take Sufficient steps to ensure that All Legal Calls are not 'Monitored' indirectly or otherwise.

37. The Plaintiff Also Claims the Contractual Agreement between The RIDOC, and the STATE of RI and the telephone Company is "illegal" and "unconstitutional" agreement.. that takes advantage of inmates and their familes who have to pay the extraordinary high Costs Charged.

38. The plaintiff claims the above violates his First, Sixth, Eighth and 14th Amendments Rights of the U.S Constitution; And violates the "Ethical standards and fair pricing, in which amounts to criminal extortion or "RICO". To which the Plaintiff seeks Damages, declaratory order and Injunction relief.

V. Requested Relief:
Wherefore the Plaintiff request(s) the Court issue the following orders:

A. Injunction Relief:
(1) Prohibit the defendants from harassing or retaliating against the plaintiff for filing this lawsuit;
(2) Direct that the plaintiff be returned to the STATE of Connecticut;
(3) Prohibiting the defendants from depriving the plaintiff of Access to the Courts

B. Declaratory Relief:
(1) Declare the Segregation operations within RIDOC unconstitutional and deprives inmates of due process of Law and their Constitutional Rights.

(2) Declare the 'RIDOC' policy and Custom of turning on any light inside inmates cells between [illegible]00pm and 6:AM Nighttime unconstitutional Correctional officers should use flashlights.

(3) A Declaratory order, stating the Current policy and Custom of RIDOC in forcing inmates to make Legal telephone calls to their Attorney(s) on the "Monitored" telephone system "unconstititional".

(4) A Declaratory order declaring the Contract between RIDOC and the telephone Company that charges inmates and their familes extra high prices (to boost their profits) "Unconstitutional' and illegal.

C. DAMAGES

1) The plaintiff request the Court grant unspecified Compensatory DAMAGES;
2) Grants Punitive DAMAGES (unspecified);
3) Grants The plaintiff Attorney fees, Cost and Expenses for this Lawsuit;
4) Grant all Such other relief the Court deems fair and just in addition to the Above.

I swear under penalty of perjury the above statements are true and correct to the best of my knowledge.

Pro Se
Thaddeus Taylor 128275
P.O. Box 8274, Cranston RI 02920