UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR, Plaintiff : CASE NO. C.A. 05-118T

v. :

CT-DEPARTMENT OF Corrections; RI-Dept. of Corrections, etc. Defendants. MAY 4, 2005

MOTION FOR TEMPORARY INJUNCTION ORDER AGAINST THE DEFENDANTS

The Plaintiff Thaddeus Taylor, in the above captioned Matter respectfully Moves this Honorable Court for Temporary Injunction ORDER(S) Against The Rhode Island-Defendants and Connecticut-Defendants... Specifically, the Plaintiff Moves this Honorable Court to order that the plaintiff shall be immediately returned to Cheshire CI - protective custody unit.. 900 Highland Ave, Cheshire, CT; the facility inwhich the Plaintiff was housed at prior to his transfer to Rhode Island Dept. of Correctins under the "New England Interstate Correction Compact"... "STATUS QUO" until such time that this Honorable Court could Adequately decide the issues raised in this Matter... including but not limited to the Plaintiff's Claim that his transfer to Rhode Island was infact a retaliatory transfer to Punish him for excerising his

7

Constitutional Rights.. On March 9, 2005 the Plaintiff was "involuntarily transferred" from CT-Dept. of Correction to RI-Dept. of Corrections... Since being in the RI-Doc Custody the Plaintiff have been threaten by Staff and Superior officers, harassed and Retaliated Against after Complaining about the Conditions of his Confinement and other Constitutional Violation(s). Moreover, the Rhode Island-DOC defendant(s) have a "Customs and Policies" to Retaliate, harass, usage of excessive use of force, threats and intimidate inmates that excerise their Constitutional Rights. The Plaintiff since the Arrival at Rhode Island DOC have been "set up" by Staff and Superior officers by them advising other inmates that the plaintiff was an ex-correctional officer (CT DOC).. to which Subjected the plaintiff to Substantial risk of harm.

The Plaintiff have Also been denied Adequate Access to his Legal case files and Access to his Legal Counsel in Connecticut, the Plaintiff's telephone has been intentionally program and/or Allowed to be broken whereas the Plaintiff can not telephonically Contact his Attorney(s) in Connecticut. The Defendants RIDOC and CTDOC also have refused to

Provide the plaintiff with sufficient (Any) stamps and envelopes to write to his counsel.

The Defendant(s) "RI-DOC" Also have housed the plaintiff in an inadequate, unsafe, Facility... that does not have any Rehabilitation programs, Educational programs, or vocational programs... as Required under the "New England Interstate Corrections Compact Agreement"...

The Facility inwhich the plaintiff is currently housed at "Protective Custody unit HSC... does not have emergency Medical buttons inside the cells to summon prison officials of an emergency... and the correctional officers Routinely, stay inside a "sealed" bubble Area, not inside the housing unit.. Additionally, there is very poor ventilation as a result of poor Maintenance of the Facility, broken plumbing problems.. that have gone unfixed for a very long time. There are also No Fire sprinklers inside the cells or the unit.. inwhich subjects the plaintiff to additional Risk of harm.

There is also a "custom" and "policies" of the RIDOC to routinely engage in "Racial" and protective custody status Discrimination and Discriminatory practices to which the Defendant(s) have failed to Address and stop.

The plaintiff is currently preparing to be re-entered into society and his Community -- within the next few months or so.. The plaintiff is eligible for "Halfway house" placement (August, 2005) under CT-DOC Regulations and LAW -- and eligible for his PAROLE hearing in (September, 2005).. The plaintiff being housed in "Rhode Island" and outside of his home state of Connecticut is causing him extreme "hardship" and interferring with his ability to Adequately re-establish his family and Communities -- so that he could Successfully re-enter society within the next few months.

In addition to this fact, the plaintiff's mother is terminally ill with Colon-CANCER, she is also "elderly" and can not travel this long of a distance from "CT" to "RI" to visit the plaintiff.. she also can not write letters without being in extreme pain from her routine "Kemo-treatment." Moreover the plaintiff can not telephonically contact his mother and other family and friends -- that are assisting him in preparing for re-entry into his Community -- because a single telephone call costs (Approx.) $18.00 each -- the plaintiff can not Afford this -- thus, he is forced to go without Communication with his family and outside help.

Because, the Plaintiff's transfer to RI-DOC .. was done in an illegal manner and not in accordance with the "intent" and "purpose" of the "New England Interstate Correction Compact Agreement".. inwhich basically Allows transfers of inmates between two party states if such transfer is beneficial to the inmate's Rehabilation needs... Clearly, this transfer is a "Retaliatory transfer" and simply designed to harass, retaliate, and punish the Plaintiff... Also it is designed to attempt to set the plaintiff up to be "assaulted" by RI DOC inmates, staff and/or superior officers or worst killed in the State of Rhode Island.

The Plaintiff Also respectfully requests this Honorable Court to grant a temporary Injunction order directing the Defendant(s) "CT-DOC" and "RI-DOC" to provide the plaintiff with immediate and adequate access to his legal case files, a Law Library, with Connecticut General Statutes and case law, Access to the Court(s), to fully litigate this matter and And all pending legal matters; The plaintiff request that an order "Temporary InJunction order" also be issued directing the defendant(s) to Keep the Plaintiff in "Protective Custody" until such time he is allowed to participate in a Halfway House Program or similar program, inwhich he is release from incarceration".. Parole etc..

The Rhode Island Defendant(s) have Also threaten to destroy All the Plaintiff's Personal Property and Educational Materials within 30 days -- if the Plaintiff don't send such out of the Facility -- however, the Plaintiff Can not do such -- 1(st) he Can not Afford such -- secondly, he is a CT-DOC Inmate and expect to return back to Connecticut as soon as possible -- thus, he will need All his personal Property. If such is sent out from RI-DOC Custody, it will Not be Allowed back into CT DOC Custody when the Plaintiff is returned --

The Plaintiff respectfully submits that the Above requested "Temporary Injunction orders," Access to the Court(s), Access to his Legal Case files, and order to immediately return the Plaintiff back to "CT DOC Cheshire CI" - "Status Quo" until this Honorable Court could Adequate decide this matter -- among other things Are Necessary to protect the Plaintiff from harm, Retaliatory Acts, harassment and Punishment, without due Process; Moreover, the Plaintiff will suffer "irreparable Injuries" to which can not be made up later -- for example, his Mother may pass away, unable to establish family & Community ties, Longer incarceration inability to Prepare for Re-entry into his Community (CT). The Plaintiff does not have Any family or friends in Rhode Island, Nor does he have any Pending Criminal Charges in Rhode Island.

I swear under Penalty of Perjury the above Statements in this Motion is True and Correct to the best of my knowledge. [signature] Thaddeus Taylor

Wherefore it is So moved.[1]

Oral Argument Requested.
Testimony Required.

Respectfully Submitted,
[signature]
Thaddeus Taylor, ProSe
RIDOC #128275; CT DOC 237855
Rhode Island-DOC
P.O. Box 8200
Cranston, RI 02920

Certificate of Service

I certify that a copy of this Temporary Injunction order was mailed to the Defendant(s) "CT-DOC" and "RI DOC" at their known Counsel office(s), on this 4th day of May, 2005. postage prepaid.

(1) For RI-Dept. of Corrections defendants;

Attorney Patricia A. Coyne-Fague
Chief Legal Counsel - RI-DOC
40 Howard Ave.
Cranston, RI 02920

(2) For CT-Dept. of Corrections defendants:

Attorney Steven Strom, AAG
Attorney General office
110 Sherman Street
Hartford, CT 06105

[signature]
Thaddeus Taylor ProSe
Plaintiff

1 The Plaintiff respectfully requests the Court Construe this Temporary Injunction Request for Relief Liberally, as a result of the plaintiff ProSe Status..and his lack of Adequate Access to the Courts Law Library and his Legal case files. The Plaintiff request Permission to file such as Submitted.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RECEIVED APR 13 2005 COURT ISLAND

Thaddeus Taylor, Plaintiff,
v.
CT-Dept. of Correction;
RI-Dept. of Correction
et al. defendants

CASE No. C.A. 05-118 T

April 8, 2005

## MOTION FOR TEMPORARY INJUNCTION ORDER AGAINST RI-DOC defendants

The plaintiff Thaddeus Taylor, in the above captioned case respectfully moves this Honorable Court for a Temporary Injunction ORDER Against the Rhode Island Dept. of Correction (defendants) -- specifically, directing them to immediately house the plaintiff Thaddeus Taylor, RIDOC# 128275; CTDOC # 237855 in the "Protective Custody unit" within the RI DOC ... as a result of the plaintiff being an ex-Correctional officer, formerly employed by CT-DOC (defendants).

In support of this Motion, the plaintiff submits that he have in "good faith" attempted to live in 'general population' but was unable to do so 'safely.' Additionally, staff and superior officers from the RI Dept of Correction have now put this fact out to other inmates on 4 occassions within the last month (the plaintiff Arrived

In Rhode Island DOC on March 9, 2005).
Several Inmates are now aware of the plaintiff's former position as a Correctional officer -- to which serious put the Plaintiff's life in 'danger' of being Seriously Assaulted, extorted, Abused, or worst killed in 'general population' --especially, inlight of the fact that Several RI-DOC correctional officers and employees are very "abusive" and "unprofessional" towards inmates.
The Plaintiff Also Submits that he have several pending legal matters, Criminal Appeals, etc.. inwhich also repeatedly states the Plaintiff is an ex-Correctional officer.. and there's no way could he hide this fact.. and Adequately litigate his pending Legal Matter(s).. lastly, RI-DOC, policies and procedures requires inmates in 'general population' to give other inmate(s) their legal work when copies are needed.. this policy too jeopardize the Plaintiff's safety.
For all the foregoing Reasons the Plaintiff respectfully moves this Honorable Court for a temporary Injunction order Directing the "RI DOC" defendants to immediately house the Plaintiff in

Protective Custody Unit, within RI-DOC until such time the plaintiff is returned to CT-DOC, released from prison or this matter is fully litigated.[1]

Wherefore it is so Moved.

Respectfully Submitted,

[signature] (Pro se)

Thaddeus Taylor #128275
RI-DOC
P.O. Box 8200
Cranston, RI 02920

ORAL Argument requested
Testimony Required

** Because no "Appearances" have been filed no Certification of Service was filed... The Plaintiff respectfully request the Court Transmit this ~~motion to the Appropriate Parties if necessary;~~ And Construe this pro se Pleading Liberally.

[signature] Pro se

---

[1] The Plaintiff have requested That he be Placed in 'Protective Custody'... formally to the RIDOC and CT DOC prison officials.. Currently he is in 'Segregation' awaiting a decision.. The RI DOC defendants may decide to Place the Plaintiff in 'Protective Custody unit' or they may not, and force the Plaintiff back into 'General Population'.. where he could be serious injured, Assaulted or killed. Therefore, The plaintiff respectfully request the Court Grant this motion and order protective custody placement to protect the Plaintiff, and avoid him being released back into general population.

# Certificate of Service

I Certify that a Copy of this Motion For Temporary Injunction order was mailed to the Defendant(s) Rhode Island DOC and CT DOC defendants on this 9th day of may, 2005...:

(1) RHODE ISLAND DOC Defendants,
Attorney Patricia A. Coyne-Fasue
RI-Dept. of Corrections-Legal Dept.
Chief Legal Counsel
40 Howard Ave
Cranston, RI 02920

(2) Connecticut- DOC Defendants;
Attorney Steven Strom, AAG
CT. Attorney General office
110 Sherman Street
Hartford, CT 06105

[signature] pro se
Thaddeus Taylor

2005 MAY -9 A 10:03

FILED