**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THADDEUS TAYLOR,** *pro se,*

**v.** **C.A. No.: 05-118T**

**A.T. WALL,** Director, Rhode Island Department of Corrections, **RHODE ISLAND DEPARTMENT OF CORRECTIONS, CONNECTICUT DEPARTMENTOF CORRECTIONS, STATE OF CONNECTICUT,** and **TERESA LANTZ, et al.**

**DEFENDANT WALL'S OBJECTION TO PLAINTIFF'S MOTIONS FOR TEMPORARY INJUNCTIVE RELIEF**

Now comes Defendant A.T. Wall, Director of the Rhode Island Department of Corrections, and, pursuant to the Court's Memorandum and Order of May 17, 2005 (served upon Defendant Wall by the U.S. Marshals on May 20, 2005), hereby responds to Plaintiff's Motions for Temporary Injunctive Relief filed on March 23, 2005 and May 9, 2005. For the reasons in the accompanying memorandum of law, Defendant Wall objects to Plaintiff's Motions and submits that Plaintiff's Motions should be denied.

Respectfully submitted,
Defendant, by his attorney

Patricia A. Coyne-Fague #5198
Chief Legal Counsel
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-0145
(401) 462-2583 *fax*

10

**Certification**

**I hereby certify that a true copy of the within document was mailed, postage pre-paid, to plaintiff Thaddeus Taylor, P.O. Box 8200, Cranston, RI 02920 on this 27th day of May 2005.**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THADDEUS TAYLOR,** *pro se,*

**v.** **C.A. No.: 05-118T**

**A.T.WALL,** Director, Rhode Island
Department of Corrections, **RHODE ISLAND**
**DEPARTMENT OF CORRECTIONS, CONNECTICUT**
**DEPARTMENTOF CORRECTIONS, STATE OF**
**CONNECTICUT,** and **TERESA LANTZ, et al.**

**MEMORANDUM IN SUPPORT OF DEFENDANT WALL'S OBJECTION TO PLAINTIFF'S MOTIONS FOR TEMPORARY INJUNCTIVE RELIEF**

Now comes Defendant A.T. Wall, Director of the Rhode Island Department of Corrections, and, pursuant to the Court's Memorandum and Order of May 17, 2005 (served upon Defendant Wall by the U.S. Marshals on May 20, 2005), hereby responds to Plaintiff's Motions for Temporary Injunctive Relief filed on March 23, 2005 and May 9, 2005. In particular, the Court ordered Defendant Wall to detail what steps he and/or his Department has taken to protect the Plaintiff from the alleged "substantial risk of harm" the Plaintiff complains about. For the reasons argued below, Defendant Wall submits that Plaintiff's Motions should be denied.

**I. Introduction**

Plaintiff Thaddeus Taylor is a penal inmate, currently housed in the Protective Custody unit of the Adult Correctional Institutions, ("ACI") Rhode Island Department of Corrections. The Protective Custody unit is currently located within the High Security Center of the ACI. Since May 19, 2005 Taylor has been housed within a single cell within the protective custody unit. Taylor is a Connecticut inmate, serving his sentence within the Rhode Island prison system pursuant to the New England Interstate

Corrections Compact. Connecticut sought to transfer Taylor from its system because Taylor is a former Connecticut correctional officer, and transfer to another state would give him an opportunity to eventually be placed in general population (as Taylor's former profession led to the necessity of him being placed in protective custody in Connecticut's prison). So, while the transfer was ultimately intended for Taylor's benefit (giving him a chance to "work through the system,") it was in fact, involuntary.

Plaintiff has filed with the Court motions for temporary injunctive relief. By Memorandum and Order dated May 17, 2005, the Court has ordered Defendant Wall to respond to them. The motions were filed on March 23, 2005 and May 9, 2005.

## II. The Standard for Issuance of Injunctive Relief

In order for Taylor to prevail on his motions for injunctive relief, he must demonstrate the following four elements: (1) the likelihood of his success on the merits; (2) the potential for irreparable injury; (3) the relevant balance of hardships if the restrainer does or does not issue; (4) and the effect on the public interest of a grant or denial of the motion. See *Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 5 (1st Cir. 1991). Failure to demonstrate any one of these four elements prohibits the granting of a preliminary injunction. For the reasons argued below, Taylor cannot meet these four elements, and thus, his motions for injunctive relief should be denied.

## III. Plaintiff's Motions for Temporary Injunctive Relief

### A. The March 23, 2005 Motion

Within his March 23, 2005 Motion for Injunctive Relief, Plaintiff makes several bare and conclusory allegations against Connecticut prison officials, including allegations of harassment and assault, and that his transfer was the product of retaliation by

Connecticut officials, whom Taylor alleges "lied" to the Rhode Island officials about the reasons for the Taylor transfer.

As it pertains to the Rhode Island Department of Corrections, Plaintiff's March 23, 2005 Motion for Temporary Injunctive Relief seeks an order from the Court that:

(1) prohibits denial of access by Plaintiff to his legal case files and to the court(s);
(2) prohibits corrections staff from harassing or retaliating against Plaintiff for his exercise of his constitutional rights; and
(3) orders the immediate return of Plaintiff to the custody of the Connecticut prison system.

Defendant Wall submits that Plaintiff cannot meet the tests for issuance of injunctive relief, for the following reasons. First, Plaintiff has no likelihood of success on the merits of his claim. Taylor has not been denied access to his legal case files.[1] On the contrary, extraordinary time and effort has been devoted to the Plaintiff's complaints about access to his legal work, and a system has been implemented to insure that he has access. In addition, Department of Corrections' policy provides access to the courts and to legal materials, which applies to Plaintiff even though he is an out-of-state inmate.

Defendant Wall submits that no staff at the Rhode Island Department of Corrections have engaged in any harassment or retaliation against Plaintiff for his exercise of constitutionally protected rights. However, such harassment and retaliation, if it did occur, would not be tolerated by the Rhode Island Department of Corrections, as it would be a violation of the Department's Code of Ethics and Conduct. Any such inappropriate conduct should be reported to the Department's Office of Inspection (internal affairs) for investigation. Taylor was so notified and informed by letter from the

[1] Please note that the Plaintiff has 38 boxes of legal material. Fire safety issues dictate that Plaintiff have no more than more one cubic foot of legal material within his cell, however staff provide reasonable opportunity for Plaintiff to rotate the material; therefore he has access to his legal materials.

Director of Corrections, dated May 6, 2005.[2] Upon information and belief, Taylor has already utilized this system and has contacted the Inspectors regarding his claims of harassment.

Likewise, Taylor cannot meet the test of likelihood of success on the merits for his claim that he should be returned to Connecticut. The U.S. Supreme Court has held that "[s]tatutes and interstate agreements recognize that, from time to time, it is necessary to transfer inmates to prisons in other States." *Olim et al. v. Wakinekona*, 461 U.S. 238, 246 (1983). "Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State." *Id.* at 245. Regardless of in which state within the United States Plaintiff was convicted, he may be incarcerated in any of the fifty United States unless there is state law to the contrary or the very incarceration itself is unconstitutional. *Id.*, at 248, citing *Montanye v. Haymes*, 427 U.S. 236, 242; *Cruz v. Beto*, 405 U.S. 319 (1972); *Fejeriak v. McGinnis*, 493 F.2d 468, 470 (CA9 1974). Taylor can point to no set of facts that prove that his incarceration in Rhode Island is unconstitutional.

Because the Plaintiff cannot meet even the first test for issuance of injunctive relief, Defendant Wall submits that the March 23, 2005 Motion for Injunctive Relief should be denied and dismissed.

**B. The May 9, 2005 Motion**

[2] Defendant Wall wishes to point out to the Court that counsel is in possession of literally hundreds of pages of correspondence to and from the Plaintiff and various RI Department of Corrections officials wherein Plaintiff's complaints are heard and addressed. Should the Court wish to view this correspondence, Defendant Wall will make it available to the Court.

Plaintiff filed two other Motions for Injunctive Relief, dated April 8, 205, and May 4, 2005. Each has the filing date of May 9, 2005. However, as the Court noted in footnote 2 of its order, Plaintiff has been moved from general population to protective custody, effectively rendering his request in his April 8, 2005 Motion moot. Defendant Wall therefore addresses the May 4, 2005 Motion for Injunctive Relief.

Within this Motion, Plaintiff recites a litany of complaints about the prison in Rhode Island, in support of his request to be returned to the system in Connecticut. Some of Plaintiff's complaints in this Motion restate his complaints from his March 23rd Motion (i.e., access to legal materials, harassment by staff) and some are new. With regard to his previously-raised complaints, Defendant Wall's arguments are the same as those above. Defendant Wall addresses Plaintiff's new allegations below.

Within his Motion for Injunctive Relief dated May 4, 2005, Plaintiff makes one request of the Court: to be sent back to Connecticut. In support of his request, Plaintiff cites a laundry list of complaints about his current housing situation in the Rhode Island prison system, to include: allegations that the building is unsafe ("poor ventilation," "broken plumbing," unsafe fire system, no "emergency medical buttons inside the cells[3]"); and there are no rehabilitation, educational or vocational programs.[4]

Defendant Wall denies Plaintiff's allegations of unsafe facilities. Plaintiff can do no more than make conclusory allegations regarding poor ventilation and bad plumbing.

---

[3] It should be noted that Defendant is unaware of <u>any</u> prison system that has such devices within prison cells.

[4] The balance of Plaintiff's complaints (e.g., inability to visit with family members, expense of telephone calls) go to his assertions that his transfer to Rhode Island is inconvenient for him and/or his family, and frankly mirror those made by the Hawaii inmate in the *Olim* case. The U.S. Supreme Court rejected those arguments in the Olim case, and Defendant Wall submits that this Court should do likewise with the Plaintiff's arguments.

However, out of an abundance of caution, counsel for Defendant Wall has requested that the Warden of the facility in which Plaintiff is housed investigate those issues.

The protective custody unit in which Plaintiff is housed is currently located in the High Security Center. While the Department has found it challenging to develop and implement programming for inmates located within that facility, within the month a number of rehabilitative programming are scheduled to begin for protective custody inmates, to include educational programs, anger-management/life skills programs, and a therapeutic art program. Religious services are available to protective custody inmates. It should be noted that Plaintiff did have a job within the unit (inmate porter – sweeping floors), however chose to quit the job when his assignment was changed to one that he found disagreeable. Also, it should not be forgotten that, desirable as they may be and conducive to rehabilitation as they may be, there is no constitutional right to rehabilitative programs in prison. See *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) and *Estrada v. Walker*, 743 A.2d 1026 (RI 1999). Therefore, Plaintiff has no likelihood of success on the merits of this claim.

It should also not be overlooked that the Rhode Island Supreme Court has been clear in its pronouncement that the Director of Corrections has "unfettered discretion" in the housing and classification of prison inmates. See *DeCiantis v. Wall*, 840 A2d 1090, 1092 (R.I. 2003) and *Bishop v. State*, 667 A.2d 275 (R.I. 1995). "It is well-settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 122 S.Ct. 2017, 2027 (2002) citing *Meachum v. Fano*, 96 S.Ct. 2532 (1976). Director Wall's decision to place Plaintiff in protective custody is well-reasoned and designed to protect Plaintiff's safety. Connecticut's decision to transfer Plaintiff to

the Rhode Island System is grounded in concerns for Plaintiff's safety and rehabilitative options. The Court should defer these decisions to the expertise of prison administrators.

## IV. Conclusion

Plaintiff Taylor was transferred from the Connecticut prison system in order for him to have an opportunity to be in a general population. As he was not known to the Rhode Island prison system, he could have conceivably moved through our system in general population, and in fact was initially placed in general population. He requested a single cell, which was denied by the Warden of the Medium security facility (Medium security inmates are double-celled). He then requested protective custody, which was ultimately granted. Now Plaintiff Taylor is dissatisfied with protective custody, and wants to go back to the Connecticut system. In Connecticut, he was in, and would presumably return to, protective custody. The reality is that the Plaintiff's life is not in danger, he simply wishes to return to his home state.

Plaintiff has taken full advantage of the Department's grievance system (to date he has filed eighteen grievances) and has freely corresponded with prison officials, to include the Deputy Warden, Warden and the Director (as stated, counsel is in possession of volumes of letters, each of which have received a written response), to voice his myriad complaints. Far from being ignored, correctional staff have devoted a significant and burdensome level of time and attention to this inmate's concerns. His voluminous legal filings clearly illustrate that he is not being denied access to the courts. He is placed in protective custody for his own safety, which he in fact requested. The Plaintiff can prove no set of facts that his current incarceration is unconstitutional in any way, and

therefore his wish to be returned to the Connecticut prison system, where he is known as a former Connecticut correctional officer, should not be accommodated.

For all of the reasons argued herein, the Defendant submits that the Plaintiff's Motions for Injunctive Relief should be denied.

Respectfully submitted,
Defendant, by his attorney

Patricia A. Coyne-Fague #5198
Chief Legal Counsel
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-0145
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage pre-paid, to plaintiff Thaddeus Taylor, P.O. Box 8200, Cranston, RI 02920 on this 27th day of May 2005.