UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Thaddeus Taylor : Case No. 05-118T

v. :

A.T. Wall, Director, RI Department of Corrections; ~~Connecticut Department of~~ Corrections, Thersa Lantz Commissioner CT Dept. of Corrections, et al.

MAY 31, 2005

## PLAINTIFF'S REPLY TO DEFENDANT WALL'S OBJECTION TO PLAINTIFF'S MOTIONS FOR TEMPORARY INJUNCTIVE

The Plaintiff Thaddeus Taylor, in his pro se capacity, in the above captioned matter, respectfully files with this Honorable Court his "Reply" to Defendant Wall's Objection and Memorandum insupport there of to the Plaintiff's Motions For Temporary Injunctive Relief[1] pursuant to the Court's Memorandum and Order of May 17, 2005.

Insupport of Defendant Wall's objection He claims that the Plaintiff cannot meet these four elements, and thus, the plaintiff's Motions for Temporary Injunctive Relief should be denied. The Plaintiff disagrees.

[1] The Plaintiff respectfully request permission to file this 'Reply' as submitted, even though it may not be in full compliance with the Local Rules of this Honorable Court.

Because the Plaintiff can demostrate (1) a likelihood of his success on the merits; (2) the potential for irreparably injury; (3) the relevant balance of hardships if the restrainer does or does not issue; (4) and the effect on the Public interest of a grant or denial of the Motion... The Court should grant the Plaintiff's Motions for Temporary Injunctive Relief... in the interest of Justice.

Despite the Fact, defendant Wall has not provided this Honorable Court any sworn Affidavit(s) of Director Wall, Chief Inspector Alderidge, Administrators at the High Security Facility... or otherwise; the Plaintiff's Complaint and Affidavit[2] Must be Considered "truthful"... they are not bare and conclusory allegations. Moreover, the defendant's Counsel and defendant Wall admitted that there exists literally hundreds of pages of Correspondences to and from the defendant(s)... these documents are evidence in support of the Plaintiff's Claims. (Page 4 at Footnote 2 DEF'S MOL)... The Plaintiff respectfully request(s) the Court to order the defendant's Counsel to file a Copy of these documents with the Court so they may be reviewed.

[2] Because there is No "Notary" at the High Security Facility the Plaintiff was unable to have his "Affidavit" Notarized.

As it pertains to Defendant Wall, he claims, without any supporting Affidavits from Prison officials, etc... that the Plaintiff is not being denied access to his legal case files. This is infact a misrepresentation by the defendants and their Legal Counsel to this Honorable Court... The Prison officials at the High Security Facility have denied the plaintiff of Any ACCESS to his Legal case files since MAY 12, 2005[3] to date (MAY 31, 2005)... Infact, the plaintiff have two criminal matters pending in Connecticut Superior Court, on MAY 12, 2005, MAY 26, 2005 and on April 28, 2005 the Plaintiff's Superior Court Judge had to order the matters continued as a result of the defendants (Rhode Island DOC) failure to give the Plaintiff ACCESS to his Legal case files. Furthermore, the Superior Court Judge, was so upset at this ongoing problem that he advised the STATE Prosecutor (CT) Eugene Calistro, Linda Howe, STATE Prosecutor, Assistant Attorney General (CT)

[3] The defendant correctly noted the plaintiff have a total of 38 legal Boxes.. However, 28 Boxes were recently ordered to the Facility by the Plaintiff's Superior Court Judge in Connecticut (Criminal) so that he may go through such provide documents to his Lawyer etc.. To date, The Defendants, Prison officials have denied the Plaintiff ACCESS at All to these Legal case files. The defendants further advised the plaintiff he could only get access to his 10 boxes twice a month... This hardly is Adequate ACCESS to his Legal case files, especially in light of the strict limitation inside his cell of 1 cubic foot of legal materials... In "CT" plaintiff had 5 BOXES.

STEVEN STrom and Connecticut Prison officials to immediately resolve this matter... the Plaintiff also gave the Court Attorney Patricia Coyne-Fague name and telephone number so that the problems would be resolved.. it have not been resolved to date.

The CT-Superior Judge reschedule the Next hearing for June 23, 2005.. He also stated he would get Interstate Subpoena for the Rhode Island DOC defendant(s), the "CT-Superior Judge" Also have requested that the Plaintiff be "temporary brought back to Connecticut.. until the Criminal trials matters are over.. because of the "Situation" with the Legal Case files, as well the Plaintiff's inability to contact his attorney(s); and his Attorney(s) representations (at the time) that Rhode Island was too far for him to "travel" to see the Plaintiff..etc.(burden on his Legal Practice)

Accordingly, the defendants' Counsel and the defendant Wall's representations to this Honorable Court are "untruthful".. and deliberately misleading... for this reason the Temporary Injunction Relief Motions should be granted.

The defendants' Next Claims or Submits to this Honorable Court that no staff at the Rhode Island Department of Corrections have engaged in any harassment or retaliation against

the Plaintiff for his exercise of constitutionally protected Rights.. Defendant WALL, further Claims that such will not be tolerated, as it is a violation of the Department's code of Ethics and Conduct... Again, the defendant WALL, nor the Prison officials have provided a sworn Affidavits to support this statement MADE to the Court.. and More importantly to contradict the Affidavit filed by the Plaintiff and the Complaint itself. The "hundreds" of pages of documents the defendants posses will Also cast doubt on the defendants Claims that the Plaintiff is not being harassed, threaten, Intimidated, Retaliated against and Punished by the defendants, at the High Security Facility, Currently and on-going.

Defendant Wall also mentioned that if any such inappropriate conduct should be reported to the Department's office of Inspection (internal Affairs) for investigation... the Plaintiff have infact done so numberous times.. and the harassment, Retaliation, intimidation, threats have not stopped todate. on MAY 27, 2005, MAY 23, 2005, MAY 10, 2005 the plaintiff wrote to the Chief Inspector Alan. Alderidge and Director WALL requesting that they visit the "High Security Facility," Conduct Investigations into All the Plaintiff's Claims and Interview

STAFF and inmate(s) witness(es).. to stop these misconduct(s).. To date, this have not been done. The Plaintiff Submits that he is not the only one that is "subjected" to this inappropriate Conduct -- but it is the "Policy and Custom" of the STAFF and Superior officers at the High Security Facility and throughout "RIDOC".. to harass, threaten, give false disciplinary reports, Retaliate, Punish inmates because they excerised their Constitutionally protected Rights. Infact, on or About MAY 28, 2005 in the Protective Custody Unit, an inmate, WAS so tired of STAFF and Superior officers "harassment" and "Retaliation" and intimidation/threats of him that he swolled a broken RAZOR (piece) or threaten to do so.. to get the Adminstration to stop the misconducts, Certainly defendant(s) Walls is aware of these Claims and other inmates Claims similar to the Plaintiff's Claims... The Defendant(s) have failed to adequately and fully investigate these matters, but rather they attempt to "Cover-up" the facts or refer the matter back to the very same Prison officials that are engaging in the harassment, Retaliation, threats, "Set ups" etc...

The Plaintiff submits that based upon his experience as an ex-Correctional officer, the RIDOC

System is the worst and most dangerous for inmates because there lacks direct Supervision of the Correctional officers, the "Deputy Warden" and "Warden" of the High Security Facility have other tasks and apparent duties..ie running other facilities simultaneously they can not provide Adequate Supervision of the Staff and Superior officers. More importantly, their lack of presence in the Facility and taking such matters Seriously is the continued cause of the Plaintiff's continually being harassed, Retaliated, threaten and Punished. If the Correctional officers and Superior officers actions are Seriously investigated and acted upon the Plaintiff's life would not be in danger... this has not been done; and Moreover, defendant Wall have not indicated to this Honorable Court that he would immediately do so, or he have personally toured the Facility to Advise all Staff and Superior officers at the High Security Facility that harassment, Retaliation, threats, petty write-ups, of the Plaintiff will not be tolerated; Nor have he indicated to this Honorable Court that he have, in light of this motion, etc.. directly the Chief Inspector to conduct a full investigation into the Plaintiff's Claims; Because, defendant Wall have failed to set forth

what specific steps he have taken, as was ordered to do so by this Honorable Court-- the Plaintiff's Motion(s) for Temporary Injunctive Relief should be granted...to ensure the plaintiff's "well being," "safety" from being seriously Assaulted by staff, "set up", harassed etc...

Defendant Wall, next claims that the plaintiff can not meet the test of likelihood of success on the merits for his claim that he should be returned to Connecticut.. Defendant Wall claims that the plaintiff can not point to any set of facts that prove this his incarceration in Rhode Island is unconstitutional--- the plaintiff dissagrees.. the defendant Wall also failed to provide any Affidavit(s) to support his claims.

Although the defendants attempts to "confuse" the claims as presented by the plaintiff in this case, it is well established that if a prisoner is transferred for excerising his own right to access to the Court, or for assisting others in exercising their rights of access to the courts he has a claim under § 1983; see <u>Higgason v. Farley, 83 F.3d 807</u> (7th cir. 1996); Retaliation against inmate for exercising his or her constitutional Rights violates the Constitution. see <u>Smith v. Campbell</u>, 250 F.3d. 1032 (6th cir 2001); <u>Thaddeus -X v. Blatter</u>, 110 F.3d 1233 (6th cir. 1997)

Contrary, to the defendants' claims

this matter is about whether or not the Plaintiff was transferred to Rhode Island in retaliation for him excerising his Legal Rights; It's not about whether or not the Plaintiff could be housed in a particular facility within a state... or even out-of-state... (Albeit, the Plaintiff disagree with the defendants position on this matter.. and will present facts in his case that is quite different from the defendants' Argument-

Insuppport of the likelihood of Success on the "Retaliatory transfer" the Plaintiff points to the following fact(s) (1) He was housed in Connecticut DOC - at Cheshire CI (Protective Custody) Since (2001) without any incident(s); (2) He choose not to settled a Federal Lawsuit with the CT Doc prison officials.. that included placing him in a halfway house on or about August 23, 2005; (3) the Plaintiff filed three Lawsuits against the CT DOC just prior to the transfer; (4) a decline of inmates in CT DOC System have Allowed 500 inmates that were housed out of STATE to be returned to Connecticut Facilities, inaddition to Public out cry about Sending Connecticut inmates to out of STATE Facilities; (5) The Plaintiff although an ex-correctional officer (CTDOC) was the only one transferred out.. out of approximately Seven other exCorrectional officers, ex-Policemen and

ex Law enforcement inmates at the Cheshire CI, Protective Custody Unit; Additionally with the exception of one ex-Correctional officer, the Plaintiff had the least amount of time to serve before going home or being eligible for Halfway House placement or parole..(2005);(6) the Plaintiff have not received a disciplinary infraction since "1996", the Plaintiff have been incarcerated since 1995;(7) Currently, in the Protective Custody unit, there are over 50 inmates with substantial amount of time 10,15, 20, 40, 60 years to serve, that are awaiting to be transferred out of STATE, however CT prison officials "all of a sudden" transferred the Plaintiff;(8) At the time there were plenty of open bed space in the Protective Custody unit; (9) The transfer of the Plaintiff served no penological interests, the CT DOC, have spent more money bringing the plaintiff back and forth to Court from Rhode Island then ever before.. The plaintiff submits that for all the above reason(s) it is likely that he will be successful on the merits of this Claim.

The plaintiff submits that because the defendant(s)' Counsel opted not to present any Argument(s) as to why the Plaintiff did not meet the remaining elements: (2) the potential for irreparable injury; (3) the relevant balance of hardships if the restrainer does or does not issue; (4) and the effect on the

public interest of a grant or denial of Motion ... the Court should consider that such arguments are "waived." Nevertheless, the Plaintiff does meet all element(s) to allow this Honorable Court to grant these temporary Injunction Motions.. to recap briefly, the Plaintiff's life is in fact in danger; and the defendants, especially at the "High Security Facility" will not stop until they succeed in "beating the Plaintiff", having him "set-up", seriously Assaulted, placed in Segregation, where they could hold him incommunicado, "harass", "retaliate", "threaten" even more; the plaintiff also fear the defendants and prison officials of the Rhode Island DOC, (High Security) will set him up, by "lying" or "planting a weapon in his cell." or otherwise -- cause the plaintiff to receive additional "out-side charges in Rhode Island.-- the lack of direct supervision and the ability thus far for defendant A.T. Wall to stop these threats, harassment, Retaliatory Acts of the Plaintiff thus far; and the fact defendant A.T. Wall failed to setforth "additional" protective measures he have taken to ensure the Plaintiff's safety while in Rhode Island DOC custody is sufficient grounds for this Honorable Court to grant the plaintiff's request to be transferred

immediately back to Cheshire CI, Connecticut Dept. of Corrections -- "Protective Custody unit"; "status quo" prior to March 9, 2005 (time when the plaintiff was transferred to Rhode Island Doc); Along with all of his Legal case files and property.[4]

B. MAY 9, 2005 Motion

Defendant A.T. Wall argues that the plaintiff has been moved from general population to protective custody ... effectively rendering the Plaintiff's April 8, 2005 Motion "Moot" .. this is not actually true. In a letter to the Plaintiff dated April 28, 2005 Warden James weeden of the High Security Facility, advised the Plaintiff that his placement in protective Custody has not been approved by Assistant Director Jake Gadsden.. thus there is a possibility the plaintiff would be forced into general population again. The defendant(s), although the Could have provided an "affidavit" to the

---

4 IF this Honorable court orders that the plaintiff be immediately returned to Connecticut, status quo (to prior to March 9, 2005), All other Motions, and Concerns will become "moot". The plaintiff's life, or welfare would no longer be in the hands of the Rhode Island Department of Correction. The plaintiff's concerns will be Adequately addressed. In that, he knows that Nothing will happen to him in Connecticut Custody.

to clearify this matter -- but have not done so. The plaintiff neither have received any response from Assistant Director JAKE Gadsden stating that he has approved the plaintiff to be in Protective Custody, to date. Accordingly, the issue is not actually moot at this point, indeed the defendant's Attorney Could and Should provide an 'affidavit' to this regard from defendant(s) Gadsden or A.T. Wall and the issue will be moot, not until then.

As To the MAY 4, 2005 Motion for InJunctive Relief, Defendant Wall argues that the only relief the plaintiff seeks is to be sent back to Connecticut; and because of this request defendant Wall attempts to put an underlying factor to this matter, to somewhat suggest that the only thing the plaintiff wants is to be sent back to "Connecticut". However, the defendants Argument(s) and perception is misplaced. The Plaintiff requests to be ordered sent back to "Connecticut" because this is the simple, Address All, solution to All the Plaintiff's pending motions for temporary InJunctive relief; and would not adversely effect the defendant(s) what so ever. MAKE no misstake the plaintiff does wish to be returned back

to Connecticut immediately; but the reasons therefore are very different from the defendants' perception...(1) The plaintiff's want the harassment, retaliation, threats, intimidation, "Set-ups" efforts, petty write ups, etc.. of him by the Rhode Island Doc to CEASE; because the Administration at the High Security Facility and RIDOC have not taken this matter seriously.. the plaintiff is still facing all the above misconducts and things have been "escalating". (See Letters to Chief Inspector, Director A.T. Wall and others Attached hereto);(2) The plaintiff after being incarcerated for the past 10½ years.. and within months of being released back into society.. needs to be in Connecticut, whereas he could re-establish family ties, community ties, stay abreast to "Current events" in Connecticut and his Community, prepare for and seek employment arrangement(s), be able to telephonically call agencies, people that will assist him in successfully re-entering society... Connecticut Dept. of Correction at Cheshire CI "protective Custody unit".. the plaintiff could get this done... However, it can not be done from Rhode Island Doc..;(3) The plaintiff's mother is terminally ill with Colon Cancer, she worries herself to death about the plaintiff safety in Rhode Island DOC, and she have already been one

situation inwhich the plaintiff was seriously Assaulted etc-- by prison officials. in "1996"; furthermore, she is too ill to travel to Rhode Island DOC, writing causes her pain in her hands from Kemo treatment, and telephone calls from Rhode Island DOC to his mother costs approximately $18.00 per call, to which she can not afford to pay on a fixed income; while in Connecticut, the plaintiff could call his mother three times a week or so for under $8.00; Additionally the plaintiff's mother could be brought a short distance to Cheshire CI to visit the plaintiff on a day when she feels better than normal; there is a very real possibility that the plaintiff's mother may pass away very soon-- thus, "anytime" or "communications" with her are irreparable; (4) The plaintiff's chance(s) and opportunities for early release, halfway house placement is being hampered as a result of him being in Rhode Island DOC, likewise his parole chances are greatly "diminished"-- as a result of him not being able to re-establish family, friend and community ties-- that will speak on his behalf at any opportunity for early release, halfway house placement etc..; (5) The plaintiff have already had several Adverse legal decisions go against him as a result of the "Rhode Island DOC" policies, customs and inappropriate acts of the defendants

and staff of the Rhode Island DOC, to include having two matters dismissed as a result of denial to the plaintiff's Legal case files and Access to the Court(s); If the plaintiff remains in Rhode Island-Doc he will lose several more of his pending legal matters, have adverse rulings rendered against him, among other things, especially if this Honorable Court ~~[illegible]~~ do not order that the plaintiff shall have adequate access to his Legal case files, be allowed to make direct telephone calls to his 'community', outside help, his attorney(s) and the Court(s) Pro se officer etc.. All of which he could get in Connecticut-Doc. (6) Adequate rehabilitation programs, information for Connecticut inmates preparing to be released into the Community (CT); vocational training, Religious services and Educational services... None of which the plaintiff is getting at the High Security facility "Protective Custody Unit".[5] The plaintiff is being denied all the benefits and privileges by the defendants in which he is entitled to under Rhode Island DOC as Category "A"

[5] Defendant's Attorney argues to this Honorable Court that within a month a number of programs, Rehabilitative, educational, Anger management, life skills programs and a therapeutic Art program will be started, however again there is no Affidavit(s) to support this; Moreover, the defendants have been saying these very same words for the past year or so and no programs have started yet. Indeed, Deputy Warden Cullins from the High Security Facility inform the plaintiff such programs would be going on before the end of May, 2005. Now it's June, 2005... Additionally, theres no Drug programs being offered or initiate, AA, NA etc.. Perhaps, the court could order it to begin within one month all the programs.. the ~~defendants~~ should not have any objection to this.

ie.. Adequate outside recreation; "weight lifting" opportunities, vocational training, cardiac excerise machines, pool tables etc.. All the above is authorized and Required by the Defendants on policies and procedures.. Protective Custody Inmates are considered Category "A" inmates to which they are entitled to All the above, without a doubt.. like all other Category A inmates in the "ACI" RIDOC are entitled to.. The defendants todate have not provided such.. thus the Plaintiff respectfully requests this Honorable Court do not take the defendant's counsel Argument(s) as factual.. but rather require sworn Affidavits, documentation and evidence for an adequate record... and to ensure the facts.

The defendant(s) also attempts to mislead the Court as to the Religious services being available to the Plaintiff.. by stating that religious services are available to protective custody inmates --(MOL at page 6)-- The Plaintiff have been denied religious services and the ability to practice his faith inwhich is "Baptist" or "protestant".. the very basic, fundamental Right to practice his faith.. and can not do it, because there's No Protestant services in the entire "High Security Facility".. The Plaintiff have filed grievance(s) about this and the matter still have not been resolved. The defendant(s) counsel's representations are misleading.

Defendant WALL claims that the plaintiff's claims of "unsafe living" conditions, poor ventilation, bad plumbing, NO smoke detectors in the cells, No fire sprinklers in the cell or housing units, Ant invefestation in the cells and unit, faulty wires, inadequate TV reception wiring, etc.. are no more than conclusory allegations... the plaintiff begs the differ. These are not conclusory allegations.. but actual fact(s) and could be and will be proven at trial. Moreover, the defendant(s) could simply provide this Honorable Court with "Affidavits" contradicting these fact(s) as made by the plaintiff, but have not done so. The plaintiff's claims are also supported by the inmates that are housed in the protective custody unit.. The plaintiff respectfully submits to the court that the protective custody housing unit at the High Security Facility is an unsafe, hazardous living conditions.. without questions. These are easily proven fact(s).

Defendant Wall, attempts to argue to the Court that there are no constitutional rights to rehabilatative programs... Clearly, defendant Wall is well aware that the "Consent degree" that the RIDOC and STATE of RHODE ISLAND entered into that requires rehabilation programs for all inmates MORRIS Rules; see Morris v. Travisono et al seq. 499 F.Supp 149 (1980)

The Plaintiff furthermore have approximately $1200.00 dollars of Personal Property, Educational Books etc... to which the defendant Wall is depriving him of... Simply because they claim they don't sell such at their facility"... The plaintiff have Gameboy and video games, CD player with CDs, Cassette player with Cassettes, Language tapes, all of which are a part of the Plaintiff's life, future etc.. the plaintiff currently write, music, create songs, raps etc... to which requires the items in his personal property... to get better at his 'professsion'... to which he hopes to be prepared so that he could make it successful and be gainfully employed at some point in the near future.. He is being deprived of this as well... these are the closest he have to "computers," and staying updated in "Music" and "Clothing" industry.. The defendants thus far have refused to allow the plaintiff to have and use his own personal belongings as punishment.

The defendant Wall, also have "understaff" the "High Security Facility" thus creating but another MAJOR Problem... the Plaintiff is being denied adequate medical care, dental care and mental Health care.. to which has not been corrected todate. Defendant Wall also indicated that he never heard of a Facility that have "emergency medical" buttons inside the cells (Def. MoL PAGE 5 Footnote 3).. Well he don't have to look far Connecticut DOC Prison System has them inside the cells--

and at Facilities where there are No emergency Medical Buttons inside each Cell... Staff is required to be located inside the housing unit.. in hearing and seeing range; unlike, the manner inwhich the High Security Facility practices.. where staff sits in a "Sealed" Control bubble for the majority of the day, whereby they can not hear if an inmate is having a medical emergency or not. Indeed, the plaintiff is aware of an inmate dying at this facility because of this and inadequate medical care.

In Conclusion, the plaintiff respectfully submits to this Honorable Court that the Defendant Wall and other prison officials todate have not adequately investigated and stopped RIDOC employees and Superior officers from harassing, retaliating, attempting to "set up" the plaintiff, threaten, etc.. And the Court order Defendant Wall, to setforth steps inwhich he have taken "directly" to ensure the plaintiff's "safety" and to stop all forms of harassment and retaliatory Acts.. but he failed to take any further steps.. despite the fact he being advised the harassment is continualling and ESCALATING. For these reason as setforth herein and in the Motions for temporary Injunction Relief.. the plaintiff respectfully requests this Honorable Court grants the plaintiff's request

to be immediately returned to Connecticut Custody at Cheshire CI, protective Custody Unit (STATUS quo, to prior to March 9, 2005). This order would 'address' single handed the plaintiff's concerns for his safety, and relates matters.[6] If this Honorable Court is not so inclined to order the plaintiff returned to Connecticut.. the plaintiff respectfully requests that the Court issue the appropriate orders to defendant WALL and all employees of the "RIDOC" to Cease immediately all efforts, to harass, retaliate, intimidate the Plaintiff and anyone found to engage in such shall be held in Contempt of Court; As well the Plaintiff respectfully requests the court order the Defendant to provide the plaintiff with Adequate ACCESS to his Legal case files, direct telephone calls to individuals that are assisting him in preparing for re-entry into society, and provide Programs, Religious Services protestant or Baptist for the plaintiff and Adequate Medical care and Dental care ...The plaintiff also request the court direct the defendant Wall to provide the protective custody inmates with Adequate, safe and healthy living conditions with proper ventilation etc.. (See Attached documents in support of)

Wherefore it is so moved

[signature]
Thaddeus Taylor #128275
ACI - HSC
P.O. Box 8200
Cranston, RI 02920

Oral Argument requested
Testimony Required

# Certificate of Service

I certify that a Copy of this Reply and attached documents were mailed to the defendant's Counsel, Attorney Patricia A. Coyn-Fague, Chief Legal Counsel, RIDOC 40 Howard Ave, Cranston, RI 02920 on this 31th day of May 2005 "postage prepaid" placed in the Legal Mail Box at (High Security Faculty)

PROSE
Thaddeus Taylor
ACI-HSC
P.O. Box 8200
Cranston, RI 02920

---

6 The Plaintiff have enclosed some of the hundreds of correspondence(s) to/from Defendant A.T. Wall, Chief Inspector's office, Administrators at the High Security and throughout RIDOC; as well to Commissioner Theresa Lantz CTDOC and Administrators within CTDOC... todate, neither the defendant AT Wall or the Chief Inspectors office have conducted an adequate investigation into these matters in which involves approximately 40 incidents of harassment, Retaliation from approximately 22 employees at the High Security Facility and RIDOC.. The inappropriate conduct of staff and superior officers are ongoing to this date, and they are escalating, the Plaintiff have been threaten, Attempted "set ups," harassed and retaliated against and None of the Administrators, including Defendant A.T. Wall appears to be able to control their staff and superior officers within the High Security facility.. Inspector Langolis told the plaintiff that his office normally deals with more serious issues such as staff bringing in Drugs into the facility, the Plaintiff advised him that these matters are "serious" and escalating.. there after, thing escalated and no further investigation have been conducted that the Plaintiff is aware of.. and certainly the harassment, 23 — Retaliation, etc. has not stopped. The staff simply are very resentful towards the Plaintiff for filing Lawsuits; Taylor v. RIDOC, et al; 3:05CV747(DJS)(USDC CT)