UNITED STATES DISTRICT COURT
District of Rhode Island

THADDEUS Taylor, Plaintiff, : CASE No. C.A. 05-118T

v. :

A.T. WALL, Director, Rhode Island Department of Corrections; Thersa Lantz, Commissioner, Connecticut Department of Corrections, etal Defendants :

June 9, 2005

PLAINTIFF'S MOTION FOR COURT ORDER TO TEMPORARY DECLARE THAT THE PLAINTIFF'S LIVING CONDITIONS AT HIGH SECURITY FACILITY ARE "UNSAFE; HAZARDOUS"

The Plaintiff Thaddeus Taylor, in his Pro se capacity, in the above captioned matter respectfully moves this Honorable Court for Temporary Injunctive relief and Declaratory relief against the defendants (Rhode Island - Department of Corrections) prohibiting them from housing the Plaintiff and/or any inmate in the "High Security Facility" or any other Facility within Rhode Island Department of Corrections or eslewhere that does not have a "Fire Safety Sprinkler Systems" in all housing units and commonly used Areas by staff or inmates; The Plaintiff respectfully moves the Court to Also issue a temporary Injunction order prohibiting the defendants from housing the Plaintiff and/or any other inmate from the "High Security Facility" in a cell where there are no smoke detectors and Fire Safely water Sprinkler Systems.

The Plaintiff respectfully moves this Honorable

Court to issue a "declaratory Order" (temporary) stating that the defendant's actions to house the Plaintiff and/or Any inmate in a Facility that does not have "operating" Fire safety Sprinkler Systems throughout the "housing units" and Commonly used areas of the Facility by inmates and staff.. creates an "unduly risk of harm", and "unconstitutional" under Federal Law. Likewise, the Plaintiff respectfully Moves this Honorable Court to declare the defendants Failure to install Smoke detectors inside each inmate Cell and All Areas of the Facility.. Connected to a Central Fire Alarm Monitoring System Subjects the Plaintiff to "unduly risk of harm, and unconstitutional"

InSupport of this Motion For "Temporary InJunctive Relief" the Plaintiff submits that there Are NO fire Safety Sprinkler Systems in the housing Unit(s) or throughout the "Facility"... as well there Are NO Smoke detectors in the Cells, and as required by Law... Moreover, "High Security Facility" is regularily under staffed, there's inadequate training of Staff and Supervisors for fire Safety, lack of fire drills and Proper training, and Poor ventilation Systems, Poor maintenance on doors and locks among other things... all of which Creates a "death trap" for the Plaintiff and inmates.. as well as Staff.. the entire Facility creates an unduly Risk of harm to the Plaintiff's welfare.. and other inmates... to which the defendants have failed to address and Correct.

In addition to the Above fact(s), the Plaintiff Submits that there Are many mentally ill inmates that Are not being properly treated for at the "High Security"

therefore, there's a real possibility that a "fire" could be started accidentally or intentionally at the "High Security Facility" .. subjecting the Plaintiff and others to unduly risk of harm, which amounts to cruel and unusual punishment.

The Plaintiff Thaddeus Taylor also submits that he too is a Connecticut resident, and Connecticut inmate to which the provisions of the "Contractual Agreement" inwhich he was transferred to Rhode Island requires that he be housed in a "safe", secure and suitable facility similar to that of Connecticut Department of Corrections Facilities, ind which has fire safety sprinkler systems inside inmates cells, and throughout each Facility .. as well smoke detectors... Connecticut Department of Corrections additionally provides adequate training for staff for fire-safety, posted a staff inside the housing unit itself 24 hours 7 days a week.. to allow staff to see, smell, or hear inmates cry for help, fire, etc. and to respond quickly.. unlike the Rhode Island Department of Corrections.

For all the above reasons this motion should be granted and the appropriate orders issued to ensure the Plaintiff is not subjected to unduly risk of harm, "fire" while in Rhode Island DOC custody.[1]

ORAL Argument Requested
Testimony Requested.

Respectfully Submitted,
[signature] pro se
Thaddeus Taylor #128275
ACI HSC
P.O. Box 8200
Cranston RI 02920

Certificate of Service

I certify that a copy of this motion was sent to Attorney Patricia A. Coyne Fague, Office of Legal Counsel, RIDOC, 40 Howard Ave, Cranston, RI 02920 on this 9th day of June 2005

[signature] pro se
Thaddeus Taylor 128275

[1] The Plaintiff respectfully moves the Court for permission to file this motion as submitted, in that he is currently in "segregation" by the defendant(s) and being denied access to his legal case files, legal books, telephone calls to his attorney(s) and adequate access to the court(s)... in retaliation for filing this lawsuit and exercising his constitutional rights.