UNITED STATE DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR : CASE No. C.A. 05-118T

v. :

Connecticut Department of Correction; Rhode Island Department of Corrections, A.T. WALL, et al :

June 15, 2005

MOTION FOR PROTECTIVE ORDER; AND INJUNCTIVE RELIEF PROHIBITING THE DEFENDANT(S) FROM RETALIATING AGAINST Plaintiff

The Plaintiff Thaddeus Taylor, in his Pro Se capacity, in the Above captioned case respectfully moves this Honorable Court for Protective ORDER(S) AND INJunctive RELIEF Against [The Defendant(s)] A.T. WALL, Warden Weeden High Security, Deputy Warden Collins, LT. Galligan, LT Doyle, LT Getter, Captain Anderson, Captain Headen and LT Avila, and All Employees of the Rhode Island Dept. of Correction (John Does as named); Prohibiting them from "Retaliating against" the Plaintiff by placing him in "SEGregation" indefinitely on "false" disciplinary Report(s); and his efforts to Adequately litigating this case... The Plaintiff respectfully Submitts that Since May 28, 2005 he have received three disciplinary reports by the defendant(s) that were false and/or "Retaliatory"... design to keep the plaintiff in segregation indefinitely, without due process

to include allowing the SAme individuals that wrote or (in concert wrote) the "bookings" (disciplinary reports) to Also Sit as the "hearing officer" - as well denying the Plaintiff the right to CAll witnesses, present evidence and have an "impartial" and "un bias" hearing officer (This is the defendant's "Custom and Policy" to retaliate against Inmates that excerise their Constitutional Rights)[1]

defendant T. Galligan, Captain Anderson, Deputy warden Collins, warden Weeden and A.T. wall have Conspired to Place the plaintiff in "Segregation"; depriving him of the Ability to Contact his Attorney(s), contact his family member(s) (in Connecticut), outside help, and depriving him of stamps, envelopes, paper to Adequately Litigate his pending matter(s) in Cluding the instant Matter.

Wherefore it is so Moved.

Respectfully Submitted

[signature], prose

Thaddeus Taylor #128275

ACI - HSC

P.O. BOX 8200

CRANSTON RI 02920

ORAL Argument
TESTIMONY Required

Certificate of Service

I Certify that a Copy of this Motion was Mailed to Attorney PATRICIA A. Coyne-Fague, 40 Howard Ave, Cranston, RI 02920 on this 15th day June, 2005.

[signature]

Thaddeus Taylor

1 The Plaintiff have been incarcerated in Connecticut and elsewhere for the PAST 10½ years. the Last disciplinary report he received was in "1996".. The instant disciplinary reports are a result of the defendant(s), High Security Facility, efforts to Retaliate, and punish the Plaintiff for excerising his legal Rights.. and to hold the Plaintiff in Segregation where as they Could steal his U.S. — 2 — MAIL, tamper with Such and hold him incommunicado; and prevent him from Litigating this matter

United States District Court
District of RHODE ISLAND

THADDEUS TAYLOR : CASE No. C.A. 05-118T

v. :

Connecticut Department of Correction;
Rhode Island Department of Correction;
A.T. WALL, et. Als

June 15, 2005

MEMORANDUM IN Support of PLAintiff's MOTION(S) FOR Protective ORDER AND INJunctive RELIEF PROHibiting THE DEFENDANT(S) From RETAlIAting (Segregation)

The Plaintiff Thaddeus Taylor, in his prose capacity, in the Above captioned case, submits this memorandum in support of his Motion For Protective ORDER And INJunctive RElief Prohibiting the defendants, and their representatives At the "High SECurity Facility" (RIDOC) Prohibiting them from "Retaliating" against him, Interferring with his "work Productivity" ... threating, harassing, setups and placing the plaintiff in "Segregation" as punishment for him filing "formal complaints", and this lawsuit against them. Wherefore the Injunction Motion should be granted.

I. Introduction

The Plaintiff Thaddeus Taylor, have filed the instant Lawsuit against the defendant(s) CA. 05-118T and a second lawsuit against the defendant(s) in Connecticut. US District Court TAYLOR v. RIDOC, et al 3:05CV747 (DJS) since his Arrival in Rhode Island. The defendant(s) have repeatedly harassed, set-up, threaten, Retaliate, and intimidated the plaintiff they now have placed him in "Segregation" June 6, 2005

without providing him due process -- and on June 15, 2005 issued him another disciplinary report because he was "litigating" the instant matter -- and complying with requirements of a 1983 action. The Plaintiff was scheduled for Release on June 23, 2005; the defendants plan is to give the Plaintiff an additional 30 days in "Segregation" and so on -- This is the "policy and their Custom" at RIDOC several inmates in "Segregation" witness this fact. The Plaintiff is in fear that soon the defendant(s) will Assault, Kill, or have another inmate Assault him in Segregation -- there are no security camera(s).

II: Standard

(1) likelihood for success on merits; (2) the potential for irreparable injury; (3) the relevant balance of hardship if restrainer is or is not issued; (4) the effect on the public interests of a grant or denial of motion(s) see Narragansett Indian Tribe v. Guilbert, 934 F.2d 4,5 (1st Cir 1991)

Because the Plaintiff's life is in danger, and the defendant(s) misconducts have steadily escalated and escalating -- and the Plaintiff was removed from the protective custody unit -- where cameras were present -- as well he is unable to access the Court, and false "bookings" will infact prevent him from going on "Parole" or Halfway House consideration in August of 2005 and Parole Hearing September 2005 -- he will suffer irreparable harm -- especially if he can't litigate such in Court adequately. The Plaintiff meets these Standards.

## III LEGAL Argument

The defendant(s) Are very resentful towards the Plaintiff because he has filed this Lawsuit against them and a second one in Connecticut Court(s) .. as well as formal Complaints.. Currently, Pending is the Plaintiff's March 23, 2005 and May 9, 2005 Motions for temporary InJunction orders .. to which this Honorable Court has ordered the defendant A.T. WALL (Director) to respond to.. Despite, All of this the defendant(s) Misconducts and Retaliation, harassment, have Continued and Have not been Stopped or Properly investigated. rather they are escalating. The Court should Now take Appropriate steps to Stop such, inlight of the fact Defendant A.T. WALL have not.

## IV Conclusion

Because these matter(s) Are "Serious", the Plaintiff's life is in danger, and the defendant(s) Continued to engage in illegal and inappropriate Conduct the Court should grant The Plaintiff's Motion and Sought relief... order the Plaintiff back in "Protective Custody unit".. and Prohibit the defendant(s) from "harming" setting up, Retaliating, threating, harassing, Punishing or Placing in "Segregation" of the Plaintiff without notice to the Court of the Plaintiff setforth the reason(s)...no emergency OR Alternatively, temporary order the Plaintiff back to Connecticut Custody (Status quo).

Respectfully Submitted

[signature]

Thaddeus Taylor pro se

ACI-HSC
P.O. Box 8200
Cranston, RI 02920

Certificate of Service

I certify that a Copy of this Memorandum of Law insupport of Motion For protective order and Temporary Injunction Relief(s) was sent to Attorney Patricia A. Coyne-Fague, 40 Howard Ave, Cranston, RI 02920 on this 15th day of June 2005.

[signature]
Thaddeus Taylor pro se