Original

UNITED STATES DISTRICT Court
District of Rhode Island

THADDEUS Taylor,
Plaintiff,
v.
Connecticut Dept. of Correction; Rhode Island Dept. of Corrections, et al.;
Defendants.

: CASE NO. C.A. 05 - 118 T

: June 23, 2005

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE BY MAGISTRATE JUDGE 6/16/05

Pursuant to this Honorable Court's order directing the Plaintiff Thaddeus Taylor, prose capacity to show cause as to why the court should not dismiss with prejudice this lawsuit under 28 U.S.C. § 1915(e)(2)(A) .. as a result of the magistrate Judge's sua sponte allegation the prose plaintiff "intentionally misrepresented his financial ability to the Court to avoid the payment of Court fees and the cost of service of process" order to show cause dated June 16, 2005. The plaintiff respectfully submit to the Court that he did not intentionally misrepresent his financial ability to this Court.. The instant matter was filed with the Court on or about April 15, 2005, however the plaintiff filed Temporary Injunction order on or about March 23, 2005 .. Application to proceed "IFP" was filed on or about this time.[1] At the time when the plaintiff submitted his "IFP" Application he had little or No Funds in his inmate Account that he was aware of .. Prior to his transfer to Rhode Island Department of Correction the plaintiff had little or NO

[1] Because the Defendant(s) A.T. Wall and RIDOC is depriving the plaintiff of adequate access to his legal case files, he is unable to state precisely.

Funds in his inmate account at Connecticut Dept. of Corrections... Although, the plaintiff do not want to be accused[2] by the Court again about being untruthful about this matter.. he can represent that he had less than five dollars or so. On or about April 2, 2005 the plaintiff found out that his mother had sent him a hundred dollars (100.00) to by stamps, envelopes, paper and things he immediately needed as a result of his sudden transfer to Rhode Island (including "food items", however purchasing of food items etc.. was used to "make friends with other inmates, if you will and to try to ensure the plaintiff's "safety" while in general population RIDOC.. giving an inmate a bag of "potatoe chips" will go a long way.. the plaintiff being an ex-correctional officer learned this and it was necessary for his safety as he have done for the past 10 years or so of his incarceration).. His mother sent him another $20.00 for his birthday on or about April 7, 2005.. (Although, prison records may reflect an earlier date of money transactions inmates within RIDOC are not immediately notified of such.. for about 2 weeks.. You may or may not receive a receipt for such)..

Connecticut Department of Corrections transferred to the plaintiff on or about April 4, 2005 (the plaintiff was aware) $21.70 this money was a surprise to the plaintiff.. but it apparently was a portion of inmate pay from Connecticut DOC to the plaintiff. From approximately April 26, 2005 thru May 23, 2005 or there about the plaintiff was unaware he had any money in his inmate account.. However, because the plaintiff was transferred as a "retaliatory transfer" by CT-DOC to Rhode Island.. the plaintiff in great part.. decided to seek settlement and did settle a civil lawsuit that stemmed from "1998" with the Federal Bureau of Prisons - Dept of Justice.. in the amount of $5000.00, to which the plaintiff used and intended to use to litigate his transfer to Rhode Island.. and other pending legal matters costs; as well he was/is in "debt," for various reasons.. legal costs etc.. CT DOC received $1200.00 (approx); $500. for outside help.. and another $250 to pay & assist in telephone bills family etc..

[2] The plaintiff feels it is unfair for the Magistrate Judge to accuse him of intentionally misrepresenting or lying to the Court.. and order subsequent proceedings.. as well decide wether or not to dismiss this lawsuit; but failed to order or conduct any subsequent proceedings and/or hearing when the plaintiff advised the Court and provided documented evidence that defendant A.T. Wall and his attorney Patricia A. Coyne-Fague lied to the court and intentionally mislead the Court, with regard's to temporary injunction motions Defendants harassment, threats, retaliation against plaintiff.. the Court did not require to date affidavit or otherwise.. unlike this incident.

-2-

The plaintiff did not mislead the court about his "financial ability" to pay court fees and waiver of service(s) or services fees – at the time he filed his IFP Application. Moreover, the plaintiff did sign a "prisoner Authorization form" in which clearly stated and he agreed to as a condition of this suit – he would pay $250.00 filing fees "regardless" – in full or by payment(s) – until it was paid completely – hardly could it be said he tried to "Avoid" paying filing fees to the court. As for "service" by U.S. marshals – this case have over 35 named defendants in both the state of Connecticut and Rhode Island – to which it self will cost way more money then the plaintiff has to effectuate service in this matter, especially as now apparently is the case – the defendants refuse to accept service in this matter – so the plaintiff still would need assistance from the court for service upon all defendants in this matter – However, it still would be premature for the court to say that the court would not be "reimbursed" later in this matter – if the plaintiff is successfull and the defendants "opted" not to accept service – if the knew they could systematically limited their liabilities simply because the plaintiff was too poor to pay for filing fees, services fees, litigation costs, making 3 copies for each motions to the court, stamps envelopes etc. The court should not allow this type of systematic conduct to occur... in addition to the above, the plaintiff have paid the $250.00 fees and the $51.48 U.S. marshal fees; as well paid fees in the second lawsuit – filed in U.S. District Court (CT) (3:05CV747 (JJS)) (Related) – The plaintiff certainly do not have to be completely without any funds to be granted waiver of service fees and filing fees – in order to file for "IFP" status – indeed certain fees/costs are not 'waivable' such as witness(es) fees/cost for trial to which the plaintiff must pay – and not waivable. The court should not dismiss this matter and order services on behalf of the plaintiff as to all defendants by U.S. marshal at this point.

Oral Argument requested
Testimony Required.

Respectfully submitted,
[signature] pro se
Thaddeus Taylor 128295
ACI-HSC, P.O. Box 8200
Cranston, RI 02920

Certificate of Service

I certify that a copy of this response was mailed to A.T. Wall, counsel attorney Patricia Coyne-Fague, Office of Legal Counsel – RIDOC 40 Howard Ave, Cranston RI 02920 on this 23th day of June 2005.

[signature]