**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THADDEUS TAYLOR,** *pro se,*

**v.** **C.A. No.: 05-118T**

**A.T.WALL,** Director, Rhode Island
Department of Corrections, **RHODE ISLAND**
**DEPARTMENT OF CORRECTIONS, CONNECTICUT**
**DEPARTMENTOF CORRECTIONS, STATE OF**
**CONNECTICUT,** and **TERESA LANTZ, et al.**

**DEFENDANT WALL'S REPLY TO PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

Now comes Defendant A.T. Wall, Director of the Rhode Island Department of Corrections, and, pursuant to the Court's Order to Show Cause, dated June 16, 2005, hereby submits his Reply to Plaintiff's Response to the Court's Order to Show Cause.

**I. The Court's Order**

The Court issued its order after Defendant Wall, in support of a separate motion filed with the Court, submitted to the Court printouts from the Plaintiff's inmate account that showed that the Plaintiff had in excess of $2900. in his account. The Plaintiff, having been previously been granted in forma pauperis (IFP) status by the Court, was then ordered by the Court to show cause "why the instant action should not be dismissed with prejudice since the plaintiff's 'allegation of poverty is untrue.'" See 28 U.S.C. § 1915(e)(2)(A).

**II. The Plaintiff's Response**

The Plaintiff has filed his response, essentially arguing that at the point that he signed his application for IFP status in this case (March 17, 2005) he had no money in his inmate account, and therefore did not intentionally misrepresent his financial assets.

Plaintiff states to the Court that his mother sent him two deposits, one for $100. on or about April 2, 2005, and one for $20., on or about April 7, 2005.

Plaintiff then avers that "because [he] was transferred as a retaliatory transfer by CT-DOC to Rhode Island," he then decided to seek settlement with the Federal Bureau of Prisons for a case dating back to 1998, "to which the Plaintiff used and intended to use to litigate his transfer to Rhode Island." (Plaintiff's response, page 2). This assertion misrepresents the truth, as it is clear that the Plaintiff did not "intend to use" those funds to litigate the case at bar, as he chose instead to spend the funds on other items, as argued below, and did not bring to the Court's attention the fact that he now had sufficient funds to litigate his claims.

Neither is it true that Plaintiff only decided to settle his case after he was transferred to Rhode Island, as the attached documents illustrate that he was engaged in settlement discussions prior to his transfer. For example, in a letter dated March 3, 2005, Plaintiff writes to A.U.S.A. Charles Roberts in which he discusses "the settlement check." He later writes to Roberts to inform him of his new address (RI Dept. of Corrections) and inquire for an "update on the status of the settlement." Also attached is the settlement stipulation, signed by Plaintiff on April 1, 2005, which shows he was aware that he would receive $5000. in settlement. The Defendant submits that Plaintiff was fully aware that he was about to receive a $5000. settlement check even when he filed his application for IFP status with this Court.

In spite of claiming that he intended to use the settlement money to litigate his case before this Court, the Plaintiff also contends that from April 26, 2005 through May 23, 2005 he was "unaware he had any money in his inmate account." (Plaintiff's

response, page 2). However, that assertion is belied by the fact that Plaintiff placed numerous store orders with the inmate commissary, as evidenced by the attached commissary printouts (dated 03-29-05; 04-19-05; 04-26-05; and 05-10-05) in which he purchased candy and other junk food snacks, fruit drinks, soap and stationery supplies. Clearly the Plaintiff knew he had money in his account; he simply chose to spend it on items other than court fees.

Finally, Plaintiff submits that he will need the Court's assistance for service upon the 35 plus defendants in this case, arguing that the defendants refuse to accept service in this matter. The Plaintiff has not complied with Rule 4 of the Federal Rules of Civil Procedure, in that he has sent waiver forms for all 35 defendants to counsel named below, rather than to the defendants themselves, as required by the Rule. The Plaintiff's assertion then that the defendants "refuse" to accept service, is inaccurate, and should not result in service at public expense.

**III. Thaddeus Taylor v. James Dzurenda**

On May 19, 2005, the U.S. District Court for the District of Connecticut found that Plaintiff had knowingly misrepresented his financial status in an application for IFP status with that Court. Plaintiff's case was dismissed without prejudice. (see attached Ruling and Order). The Court found that the "Plaintiff is not a novice litigant and is well-aware of the standards for proceeding in forma pauperis." The Defendant submits that the Plaintiff is once again attempting to misrepresent his financial status so as to have his legal endeavors funded by the public.

**IV. Plaintiff's Connecticut Account**

Within his application for IFP status, Plaintiff submitted in his answer to question #3 that he has not received any money from any of the sources listed (e.g., gifts, payments, etc.) within the last twelve months. Later in answer #3 he states that "time to time family sent money to me in jail over the past year or so." Defendant has attached a printout from Plaintiff's account while he was housed in Connecticut, showing that he did receive deposits in the twelve months prior to his IFP application.

**V. Plaintiff's Misrepresentations to the Court should result in the Sanction of Dismissal**

It has been held that "if the allegation of poverty is no longer true because of a subsequent improvement in the economic status of plaintiff, **it is within the authority of this Court do dismiss the proceeding,** [or] require that the costs of the litigation to date be paid by the plaintiff in lieu of dismissal." *Carter v. U.S.Dist.Ct. S.Dist.Texas*, 452 F.Supp. 939, 942 (1976) [Emphasis added]. The Defendant submits that this Court should choose the former, as the Plaintiff has not been forthcoming with the Court. For example, see Plaintiff's Motion to file One Set of Pleadings, dated June 6, 2005, in which Plaintiff "submits that he is an indigent person," (a misrepresentation, as he had $2915.07 in his account). Indeed, even within his response to the Show Cause Order the Plaintiff has misrepresented the state of his finances, claiming on one hand that he intended to use the $5000. settlement he received to litigate this case (which he did not do), yet claiming on the other hand that he was "unaware" that he had any funds in his account (yet spent in excess of $100. on candy and other items). It is within the Court's inherent power to sanction those who make false representations to it. See Rule 11 (c) of the Federal Rules

of Civil Procedure. The Defendant respectfully submits that this sort of intentional misrepresentation warrants the sanction of dismissal.

Respectfully submitted,
Defendant, by his attorney

Patricia A. Coyne-Fague #5198
Chief Legal Counsel
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-0145
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage pre-paid, to plaintiff Thaddeus Taylor, P.O. Box 8200, Cranston, RI 02920 on this 30th day of June 2005.