Original

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS Taylor : CASE NO. C.A. 05-118T

v. :

Connecticut Dept. of Correction; RHODE ISLAND DEPT of CORRECTIONS, ET. AL, Defendants. : July 5, 2005

PLAINTIFF'S RESPONSE TO DEFENDANT'S WALL REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE by COURT

The Plaintiff THADDEUS TAYLOR, in his pro se capacity, in the Above captioned CASE respectfully files with this Honorable Court his Response to the Defendants' Reply to the PLAintiff's Response to the Court's ORDER To Show CAUSE... inwhich the plaintiff received today. THE Defendants' themselves and their Legal Counsel have infact attempted to "mislead" this Honorable Court by filing copies of the plaintiff's Commissary order forms that depicts the current AVAilable balance-- when the defendants' and their Legal Counsel very well Knows that the Receipt when inmates receive their Commissary does not have the current AVAilable of the inmates' Account printed on them.. Unlike the documents submitted to this Honorable Court by the defendants and their Counsel (Attorney Patricia A. Coyne Fague). The defendants and their Counsel submitted these documents to deliberately mislead the court into thinking, that everytime an inmate (the plaintiff)

receive Commissary.. their Available Account balance is provided to them. This is not the case whatsoever.. The Receipt that inmates receive only states the amount that was "spent".. not the available balance of the inmates' account as the defendants are trying to mislead this Honorable Court into thinking.

Additionally, the defendants' provided the Court with a copy of the Plaintiff's Connecticut DOC inmate account ledger[1]. inwhich clearly depicts that on February 8, 2005 the Plaintiff had "zero" funds in his inmate account, and his final balance as of March 18, 2005 was $21.70 (albeit, the fact the plaintiff was "unaware" of any money being deposited into his inmate account or Inmate pay from CT-DOC). The Plaintiff as stated to this Honorable Court was transferred to RIDOC on March 9, 2005.. and at the time he was transferred had no money in his inmate account to the best of his knowledge. The defendants provides absolutely no evidence contrary to this fact.

Rather they attempt to mislead the Court into thinking other documents some how depicts or prove wrong doing on the Plaintiff's part in this matter.. for example.. they argue that the plaintiff did not intend to use money to fight his "retaliatory transfer" etc.. these claims are ridiculous.. Infact the plaintiff is doing just that; Also the Defendants' counsel claims that she never indicated she would not accept service in this matter and second U.S. District Court matter 3:05 CV 747 (DJS) Taylor v. RIDOC, Etal.. this is a false statement; however if Attorney Patricia A Coyne-Fague and Defendant Wall is representing to this Honorable Court and (U.S. District Courts) that all they want the plaintiff to make approximately 35 copies of the Complaint (in each case) and mail to each individual defendant.. the Plaintiff will certain comply with that request.. and this entire issue of "IFP" status/Application could be deem moot/

And withdrawn; in that the Plaintiff have already requested that the Prison officials forward the entire filing fee; as well the U.S. Marshal fee as was ordered by the Court (Although, it appears that the Prison officials at the "High Security Facility"-- are deliberately delaying the process--so that the Court may render adverse rulings against the Plaintiff)--based upon the defendants' and their Counsel representations to this Honorable Court, they will accept service of this Lawsuit and other pending matter--so long as the Plaintiff send a copy to each name "defendant"--rather then the RIDOC-Office of Legal Counsel--of the Complaint there will be no need for any Court intervention as to this aspect (Service, wavier, or fees)

Moreover, the defendants points to the U.S. District Judge decision in the matter of Taylor v. Dzurenda, et al, 3:04CV2071 (DJS)--as to the manner this Honorable Court should follow. The Plaintiff agrees with this, in that in the matter 3:04CV2071, the Honorable Dominic J. Squatrito, U.S. DJ.--ordered the plaintiff to pay the filing fees by a specific date--to which was (Complied with--in that Request was signed by plaintiff and made--its unknown when the check was actually sent out) fully complied with--and the Case is pending. Because the plaintiff, did not file a frivolous objection to being denied "IFP status"--but infact have tendered the entire filing fee and the U.S. Marashal fee--And the defendants represents service will be waived--the issue(s) are now moot and the plaintiff withdraw the "IFP Application" at this time.

Respectfully Submitted
Prose
[signature]
Thaddeus Taylor #128205
ACI-HSC
P.O. Box 8200
Cranston, RI 02920

Testimony Required
Oral Argument Requested

Certificate of Service

I certify that a copy this Response to Def. Reply was mailed to Attorney Patricia A. Coyne-Fague, on this 5th day of July, 2005.

[signature] Prose
Thaddeus Taylor

FILED 2005 JUL -8 A 11:13