UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **Thaddeus Taylor,** ***pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-118T** |
| | : | |
| **A.T. Wall, et. al.** | : | |

**STATE'S RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION FOR COURT ORDER TO TEMPROARILY DECLARE THE PLAINTIFF'S LIVING CONDITIONS TO BE UNSAFE**

Now comes Defendant A. T. Wall, Director of the Rhode Island Department of Corrections, and, in the accompanying memorandum responds to Plaintiff's Motion for Court Order to Temporarily Declare the Plaintiff's Living Conditions to be Unsafe.

Defendant Wall respectfully submits Plaintiff's Motion should be denied.

Defendant, by his attorney,

*Kathleen Kelly*

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 13th day of July, 2005.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **Thaddeus Taylor, *pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-118T** |
| | : | |
| **A.T. Wall, et. al.** | : | |

**STATE'S RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION FOR COURT ORDER TO TEMPORARILY DECLARE THE PLAINTIFF'S LIVING CONDITONS UNSAFE**

Now comes Defendant A. T. Wall, Director of the Rhode Island Department of Corrections, and hereby responds to Plaintiff's Motion for Court Order to Temporarily Declare the Plaintiff's Living Conditions Unsafe. For the reasons set forth below, Defendant Wall submits the Plaintiff's Motion should be denied.

**Introduction:**

Plaintiff Thaddeus Taylor is a penal inmate, currently housed in the High Security Center of the ACI. Plaintiff has filed a motion wherein he requests the Court grant him "temporary injunctive relief" and "declaratory relief" by prohibiting his incarceration in the High Security Unit because he alleges the conditions in the unit create an "undue risk of harm" and are "unconstitutional under federal law". Specifically, Plaintiff alleges the High Security Unit does not have adequate fire safety protections. Plaintiff further claims this undue risk of harm amounts to "cruel and unusual punishment".

Defendant Wall disputes Plaintiff's allegations that the living conditions in the High Security Unit are unsafe due to possible fire hazards. Defendant asserts that there are smoke detectors and heat detectors located throughout the High Security Unit.

These detectors are hooked up directly to the Cranston Fire Department, located less than a half mile away. There are Evacuation Plans also posted throughout the High Security Unit and a Fire Safety Plan is in effect. Further, fire drills and evacuation drills are conducted on a monthly basis. Based on these safeguards and for the reasons set forth below, Defendant Wall submits the Plaintiff's Motion should be denied.

## I. Plaintiff's 8th Amendment Cruel and Unusual Punishment Claim:

For Plaintiff to prevail on an 8th Amendment Cruel and Unusual Punishment Claim, he must show the facility has a knowing disregard of excessive risk to inmate health or safety. *Flandro v. Salt Lake County Jail*, 53 Fed. Appx. 499, 501 (Utah 2002). "The correct standard for an Eighth Amendment conditions of confinement claim require a knowing disregard of excessive risk to inmate health or safety." *Id*. at 501. Further, "the condition must deprive the inmate of the minimal civilized measure of life's necessities and the official involved must have a sufficiently culpable state of mind amounting to deliberate indifference to a substantial risk of serious harm to an inmate." *Id*. at 501.

Defendant submits that based upon the fire prevention and safety devices located throughout the High Security Unit, as well as the consistent and ongoing drills conducted by staff at High Security, there is no risk to inmate health or safety due to any potential fire hazard. In fact, the conditions at the High Security Unit are such that numerous fire prevention precautions are in effect and consistently maintained.

II. **Standard for Issuance of Injunctive Relief:**

In order for Taylor to prevail on his motion for injunctive relief, he must demonstrate the following four elements: (1) the likelihood of his success on the merits; (2) potential for irreparable injury; (3) the relevant balance of hardships if the restraint does or does not issue; (4) and the effect on the public interest of a grant or denial of the motion. *Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 5 (1st Cir. 1991). Failure to demonstrate any one of these four elements prohibits the granting of an injunction.

Plaintiff has demonstrated no conditions that would satisfy an Eighth Amendment Cruel and Unusual Punishment Claim. Therefore, he cannot meet the four elements outlined for injunctive relief. Based upon the insufficiency of his claims, Plaintiff's motion for injunctive relief should be denied.

For the reasons set forth in this memorandum, Defendant Wall submits that the Plaintiff's Motion for Injunctive and Declaratory Relief be denied.

Defendant, by his attorney,

Kathleen Kelly

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 13th day of July, 2005.