UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **Thaddeus Taylor,** ***pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-118T** |
| | : | |
| **A.T. Wall, et. al.** | : | |

**STATE'S RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND INJUNCTIVE RELIEF PROHIBITING DEFENDANT FROM RETALIATING AGAINST PLAINTIFF**

Now comes Defendant A. T. Wall, Director of the Rhode Island Department of Corrections, and, in the accompanying memorandum responds to Plaintiff's Motion for Protective Order and Injunctive Relief requesting the Defendant's be prohibited from retaliating against Plaintiff.

Defendant Wall respectfully submits Plaintiff's Motion should be denied.

Defendant, by his attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 13th day of July, 2005.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **Thaddeus Taylor,** ***pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-118T** |
| | : | |
| **A.T. Wall, et. al.** | : | |

**STATE'S RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND INJUNCTIVE RELIEF PROHIBITING DEFENDANT FROM RETALIATING AGAINST PLAINTIFF**

Now comes Defendant A. T. Wall, Director of the Rhode Island Department of Corrections, and hereby responds to Plaintiff's Motion for Protective Order and Injunctive Relief wherein Plaintiff requests the Defendant be prohibited from retaliating against Plaintiff. For the reasons set forth below, Defendant Wall submits the Plaintiff's Motion should be denied.

**Introduction:**

Plaintiff Thaddeus Taylor is a penal inmate, currently housed in the High Security Center of the ACI. On May 27, 2005 Plaintiff was cited for a disciplinary infraction for failing to comply expeditiously with an instruction from a correctional staff member. After a disciplinary hearing, Plaintiff was found guilty of the misconduct and given 15 days disciplinary confinement.

Plaintiff now requests the Court grant protective relief and an injunctive order prohibiting the Defendant from retaliating against him by placing him in segregation "indefinitely" on "false disciplinary reports" and by violating his due process rights. Defendant and counsel adamantly dispute that Plaintiff is being retaliated against in any manner. Defendant further asserts that Plaintiff is not in segregation indefinitely, nor

has he been punished based on false disciplinary reports. Defendant further asserts that Plaintiff's 15 day disciplinary confinement is not a violation of any due process rights.

I. **Plaintiff's Due Process Claim:**

After a disciplinary hearing before a Hearing Officer, Plaintiff was adjudicated guilty of the above mentioned infraction and given 15 days disciplinary confinement. This same type of disciplinary sanction was specifically addressed in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293. In *Sandin*, the prisoner was given a sentence of 30 days disciplinary segregation. *Sandin v. Conner*, 515 U.S. 472, 475; 115 S.Ct., 2293, 2296 (1995).

In *Sandin*, the United States Supreme Court stated, "the Due Process Clause standing alone confers no liberty interest in freedom from state action taken within a sentence imposed. *Id.*at 480. "The State may in certain circumstances create liberty interests that are protected by the Due Process Clause. But these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical, significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. The Court went on to hold that a 30 day sentence to disciplinary segregation "did not present the type of atypical, significant deprivation in which a State might ....create a liberty interest. *Id.* at 475. Based on the holding in *Sandin*, Plaintiff's sentence of 15 days disciplinary confinement does not trigger any Due Process protections; therefore, Plaintiff's motion should be denied.

II. **Standard for Issuance of Injunctive Relief:**

In order for Taylor to prevail on his motion for injunctive relief, he must demonstrate the following four elements: (1) the likelihood of his success on the merits; (2) potential for irreparable injury; (3) the relevant balance of hardships if the restraint does or does not issue; (4) and the effect on the public interest of a grant or denial of the motion. *Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 5 (1st Cir. 1991). Failure to demonstrate any one of these four elements prohibits the granting of a preliminary injunction. Because Plaintiff has demonstrated no valid violation of his due process rights, he cannot meet these four elements. Therefore his motion for injunctive relief should be denied.

For the reasons set forth in this memorandum, Defendant Wall submits that the Plaintiff's Motion for Protective Order and Injunctive Relief should be denied.

Defendant, by his attorney,

Kathleen Kelly

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 13th day of July, 2005.