UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR,

Plaintiff,

vs. C.A. No. 05-118T

CONNECTICUT DEPARTMENT OF CORRECTIONS, et al.,

Defendants.

**ORDER RECOMMITTING MOTION FOR TEMPORARY INJUNCTION ORDER AGAINST RI-DOC DEFENDANTS TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS**

Plaintiff Thaddeus Taylor (Taylor), a Connecticut inmate at the Rhode Island Department of Corrections (RI-DOC), filed an Amended Complaint pursuant to 42 U.S.C. § 1983 alleging that prison officials have violated his constitutional rights. On May 9, 2005, Taylor filed a Motion for Temporary Injunction Order Against RI-DOC Defendants, seeking transfer to the Protective Custody Unit within the RI-DOC. On June 6, 2005, Magistrate Judge Jacob Hagopian issued a Report and Recommendation (Recommendation) recommending the denial of Taylor's motion as moot in light of Defendant A.T. Wall's indication that Plaintiff has already been transferred to the Protective Custody Unit. On June 15, 2005, Taylor filed an objection to the Recommendation. Two of Taylor's objections are overruled but the motion is recommitted to the magistrate based on issues Taylor raises in his third objection.

Taylor's first objection is that the Recommendation addressed only the Motion for Temporary Injunction Order Against RI-DOC

Defendants and failed to address two other motions for injunctive relief which he filed. Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (Objection) at 2. Specifically, Taylor refers to a May 9, 2005 Motion for Temporary Injunction Order Against the Defendants, and a March 23, 2005 Motion for Temporary Injunction(s). In those motions Taylor seeks different relief, including, among other things, immediate transfer to the Connecticut Department of Corrections and access to Taylor's legal files. Taylor's objection is meritless because the magistrate was not required to address those motions when he recommended the denial of Taylor's motion to be transferred to protective custody. The Recommendation does not even mention those two motions and, if adopted, would not determine the outcome of those motions, which remain pending.

Taylor also objects that the Defendants have not filed an affidavit demonstrating that Taylor will remain in the Protective Custody Unit. Objection at 3. However, the Defendants were not required to make such a guarantee. If Taylor has in fact been transferred to the Protective Custody Unit then Taylor's motion is, indeed, moot. Of course, Taylor may file an additional motion seeking transfer back to protective custody in the event that prison officials transfer him out of protective custody in the future.

Taylor's third objection is that he has not been transferred

to the Protective Custody Unit but, rather, to the "general population segregation unit." Objection at 5. Defendant Wall, in his objection to Taylor's three motions for injunctive relief states that, since May 19, 2005, Taylor has been "housed within a single cell within the protective custody unit" which is "currently located within the High Security Center of the ACI." Memo. in Supp. of Def. Wall's Obj. to Pl.'s Mots. for Temporary Injunctive Relief at 1. In light of these contentions, Taylor's motion is recommitted to the magistrate judge, pursuant to Fed. R. Civ. P. 72(b), for the purpose of determining whether there is a factual dispute as to whether Taylor is in protective custody; and, if he is not in protective custody, whether Taylor has alleged that the failure to place him in protective custody, as opposed to the type of custody he is in now, violates some constitutional right.

IT IS SO ORDERED.

Ernest C. Torres

Ernest C. Torres

Date: July 21 , 2005