## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

**THADDEUS TAYLOR**

v.                                                                          C.A. No. 05-118 T

**A.T. WALL,** Director, Rhode Island
Department of Corrections, **RHODE ISLAND
DEPARTMENT OF CORRECTIONS,
CONNECTICUT DEPARTMENT OF
CORRECTIONS, STATE OF
CONNECTICUT,** and **TERESA LANTZ,**
**et al.**

### Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

Thaddeus Taylor, ("plaintiff"), *pro se*, a Connecticut inmate incarcerated at the Rhode Island

Department of Corrections ("RIDOC"), filed a complaint pursuant to 42 U.S.C. § 1983 alleging a

host of constitutional improprieties. With his initial filing, plaintiff filed a motion to proceed *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915.  In his motion to proceed *in forma pauperis*, plaintiff

alleged he was indigent and that his balance in his prison trust account was "zero."  The Court

granted the *in forma pauperis* motion and thereafter ordered the U.S. Marshal to serve defendant

Wall.  Defendant Wall was served and timely filed an Answer.

On June 9, 2005, plaintiff filed a motion with the Court wherein he sought to file only one

set of pleadings/motions (as opposed to three), based, in part, on his indigence. In response to the

motion, Defendant Wall objected and filed a copy of the plaintiff's prison trust account statement

which demonstrated that the plaintiff had, at one point, over $5,000.00 in his inmate account.  The

Court denied the motion and directed the plaintiff to show cause why this case should not be

dismissed since his "allegation of poverty is untrue." See 28 U.S.C. § 1915(e)(2)(A)(providing that

the Court "shall" dismiss an action if an IFP petitioner's allegation of poverty is untrue). Plaintiff

filed a response to the show cause order and the defendant filed a reply. For the reasons that follow,

I recommend plaintiff's complaint be dismissed with prejudice.

## Background

The following are the pertinent facts ascertained from the parties' submissions:

On or about March 9, 2005, plaintiff was transferred from Connecticut Department of

Corrections to the RIDOC. Plaintiff thereafter filed a complaint pursuant to 42 U.S.C. § 1983, dated

March 13, 2005, alleging a variety of constitutional violations.

With his complaint, plaintiff filed a motion to proceed *in forma pauperis* ("IFP application"),

claiming that he was indigent. Plaintiff's IFP application, signed "under penalty of perjury," stated

that he did not receive any money over the last twelve months from any source. This statement is

false. Plaintiff's Connecticut prison trust account statement demonstrates that he had a deposit of

$2,000.00 into his inmate account in September 2004. Plaintiff failed to declare the $2,000.00

deposited into his Connecticut inmate account, despite a specific question asking to list "any source

of income" for the previous twelve months. See Motion to Proceed *In Forma Pauperis*, Docket #3;

See also Defendant Wall's Exhibits, Plaintiff's Connecticut inmate account ledger.

On March 3, 2005, prior to the commencement of this instant lawsuit, plaintiff wrote to

Assistant U.S. Attorney Charles Roberts ("Roberts") concerning the settlement of a civil suit that

plaintiff had instituted against United States Bureau of Prisons ("BOP"). In this letter, plaintiff

asked Roberts to mail his "settlement check" to his mother. On March 21, 2005, plaintiff again

wrote Roberts, informing Roberts of his transfer to RIDOC and asking that his "settlement check"

be mailed directly to him. On April 21, 2005, plaintiff's case against BOP settled for $5,000.00 and

2

plaintiff received the $5,000.00 on May 19, 2005 when it was deposited into his Rhode Island inmate account. Despite the fact that plaintiff knew of the terms of the settlement prior to the commencement of this instant lawsuit, plaintiff nonetheless failed to indicate the anticipated settlement in his IFP application.

On June 6, 2005, plaintiff again alleged that he was indigent in a motion he filed with the Court. See Plaintiff's Motion for Leave to File One Set of Pleadings, filed June 9, 2005 (Docket # 14 ). In the motion, plaintiff sought permission from the Court to file only one set of pleadings and/or motions (as opposed to three) based, in part, on his status as an "indigent person." See id. At the time plaintiff filed the motion, plaintiff already received and had begun to spend the $5,000.00 in his Rhode Island account, buying a litany of junk food. And, at the time the motion was filed, his Rhode Island inmate account balance was $2,915.07. Thus, plaintiff's statement in his motion that he was an "indigent person" was false.

### Discussion

Title 28, U.S.C § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>> (A) the allegation of poverty is untrue;
>> ...

28 U.S.C § 1915(e)(2).

"The purpose of this provision is to weed out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth." Atwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)(per curiam). The mandatory language of 28 U.S.C. § 1915(e) was designed to replace the discretionary language of

3

28 U.S.C. § 1915(d)(1996). Cf. 28 U.S.C. § 1915(e) ("shall dismiss"), with former statute 28 U.S.C.

§1915(d) ("may dismiss"); see also Mathis v. N.Y. Life Ins., Co., 133 F.3d 546, 547 (7th Cir. 1997).

Therefore, pursuant to 28 U.S.C. § 1915(e), when an allegation of poverty is false, the judge may

not use discretion and must dismiss the case. See Thomas v. GMAC, 288 F.3d 305, 306 (7th Cir.

2002).

Here, despite being clearly asked to declare "any" source of income for the past twelve

months, plaintiff failed to indicate in his IFP application that he received a deposit in his Connecticut

prison trust account in the amount of $2,000.00 in September 2004. Moreover, the plaintiff has been

less than forthcoming regarding the $5,000.00 settlement he received. Plaintiff knew of the terms

of the settlement at the time he filed the IFP application but did not declare it on his IFP application.

Furthermore, after he received the $5,000.00 settlement, plaintiff continued to allege he was indigent

in court filings. Accordingly, I find that plaintiff's allegations of poverty are "untrue" and dismissal

of this case is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(A), particularly in light of his repeated

false representations to the Court. See 28 U.S.C. § 1915(e)(2)(A).

Although Section 1915(e)(2) directs the Court to dismiss the case, the Court retains discretion

to dismiss an action with or without prejudice. See e.g. Smith-Bey v. Hospital Administrator, 841

F.2d 751, 756 (7th Cir. 1988). However, where, as here,  an applicant intentionally misrepresents

his/her financial status in order to gain *in forma pauperis* status, the trend within the courts is to

dismiss the case with prejudice. See Mathis, 133 F.3d at 547 (holding plaintiff's bad faith deception

warrants dismissal with prejudice); see also Attwood, 105 F.3d at 613 (holding plaintiff's history of

bad faith litigiousness and deceit are grounds for dismissal with prejudice; further holding plaintiff

was under a duty to make reasonable inquiries into the veracity of his representations and to advise

4

the court of any changes); see also Dawson v. Lennon, 797 F.2d 934 (11th Cir. 1986) (holding a clear pattern of attempts to deceive the courts on plaintiff's financial status justifies dismissal with prejudice); see also Thomas, 288 F.3d at 308 (holding that dismissal with prejudice is justified in the face of false statements).

The Court notes that the plaintiff is not a "novice litigant." See Defendant Wall's Exhibits, Taylor v. Dzurenda, C.A. No. 3:04CV2071 (DJS)(D.Ct. May 19, 2005) at 2. Indeed, plaintiff has made an untruthful IFP application in the United States District Court for the District of Connecticut. See id. Moreover, the Court takes judicial notice of two additional lawsuits that this plaintiff has filed in this Court. See Taylor v. Collins, C.A. No. 05-265 S (filed June 15, 2005) and Taylor v.Collins, C.A. No. 05-278 S (filed Jule 23, 2005). In both suits, plaintiff filed motions to proceed in forma pauperis, again indicating he is indigent and unable to pay for the costs of the proceedings. Notably, plaintiff failed to declare the $2,000.00 deposit to his Connecticut inmate account and the $5,000.00 deposit in his Rhode Island account on both applications in both of those cases. See id. Thus, it appears the plaintiff is engaging in a pattern of misrepresenting his financial ability, in an effort to avoid the payment of Court fees. Accordingly, I recommend that the dismissal of this case be with prejudice.

## Conclusion

For the reasons set forth above, I recommend that plaintiff's complaint be dismissed with prejudice. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); Local Rule 32. Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete,

792 F.2d 4 (1st Cir. 1986) (per curiam); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st

Cir. 1980).


Jacob Hagopian
Senior United States Magistrate Judge
July 25 , 2005

6