Original

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR, Plaintiff,
v.
Connecticut Dept. of Corrections; Rhode Island Dept. of Corrections, et al, Defendants.

CASE No. C.A. 05-118T

July 15, 2005

PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE AND OBJECTION TO MOTION FOR COURT ORDER TO TEMPORARILY DECLARE LIVING Conditions UNSAFE

The Plaintiff Thaddeus Taylor, in the above captioned case, respectfully moves this Honorable Court for permission to file, this "Reply" to the Defendants' Response and Objection to the Plaintiff's MOTION FOR COURT ORDER TO Temporarily Declare the Living Conditions of the plaintiff, being housed in the "High Security Facility; ACI-Protective Custody unit" to be "unsafe" and subjects the plaintiff to "unduely risk of harm".. ie fire Hazard".. and Hazardous Living Conditions.

The defendants' (A.T. Wall), through counsel Attorney Kathleen M Kelly[1], claims that the plaintiff can not demonstrate no conditions that would satisfy an "eight Amendment".. the plaintiff disagree(s).. certainly, the Plaintiff and all

[1] The Plaintiff have moved to strike this Pleading and all Pleadings filed by Attorney Kelly in this matter.. She have not filed an official Appearance and should not be allowed to file any Motions in this matter.. until a proper "Appearance" is filed.

inmates house within the Rhode Island Dept. of Corrections and Specifically at the "High Security Facility have the absolute right to be housed in a facility that is fundamentally safe -- and do not subject the inmates to 'unduely risk of harm'. See generally Helling v. McKinney, 509 US 25, 125 L.Ed2d 22, 113 SCt 2475 (1993); GIANO v. SENKOWSKI, 54 F.3d 1050 (2d Cir 1995).

The Plaintiff also submits that the defendants' failed to also consider the fact and Law the Court has the right to determine whether an inmate is being deprived of a "State created Right" or "Liberty Interest" granted to him by a rule, statute or regulation progulgated by the government. See MEACHUM v. FANO, 427 US 215, 49 L.Ed2d. 451, 96 S.Ct 2532 (1976) -- the defendants' overlooked these facts.

Moreover, the Plaintiff submits that there is a likelihood of success on the merits of this lawsuit; the plaintiff and all inmates life is in danger, as a result of the "unsafe Living Conditions"; the effect of public interest will be served better if the Court grants this temporary injunctive order -- regarding "fire sprinklers" systems being immediately installed into all RI-"Correctional facilities" and similar situated buildings. Accordingly, this Honorable Court should grant this temporary Injunctive and declaratory Relief.

In their "Response" and Arguments in OBJection to the PLAintiff's motion for "InJunctive" and "declaratory" relief (Temporarily) The defendants claims and Argues that there Are "smoke detectors and heat detectors located throughout the High Security Facility" (Defs' Response Page 1-2)... allegedly they are hooked up directly to the Cranston Fire Department. The Defendants' also claims that fire drills and evacuation drills are Conducted on a monthly basis.. So based upon these arguments the Court should deny the Plaintiff's Motion for InJunctive and Declaratory relief. The defendants', A.T. Wall, and their Counsel Conspicuously failed to include any "Affidavits" or records of monthly fire drills and inmate evacuation drills... for the Past several years... As well, they Conspicuously failed to Clearly Articulate and provide evidence or sworn Affidavits to this Honorable Court about the Number of "Smoke detectors" and alleged "heat detectors" and their locations throughout the "High Security Facility".. and especially in the Unit Housing AREAS.. where inmates live... to which the plaintiff claims are very inadequate.

In addition to the above facts, the defendants' and their Counsel(s) failed to provide to this Honorable Court any records or evidence



that the Alleged fire

safety equipment are being and have been regularily maintained for the past several years .. to which the Plaintiff respectfully submits they are not.

Likewise, the defendants' failed to mention to the Court .. that the prison's ventilation system at the "High Security Facility" is inadequate and infact inadequately maintained inwhich in of it self causes hazardous and unsafe living conditions .. the plaintiff submits that the Air filters have not be changed .. the vents are filty and improperly working; as well as problems with the plumbing and electrical systems in the "High Security Facility" .. to which the defendants' and their counsel, although well aware of these problems/issues failed to mention to this Honorable Court.

However, most important here .. and is not disputed by the defendants, A.T. Wall or their counsel in their "objections" andresponse is the fact that there are Absolutely NO Fire sprinkler systems inside the entire building, including but not limited to No fire sprinklers systems inside the inmate housing units, inmates' cells, hallways, storage Areas, work shops, Gym, School Area, Law Library and hospital Area at the High Security Facility.. This fact itself and when combined with the other deficiencies creates an inherently, unsafe and hazardous living

The Plaintiff Submits to this Honorable Court that since he have been at this facility.. there have not been monthly fire drills and evacuation drills at the High Security Facility.. and Certainly not in the Protective Custody Unit.

Infact, the plaintiff submits on June 11, 2005.. there was an incident at the High Security Facility.. "Fire Alarm" in the E-Module "Segregation Area of the facility".. LTS. Galligan and LT. Getter responded with staff approximately three Correctional officers "Code Red".. None of them had any fire extinguishers with them, additionally LT Getter and LT Galligan appeared to be "out of Control of the Situation.. LT Getter did not have the proper keys to open up the doors to check for fire etc.. the inmates were not evaculated etc.. Moreover, the "Alarm System apparently "blew-up".. and was turned off by Staff on June 11, 2005. It remained unfixed-"turned off" until on or about June 16, 2005.. that the Plaintiff witnessed and other inmates witnessed The Plaintiff an ex-Correctional officer.. concluded that if there was a real fire the inmates would have died in the fire. Defendant A.T. Wall, was informed by the Plaintiff in a letter however, nothing was done to correct these issues. todate.

Lastly, the defendants' and their Counsel claims the plaintiff is a "penal inmate".. however

the defendants' counsel failed to mention the fact the plaintiff is not serving any STATE of Rhode Island sentence.. and solely in the custody of Rhode Island DOC pursuant to the "New England Interstate Corrections Compact".. between the STATE of Connecticut and STATE of Rhode Island.. under the "Contractual Agreement" the Rhode Island-DOC (the defendants) are required to house the plaintiff in a safe, hazardous free, properly equiped, staffed and maintained facility.. with the same standards as all Connecticut-DOC facilities and in accordance with Connecticut-STATE Law.. which requires "fire sprinklers systems' to be throughout the facilities, in the cells of all inmates.. in addition to smoke detectors in every cell, staff posted inside the housing units "24-7", emergency medical button inside the cells and proper air ventilation systems that are properly maintained.

Both Connecticut STATE Law and Rhode Island STATE Law requires "fire sprinkler systems" to be installed in the High Security facility..but they have not.. been installed by the defendants.. Accordingly the court should grant this Motion and declare the living conditions unsafe & hazardous.

Wherefore it is so moved.

Respectfully submitted,
[signature] pro se
Thaddeus Taylor #128275
ACI-HSC, P.O. Box 8200, Cranston, RI 02920

Testimony Requested
Oral Argument Requested

Certificate of Service

I Certify that a copy of this Motion (Reply) was mailed to the defendants' Attorney(s) Patricia A. Coyne-Fague & Kelly at RIDOC, Legal Office 40 Howard Ave, Cranston, RI 02920 on this July 15, 2005.

[signature] pro se
Thaddeus Taylor