Original

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR,
Plaintiff, : CASE NO. C.A. 05-118T

v. :

Connecticut Dept. of Corrections;
Rhode Island Dept of Corrections;
A.T. WALL, Thersa Lantz, et al
Defendants, : July 15, 2005

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND INJUNCTIVE Relief--Retaliating

The Plaintiff THADDEUS TAYLOR, in the above captioned case respectfully moves the Court for permission and consideration of this 'Reply,' to the Defendants' Response and OBJection To Plaintiff's motion For Protective ORDER AND INJUNCTIVE Relief Prohibiting Defendants from Retaliating Against the Plaintiff as a result of him excerising his Constitutional Rights, to include filing the instant lawsuit against the defendant(s). The defendants' and their Counsel[1] argues to this Honorable Court that the Plaintiff is not being Retaliated against and the Plaintiff is not in segregation indefintely, but rather the plaintiff was given a disciplinary infraction and was found guilty by the defendants.. to which he was placed in segregation for 15 days, to which the defendants claims does not violate due process.

---

1 Attorney Patricia A. Coyne-Fague is the Counsel of Record for the Rhode Island Defendants.. however Attorney Kathleen M. Kelly have filed several pleadings in this matter without first filing an appearance on behalf of her Clients. She repeatedly uses the term "STATE" and A.T. Wall - its unclear who she represents and the plaintiff have moved to Strike All Pleadings filed by Attorney Kelly until an Appearance.

However, the defendants' response clearly misapprends the plaintiff's requests for protective order and injunctive relief prohibiting the defendant(s) from doing what they normally do to "inmates" that files complaints, inmate grievance(s) and lawsuits against them.. that is to place them in "segregation" on false disciplinary charges, subject them to a disciplinary hearing that deprives the inmates, of their right to adequately prepare a defense, deny inmates the right to call witnesses before the hearing officer and have a policy that disallows inmates to request the hearing officer to review the security cameras to prove their innocence... these are well know defacto policies of the defendants at the "High Security Facility." The defendants argues that on May 27, 2005 the plaintiff was cited for an infraction allegedly "- failing to comply exeditiously with an instruction from a correctional staff member and was found guilty of such... But conspicuously failed to advise this Honorable Court that he only received the citation for the alleged disciplinary infraction after he filed a formal complaint against the correctional officer (Calise) for harassment and unprofesionalism.. four incidents in two days; and that the same "superior officer" that was involved in issuance of the disciplinary infraction also was the hearing officer that found the plaintiff guilty without allowing him to call any witnesses or present a defense (LT. Galligan).. as well

LT. Galligan himself was not an "impartial and un bias" hearing officer[2].. in that he too have been the Subject of the Plaintiff filing several formal Complaints with the Director's office (A.T. Wall) RIDOC and the Inspector's office for unprofessionalism and threats and harassment of the Plaintiff.. these Matter are currently being decided by the Court(s) C.A. 05-265(S) Taylor v. Collins, etal... (to which the Plaintiff Claims he was denied due process and entitled to a New disciplinary hearing before an impartial and unbias hearing officer) (The issue also involved the Litigation of this case)

The Main issue here, to which the defendants have failed to address is the "de facto policies" and the "Customs and policies" of the defendants (High Security Facility) to punish, retaliate, set-up and place in Segregation and keep them there for a very long time - without due process of law (indefinitely -- systematically) that is well known and the defendants' "Customs and policies. Infact, there are currently three inmates from the Protective Custody unit that have systematically "buried" in Segregation.. inmate Joshua Flynn, Inmate Briggs, and Inmate Tucker - there are also other inmates that have been "buried" in Segregation at the High Security Facility because the excerised their Constitutional Rights.. Reportedly, one inmate now have been in "Segregation" for the past five years

---

2 It is also Noteworthy to point out the Plaintiff have been incarcerated since 1995.. he have not received a disciplinary report since "1996" - Never disobeyed any staff order or instruction whatsoever. Additionally, the Plaintiff is eligible for "Halfway House Placement" August 23, 2005, Parole Hearing 2005

The Plaintiff also submits that recently 7/13/05 (defendant) Correctional officer Simpson and LT. AVILA from the High Security Facility advised the Plaintiff they would have "felt better" if they would break the Plaintiff's skull, break his ribs and face.. so that the Plaintiff could sue them for "excessive use of Force" additionally, and they would be "heroes" with the staff at the High Security Facility... these statements were meant to "intimidate" and "warn" the Plaintiff of what will come.

In addition to all the above.. the defendants, A.T. Wall Director and the office of Inspections.. have gone in a "Protective from liability-Mode" in which they no longer adequately investigate the Plaintiff's claims of harassment, Retaliation, threats, unfair treatment, etc.. but attempts to Protect the staff misconduct(s) and cover-up such at all costs.

Accordingly, the Plaintiff only meaningful recourse is to ask this Honorable Court to issue a Protective order against all the named defendants in this matter (as Amended) and temporary injunctive Relief... Indeed, the Plaintiff believes that he have "survived" thus far, because his Motions for temporary Injunctive relief (previously filed) are still pending.. once they are denied in part or in whole.. the "Microscope" that is currently on the defendants will be "covered-up" and they will go back to their "retaliatory ways".. to which the Plaintiff will be Assaulted, harm, set-up and placed in segregation indefinitely. The Plaintiff request the motions to be granted.

Oral Argument Requested
Testimony Required

Respectfully Submitted
[signature] Prose
Thaddeus Taylor #128275
ACI HSC
P.O. Box 8200
Cranston, RI 02920

3 Certificate of Service

I Certify that a Copy of this Reply was mailed to Attorney Patricia A. Coyne-Fague and Attorney K. Kelly, Office of Legal Counsel, 40 Howard Ave, Cranston, RI 02920 on this 15th July 2005

[signature]
Thaddeus Taylor #128215

---

3 The Plaintiff Also submits that Recently inmate Ricardo Matos #107530 was Assaulted by several of the name defendants in this matter and other prison officials at the High Security Facility-- Whereas he repeatedly had "boot imprints" on his face and back-- Prison official handcuffed him and beat him repeatedly because he exercised his Constitutional Rights. Inmate Matos was subsequently transferred to Connecticut in exchange for the Plaintiff, one for one. The defendants "Covered-up" the assault by the Prison officials -- in Matos case.