UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Thaddeus Taylor, Plaintiff, : CASE No. C.A 05-118 T

v. :

Connecticut Dept. of Corrections, ETAL defendants : July 28, 2005

PLAINTIFF'S OBJECTION TO The (July 25 2005) MAGISTRATE Judge's REPORT AND Recommendation Recommending to Dissmiss Action

The Plaintiff Thaddeus Taylor, in his prose capacity in the Above captioned case respectfully files with this Honorable Court his "OBJection" to the Magistrate Judge's Report AND Recommendation dated July 25, 2005 inwhich the Magistrate Judge recommended that the Prose Plaintiff's Complaint (as Amended) be dismissed with PreJudice... stating that he find that the Plaintiff' allegations of Poverty are "untrue" and dismissal of this case is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(A). The Plaintiff objects to this recommendation and disagree with the statements and/or Conclusions the magistrate Judge claimed as factual information.. without Conducting an evidentiary hearing.. to actually establish the Fact(s). The Plaintiff respectfully submits the Magistrate Judge MisApprended the facts

and/or incorrectly stated the facts in his Report and Recommendation .. to which he relied upon ... First, Clearly the Magistrate Judge did not review the plaintiff's objections to the documents (as was submitted by the defendants in their Response) .. in that they were 'dockered' and not the same Receipts from Commissary that the plaintiff received .. or any inmate housed in the "ACI" receives ... the main difference is that there are no "inmate account balances" on the Receipts as the defendant's counsel attempted to mislead the Court by filing those "dockered" documents.

The plaintiff left Connecticut Department of Correction .. with a inmate account balance
(3/9/05) that was "Zero" to the best of his knowledge .. and as the plaintiff had absolutely no Reason to believe he received any more money than what he had .. at the time he filed his lawsuit in this matter. Clearly, as depicted in the Connecticut Department of Correction .. inmate account ledger for the plaintiff .. it shows that the plaintiff had a balance of "Zero" dollars in his inmate account ... Indeed, there were subsequent deposits of approximately $21.00 to which the plaintiff had absolutely no knowledge he had or was deposited in his inmate account ..

But, the Magistrate Judge - Seems to

rely on this documents and the dates (disputed) the prison official(s) may have become aware of deposits -- additionally monies etc.. and equate that as to the plaintiff's absolute knowledge -- without proof, and inlight of the plaintiff's claims such are untrue... This is wrong and unfair.

The Magistrate Judge, although never met the plaintiff, nor interviewed, etc. to the best of the plaintiff's knowledge -- claims that he notes the plaintiff is not a "novice litigant" -- to the extent this means something the plaintiff submits that he have no Legal training, nor have he been to any law school -- infact this is his first time being incarcerated, being an-ex correctional officer and a veteran -- he simply is a "lay person" .. trying to litigate his case(s) issues and concerns to which he believes violated his constitutional rights... nothing more... thus should have been given the benefit of doubt by the Magistrate Judge -- but have not.

The Magistrate Judge also misapprended and misstated the facts and law in any event .. when he stated the plaintiff was/is not an "indigent person" -- merely because the plaintiff have "some money" on his inmate account -- (the plaintiff's current balance is approximately $1000.00 -- and he have fully paid the entire filing fee for this matter and marshals fees..)

does not mean the plaintiff is not an "indigent person"...infact the plaintiff have several pending criminal matters to which the Connecticut Court's (State where the plaintiff is a "resident") have found the plaintiff to be an "indigent person" despite him having "some money"-- certainly having $2000.00 dollars or thereabout does not disquailfy any person from being considered an "indigent person"-- as the Magistrate Judge suggests, without factual evidence in his Report and Recommendation.

The plaintiff also "objects" to the Magistrate Judge findings(s) that the plaintiff, somehow made a false statement.. saying that he did not receive any money from "any source" in the past twelve months--- when the plaintiff simply check off a "No" box... nothing more. Although, The Magistrate Judge, based upon his training and going to Law School, etc-- may knew or believe this means "inmate accounts" also the plaintiff did not at the time believe this to include "inmate accounts"--- at the time he filled out his "IFP" Application. Indeed, if such also wanted "inmate account" information-- why do the Application require inmates to provide their inmate account Transactions.. when filing such.. and why don't the "IFP" say inmate accounts included-- The plaintiff simply do not

know for sure -- what that statement meant.. At Best, its a misunderstanding of the Application Questions and what they were asking for -- rather than a deliberate or intentional lie or false statement.. as the Magistrate Judge suggests in the "Report".. When the Plaintiff stated he had "Zero balance" that was what he knew to be the truth at the time -- "point blank."

The Magistrate Judge also attempts to "mix-in" the fact the Plaintiff was involved in "Settlement Neogations" with the defendant's (BOP) and AUSA, Charles Roberts for $5,000.00 ... inregards to an unrelated Civil matter that have been pending since "1998".. And states the Plaintiff somehow, again intentionally lied to the Court or misrepresented the truth -- this is simply an assumption made by the Magistrate Judge without any Proof or evidence that would Support his Claim the Plaintiff "deliberately" mislead the Court in regards to the "IFP" Application.

The Magistrate Judge Also defies the Law and Common sense when he says that the Plaintiff was required to put on the "IFP-Application" information about a "Settlement offer" that -- was nothing but that a settlement offer -- in the settlement

offer -- the plaintiff was only litigating his case -- to the best of his ability -- but what is most important ... and what apparently was over looked by the magistrate Judge -- the settlement can not become final until the U.S. District Judge in New York accepted it ... Moreover, without going into extensive details -- but for the "Retaliatory transfer" by the defendants in this matter -- the plaintiff would not have accepted the $5,000.00 settlement and would have push for a more reasonable "settlement." The magistrate Judge reliance upon this aspect is fundamentally flawed ... in fact and law.

The plaintiff also objects to the aspects inwhich the magistrate Judge Report and Recommendation inwhich he claims the plaintiff somehow mis led the Court in this matter when he filed a motion to file "one set of Pleading" -- and the matter(s) C.A 05-265 s; C.A. 05-278 s -- the plaintiff respectfully disagrees. First, the plaintiff is an "indigent person", at least as was determined by the Connecticut Court(s) .. However, when the plaintiff moved in this matter to file "one set of pleading" -- it was not because he can not afford it (although costs add up) -- but mainly, as now at times prison officials deny him access to the Law Library, copier machines and/or carbon paper. So making copies become

a major problem -- and at times actually denies the Plaintiff Access to the Court(s) -- because he can not file pleadings and documents because he can not make copies.. The purpose of the Motion was to deal with that aspect -- however, the Magistrate Judge misapprended the issue as well -- and/or the Plaintiff's pro se pleading was not clear enough for the Magistrate Judge. With respect to the C.A. 05-265 S and C.A. 05-275 (cases are simply challenges of disciplinary Reports and denial of due process in the hearing --) The Magistrate Judge attempts to compound the misunderstand as to the original issues about the "IFP" -- when the Court knows that such simply was the understanding of the Plaintiff -- not an attempt to mislead the Court what so ever.. Indeed, C.A. 05-265 S filing fee was paid. and case No. C.A 05-278 S -- the plaintiff have not received any case number or information the Court received such filing.. this is the first time the plaintiff have became aware of such -- the Plaintiff will pay the filing fee as well or consolidate the cases.

The Plaintiff respectfully submits to this Honorable Court (U.S. District Judge) that the Magistrate Judge have a "personal baises" against either the Plaintiff, ex-Law enforcement inmates, or maybe inmates towhich

prompt him to "dismiss" or recommend so this lawsuit... Moreover, to basically take the "Prison officials" words or pleadings over the plaintiff... and failed to investigate or punish the "Prison officials" and their counsel for their misconducts.. there is a serious issue here.. to which the plaintiff requests the Court to conduct an inquiry into. (See Plaintiff's motion to Recuse Magistrate Judge Jacob Hagopian and Formal Complaint)

The Plaintiff also submits the Magistrate Judge, although used other case(s) and docket numbers.. it failed to mention the fact The "CT" U.S. District Judge Honorable Dominic J. Squatrito, in the matter Taylor v. RI-DOC et al, 3:05CV747(DJS) on July 22, 2005 dismissed the plaintiff's lawsuit.. stating that both lawsuits are similar.. and the plaintiff should be allowed to "Amend the instant matter" to include all claims.. rather have two Courts handle the issues (per se).. Now, the Magistrate Judge is attempting to dismiss the only lawsuit thereby depriving the plaintiff of the fair opportunity to litigate his claims before the Court.. this is a miscarriage of Justice if allowed. Indeed, the filing fees have been fully paid, the plaintiff at all times provide an Authorization for the Court to obtain the entire filing fees regardless. The plaintiff don't see the point.. in how the Magistrate Judge would conclude the plaintiff was trying to avoid paying the filing fees.. This would serve

absolutely No logic whatsoever.. and border line an insult to the plaintiff, but clearly the Magistrate Judge have an underlining bais towards the plaintiff for whatever reason(s)..or a liking toward the Prison officials.. or their Attorney(s)..

For All the Above reasons the plaintiff respectfully requests this Honorable Chief United STATES District Judge.. for The District of Rhode Island to reject the Magistrate Judge's Report and Recommendation.. as well moot, and order the matter refferred to another Magistrate Judge for all further proceedings. (The plaintiff also respectfully submits that this case appears to be being mismanaged & mishandled, the plaintiff is not receiving document filed by defendants.. they are not using "U.S. mail" but rather Institutional mail system.. to which it appears documents are being lost or withheld etc.)

Wherefore it is so moved.

Oral Argument Requested
Testimony Required

Respectfully Submitted,
Thaddeus Taylor pro se
Thaddeus Taylor #128275
ACI-HSC
P.O. Box 8200
Cranston, RI 02920

Certificate of Service

I Certify that a copy of this motion was sent to Attorney Patricia Coyne-Fague, RIDOC, 40 Howard Ave, Cranston, RI 02920 on this 28th day of July, 2005

Thaddeus Taylor pro se
Thaddeus Taylor