UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **Thaddeus Taylor, *pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-118T** |
| | : | |
| **A.T. Wall, et. al.** | : | |

**STATE'S RESPONSE TO PLAINTIFF'S MOTION FOR COURT ORDER TO GRANT HIM PERMISSION TO CORRESPOND DIRECTLY WITH INMATES AND TO ALLOW INMATES TO SERVE DEFENDANTS**

Now comes Defendant A. T. Wall, Director of the Rhode Island Department of Corrections and, in the accompanying memorandum responds to Plaintiff's Motion for Court Order granting Plaintiff permission to correspond directly with inmates and allow inmates to serve Defendants.

Defendant Wall respectfully submits Plaintiff's Motion should be denied.

Defendant, by his attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 26th day of July, 2005.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **Thaddeus Taylor, *pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-118T** |
| | : | |
| **A.T. Wall, et. al.** | : | |

**STATE'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION FOR COURT ORDER GRANTING HIM PERMISSION TO CORRESPOND DIRECTLY WITH INMATES AND TO ALLOW INMATES TO SERVE DEFENDANTS**

Now comes Defendant A. T. Wall, Director of the Rhode Island Department of Corrections, and hereby responds to Plaintiff's Motion for Court Order granting him permission to correspond directly with inmates and to allow inmates to serve Defendants. For the reasons set forth below, Defendant Wall submits the Plaintiff's Motion should be denied.

**Introduction:**

Plaintiff Thaddeus Taylor is a penal inmate, currently housed in the High Security Center of the ACI. Plaintiff has filed a motion wherein he requests the Court issue an Order granting him permission to correspond directly with inmates and to allow inmates to serve process upon potential Defendants in this matter.

Plaintiff states in his memorandum that the reason for this request is "the Defendant's attorney, Patricia Coyne-Fague, have (*sp*) made reference to the Plaintiff that she will not accept service of this lawsuit upon all named employees of the Rhode Island DOC". He further states he needs to correspond with inmates that are witnesses

and will provide testify at trial. He requests that the correspondence be treated as privileged, legal mail "and shall not be read".

1. Plaintiff's need to have inmates serve process upon Defendants is moot.

On July 6, 2005 through July 10, 2005, Plaintiff served upon all Defendant's[1] in this matter a Notice of Lawsuit and Request for Waiver of Service of Summons, along with a Waiver of Service of Summons. Accompanying these documents were copies of Plaintiff's Amended Complaint and identification of the court in which the Complaint was filed. All these documents were forwarded to the Dept. of Corrections Legal Counsel, signed by counsel for the department and retuned to Plaintiff. Further, on July 10, 2005, Plaintiff filed with the court "Plaintiff's Proof of Individual Service upon All Named Defendants", wherein he acknowledged this service. Therefore, Plaintiff has effectively served all named Defendants in this matter and the issue of service by inmates is moot.

II. Plaintiff's request for a court order allowing him to correspond directly with inmates and defining that correspondence as legal mail should be denied based upon established department procedure and institutional security concerns.

Rhode Island Department of Corrections Policy 24.01-4 – Inmate Mail, sets forth the procedures and restrictions on inmate's sending and receiving mail.

[1] Service was made upon Capt. Arnold Anderson, Lt. Avila, C.O. David Calise, Dep. Warden David Caruso, Dep. Warden Donna Collins, Asst. Director Joseph DiNitto, Lt. Doyle, Counselor Dale Folan, Asst. Director Jake Gadsden, Lt. William Galligan, Lt. Carol Getter, Capt. Barbara Headen, Dep. Warden Roy Hiltermann, Lt. Sandra Stebbins, Capt. Robert Vitale, Warden James Weeden, and Warden Walter Whitman.

Specifically, the policy precludes an inmate from receiving mail from another inmate, whether this mail is sent through the postal service or inter-departmentally, unless the inmate is a family member or party to an active legal action. The reasons cited for the restrictions are institutional order and security, assisting in the rehabilitation of the inmate, and/or to prevent the furthering of illegal activities. The policy states an inmate wishing to correspond with another inmate should make a request on a specific form (available to the inmates) and send it to the facility Warden, Deputy Warden or designee.

The policy further defines what privileged mail is and how it should be treated. Privileged mail is inspected for contraband, but not read by Rhode Island DOC staff. Privileged mail is defined as mail from or to an official from a court of the United States or a state (judge, attorney, clerk, probation or parole) and public officials, including the President, Governor, congressional members, attorney generals, FBI, state police, Director of the RIDOC, RIDOC inmate grievance coordinator, or a member of the parole board. Inmate correspondence is not defined as privileged mail; therefore, it can be inspected and read. However, it is the policy of the RI DOC not to read or censor incoming or outgoing mail, except for reasons of safety or security.

The department's policy is based on institutional order and security concerns. As such the policy has a valid purpose. The United States Supreme Court stated, "maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of [a] retained constitutional right." *Bell v. Wolfish*, 441 U.S. 520, 546; 99 S.Ct. 1861, 1878 (1979). "Central to

all other goals is the institutional consideration of internal security within the correctional facilities themselves." *Id* at 547,1878.

The Court further stated "prison administrators ...should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id* at 547, 1878. "Such considerations are peculiarly within the province and professional expertise of corrections officials and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id.* at 548, 1879.

There is an established procedure within the Rhode Department of Corrections for inmate to inmate contact. Plaintiff may request to correspond with an inmate by written request to the appropriate authority. At this point, Defendant is unaware of any attempts by Plaintiff to do so. The approval or disapproval is subject to the discretion of the reviewing authority, based on institutional concerns.

This policy of the Rhode Island Department of Corrections serves the valid purpose of institutional security and order and is therefore appropriate. Based upon the arguments set forth in this memorandum, the Defendant requests the Plaintiff's motions be denied.

Defendant, by his attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 26th day of July, 2005.