UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR, Plaintiff : CASE NO. C.A. 05-118T

v. :

Connecticut Department of Corrections, et Al, Defendants. : August 1, 2005

PLAINTIFF'S REPLY TO The DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR COURT ORDER TO GRANT HIM PERMISSION TO CORRESPOND

The Plaintiff Thaddeus Taylor, in his pro se capacity, in the above captioned CASE respectfully files this "Reply" to the defendants Response[1] to the PLAintiff's MOTION FOR COURT ORDER for PERMISSION TO CORRESPOND with [INMATES] AND TO Allow [INMATE(S)] to SERVE defendants in this matter and to Adequately prepare this matter for triaL... and respectfully request the Court to Consider such insupport of his Motion.

Specifically, the defendants claims that the issue of service is now "MOOT", therefore the Court should not grant this motion as to service... The Plaintiff disagree with the defendant(s) argument and claims the

---

1 The Defendants' Counsel served the plaintiff with a Copy of her response that was missing "page 3"... the plaintiff have requested a Complete Copy and reserves the right to Supplement this Reply if necessary upon receipt of a Complete Copy of the Response by the defendants.

service issue is moot as to all defendants.
This lawsuit pertains to named defendants from the STATE of Connecticut and connecticut Department of Corrections as well as named defendants from Rhode Island Department of Corrections.. the Connecticut Defendants have not accepted service, to the plaintiff knowledge and was informed by one of the named defendant that "proper service" must be completed.. one method" is to have anyone serve upon the defendants individually a summon and complaint by a person not involved in the lawsuit .. in this case the plaintiff have several inmates within Connecticut Department of Corrections that is/will serve each defendant for the plaintiff... However, a Court order is necessary to allow such and to protect the inmates, plaintiff and others from "Retaliatory Acts" as a result... Likewise, a Court order Allowing such is necessary in order to faciliate this as a result of the defendant(s) "Retaliatory Transfer" of the plaintiff out-of-STATE (RI).. The defendants Apparently, overlooked these aspects.

Second, the defendants in their Response claims that there exists a current procedure and restrictions on inmate to inmate correspondence within

Rhode Island Department of Corrections that is "discretionary"... The defendants does not mention any "policies or procedures" of the Connecticut Department of Corrections in this regard whatsoever... and Apparently overlooked this aspect as well. Nevertheless, its the Plaintiff understanding that a Court Order (as such is being requested) is necessary to adequately get the Connecticut Department of Corrections to fully "cooperate" and approve this.. Infact, in the plaintiff was granted a similar Request in U.S. District Court in Connecticut in the Matter(s) Taylor v. Armstrong, et al, (Pending Appeal Second Circuit) 3:96CV901 (WIG) and 3:97CV973 (WIG) (Connecticut Prison officials required a Court order and such was granted.. the Plaintiff did not abuse this Privilege whatsoever)

The defendants also misrepresents to this Honorable Court that the plaintiff have not requested "inmate to inmate correspondences with Inmates and Inmate witness(es) for these purposes in the Connecticut Department of Corrections and Rhode Island Department of Corrections.. when infact such request was made to prison official in Accordance with the Rhode Island policies and Procedures.. but have gone unanswered and/or it was referred to the defendants' attorney office and todate they have not responded to such requests.. infact have not responded to any letters

the plaintiff wrote inregards to these claims and claims that resulted in this Lawsuit.

The defendants also attempts to Argue that somehow granting the plaintiff's Motion to Correspond to Inmate Witness(es) in "RI", to Connecticut inmates and inmates housed elsewhere that were processed by the defendants under the "New England Interstate Correction Compact" Agreement as a "retaliatory transfers"..: like the plaintiff's case involves institutional security and order..the plaintiff simply disagree with this argument..and submit it should be rejected.

However, the plaintiff's motion is but one method inwhich to insure that the plaintiff be able to Adequately Litigate his case, prepare witness(es) and complete the discovery process without the defendants attempting to obtain "tactical advantages" over the plaintiff's case under the cover of "institutional security" representations...The defendants "Rhode Island Department of Corrections" and Connecticut Department of Corrections could "set-up" and request that an attorney from the "Inmate Legal Assistance Program (ILAP), that serves by "contract" for the Connecticut Department of Corrections..to assist all Connecticut inmates in Civil Actions to act as a 'buffer' to read and review each letter for both Department of Corrections (CTDOC & RIDOC)

for the sole purpose of ensuring that there are no "Security Risk Concerns"..and the Correspondences discusses the plaintiff's litigation and preparation of this case. The "ILAP" by contract do not work for or is a part of the Connecticut Department of Corrections and required to keep All communications between inmates and "ILAP" confidential and treated as "Attorney/Client privilege"...of course if anything that involves the security risks to either (in which is highly doubtful) CT DOC or RIDOC facilities such shall be immediately brought to the prison officials attention and the Court. "ILAP" assistance also performs a variety of other functions that could be used.. however, under the "Agreement" and Contract, "ILAP" must be compensated at fair market fees by the defendant(s) additionally. The Defendants A.T. Wall and/or Connecticut DOC could use "CT-Inmates Legal Assistance Program" or similar method so as long the plaintiff is able to adequately litigate his case.

Lastly, the plaintiff submits that the defendants "RIDOC" and "CT DOC" already have a pattern and history of "Retaliation," "harassment," "threats," "stealing U.S. mail," "tampering with U.S. mail," and Abuse of their discretionary authority. The defendants also have "Customs and Policies" to Automatically use these measures to defend against the pending litigations. (See Injunction Motions, Motion for Access to the Court-pending)

Wherefore, the Plaintiff's Motion should be granted, and/or the Defendants should be ordered to hire the Inmate Legal Assistance "Attorneys and Law Firm" to perform such duties..

Respectfully Submitted,
Thaddeus Taylor, Pro se
Thaddeus Taylor #128275
ACI-HSC
P.O. Box 8200
Cranston, RI 02920

Certificate of Service

I certify that a copy of this (Motion/Reply to Response) was mailed to Attorney Patricia A. Coyne-Fague, RIDOC 40 Howard Ave, Cranston, RI 02920; Connecticut Attorney General office, 110 Sherman Street Hartford, CT 06105 on this 1st day of August, 2005. postage prepaid.

Thaddeus Taylor pro se
Thaddeus Taylor 128275

FILED
SEP 2005 -4 A 10:12