UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR,
Plaintiff, : CASE No. C.A. 05-118T

v. :

CONNECTICUT DEPARTMENT OF CORRECTIONS, ETAL, : AUGUST 8, 2005
Defendants.

## PLAINTIFF'S REPLY TO DEFENDANT WALL'S RESPONSE TO COURT'S ORDER

The plaintiff Thaddeus Taylor, in his prose capacity, in the above captioned matter respectfully files with this Honorable Court his REPLY to the Defendant WAll and his CounseL Attorney Patricia A. Coyne-Fague Response to the Court's order directing them to clearify by Affidavit or otherwise, the Current housing location of the Plaintiff. Defendant A.T. WAll submitted a "sworn Affidavit" that WAS notarized by Attorney Coyne-Fague dated August 3, 2005.

At the onset, the Plaintiff respectfully submits that Attorney Coyne-Fague, lied to this Honorable Court when she "Certified" that she sent a Copy of Defendant Wall's response to the plaintiff on August 3, 2005, via..."(US) mail, postage prepaid". The Response WAS not sent by U.S mail, postage prepaid at all... rather it WAS given to "prison officials and/or Correctional officers" to be given to the plaintiff. The plaintiff received such and immediately filed this "Reply"... however, this tactic of the

Defendants' Attorney is designed to allow prison officials and Correctional officers (some of which are named defendants in this matter) to intentionally "delay," "tamper with" or "withhold such legal documents from the plaintiff...at the same time when she is certifying that a copy was sent via "(U.S.) mail, postage prepaid"...at the very least she is misleading the Court into thinking this, thus allowing the Court to Act before the plaintiff could meaningfully respond, etc...This practice and custom should be immediately ordered ceased by the Court, and to ensure that all legal mail at the "High Security Center" RIDOC is being timely pass-out to all inmates a "Log" should be required for all legal mail...and be issued by a superior office or counselor at the Facility. (see plaintiff's motion for such order(s) to be issued-pending)

The main point here as well, Attorney Coyne-Fague is providing false statements to the Court in this regard and should be subjected to the same "show cause" proceedings the magistrate Judge subjected the pro se plaintiff to.

Inregards, to the "Affidavit" submitted to the court by defendant ASHBEL T. WALL...the plaintiff also respectfully submits that such contains false statements and statements that are made with reckless disregard for the truth. The Court should not take these false statements

made by defendant A.T. Wall, lightly and subject the defendant and his counsel to the same "Show Cause proceedings - why the Court should not impose sanctions upon them; as did the Magistrate Judge subjected the Plaintiff to." The False statements are as follows:

AT Paragraph one, of the Affidavit - defendant Wall states he have "Personal Knowledge" of all the matters Contained in the Affidavit... This is a false statement, simply because defendant Wall was not present at any of these incidents -- thus, can not have "Personal Knowledge" as he stated, his counsel is well aware of this;

AT Paragraph six, defendant Wall stated that single cells in the Protective Custody unit are assigned according to seniority in the unit... this too is a false statement made by defendant wall. There is no such policy for seniority for assignment of "single cells" -- this was a lie. Moreso, several other inmates came into the "Protective Custody unit" after the plaintiff -- and was given immediate single cells; additionally, at the time the plaintiff was "doubled up" there were opened unoccupied cells and another cell that was being used as a mop closet.

AT Paragraph Seven, defendant Wall stated the plaintiff was found guilty by a "disciplinary board" of a disciplinary infraction -- this statement to is false. The plaintiff was never brought before a "disciplinary board" as required under the "Morris Rules" & RIDOC Policies -- but rather subjected to a "Kangaroo Court"

disciplinary process inwhich defendant LT. Galligan held, despite the fact of his direct and indirect involvement in the plaintiff being issued the disciplinary infraction in the first place -- As well, he deprived the plaintiff of his right to call witnesses, prepare a defense, have assistance of a meaningful staff representative, and he failed to conduct an investigation into the facts among other things -- All of which deprived the plaintiff of the basic due process.. Rights see Taylor v. Collins, et al C.A. 05-265(S) and Taylor v. Collins, et al C.A. 05-278(S) (Challenging the disciplinary process for the above mentioned Reasons -- violation of due process Rights -- basic)(Pending)

At paragraph Eight, defendant A.T. Wall stated in his Affidavit.. that the Deputy Warden reduced (6 LOP) the plaintiff's sanctions.. and the plaintiff served at the end of his 15 days in Segregation (June 21, 2005) -- this state too was a false statement -- defendant Wall knew that the plaintiff did not begin to serve the 6 days of "LOP".. until the Court issued the Order for defendant Wall to state the plaintiff housing.. on August 2, 2005. The same day the plaintiff was told he was going on "punishment". Defendant Wall knew this because he wrote to the plaintiff in late July and again on August 2, 2005..

Because the Court have set the "Bar high" with respect to making false statements (alleged) against the prose plaintiff -- it should be higher for defendant Wall and his Counsel Attorney Coyne-Fague they should know better then to include any false statements to the Court -- Appropriate Sanctions should be applied against defendant Wall and his Counsel, in the same manner the Magistrate applied to the prose plaintiff.

Having put the Court on Notice of the Above misconduct(s) by defendant Wall and his Counsel Attorney Coyne-Fague

The Plaintiff respectfully submits that he is currently (physically) housed in the "Protective Custody Unit" .. A mod, Cell A-7; thus, the limited issue may be deem moot until such time the defendant removed the plaintiff from Protective Custody.

However, the plaintiff respectfully brings to the Court's Attention the Magistrate Judge have overlooked or have not Addressed the Claims and issues in the "Temporary Injunction Motions" filed with the Court on or about March, 2005 and May 9, 2005 .. as noted by the District Judge in this matter (See plaintiff objections #1 and 2). Likewise there are several other outstanding matters that have not been Addressed.

Respectfully Submitted,

[signature] pro se
Thaddeus Taylor #128275
ACI-HSC
P.O. BOX 8200
Cranston, RI 02920

Certificate of Service

I Certify that a Copy of this motion was Mailed (US) postage prepaid, to Attorney Patricia Coyne-Fague, Office of Legal Counsel, 40 Howard Ave, Cranston, RI 02920 on this 8th day of August, 2005.

[signature] pro se
Thaddeus Taylor #128275

2005 AUG 15 P 3: 54

FILED