**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Thaddeus Taylor,** ***pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-118T** |
| | : | |
| **A.T. Wall, et. al.** | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTIVE RELIEF FOR PLASTIC CHAIR IN HIS CELL FOR MEDICAL PURRPOSES**

Now comes Defendant A. T. Wall in the above entitled matter and hereby objects to Plaintiff's Motion for Temporary Injunctive Relief for a plastic chair in his cell for medical purposes. For the reasons set forth in Defendant Wall's Memorandum in support of this Objection, Defendant Wall submits the Plaintiff's Motion should be denied.

Defendant, by his attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 17th day of August, 2005.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Thaddeus Taylor,** ***pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-118T** |
| | : | |
| **A.T. Wall, et. al.** | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTIVE RELIEF FOR PLASTIC CHAIR IN HIS CELL FOR MEDICAL PURRPOSES**

Now comes Defendant A. T. Wall, Director of the Rhode Island Department of Corrections, and hereby submits this memorandum in support of his objection to Plaintiff's Motion for Temporary Injunctive Relief for a plastic chair in his cell for medical purposes. For the reasons set forth below, Defendant Wall submits the Plaintiff's Motion should be denied.

**Introduction:**

Plaintiff Thaddeus Taylor is a penal inmate, currently housed in the High Security Center of the ACI. Plaintiff has filed a motion wherein he requests the Court grant him temporary injunctive relief and order the Department of Corrections to provide a plastic chair in Plaintiff's cell.

Defendant Wall objects to Plaintiff's request based on institutional order and security concerns. Defendant further states that denial of a chair does not implicate any 8th Amendment "Cruel and Unusual Punishment" claims.

A chair in the cell constitutes a fire hazard. Further, it could be used to block the door of the cell, or as a weapon. The United States Supreme Court has stated, "maintaining institutional security and preserving internal order and discipline are

essential goals [in prison administration]". Bell v. Wolfish, 441 U.S. 520, 546; 99 S.Ct. 1861, 1878 (1979). "Central to all other goals is the institutional consideration of internal security within the correctional facilities themselves." Id at 547, 1878.

The Court further stated "prison administrators ...should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id at 547, 1878. "Such considerations are peculiarly within the province and professional expertise of corrections officials and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." Id. at 548, 1879. A chair in Plaintiff's cell would clearly be a security risk; therefore, denial of such a request serves a valid purpose.

Defendant further submits that the denial of a chair in Plaintiff's cell does not implicate any 8th Amendment "Cruel and Unusual Punishment" claims. For a plaintiff to prevail on an 8th Amendment Cruel and Unusual Punishment Claim, he must show the facility has a knowing disregard of excessive risk to inmate health or safety. Flandro v. Salt Lake County Jail, 53 Fed. Appx. 499, 501 (Utah 2002). "The correct standard for an Eighth Amendment conditions of confinement claim requires a knowing disregard of excessive risk to inmate health or safety." Id. at 501. Further, "the condition must deprive the inmate of the minimal civilized measure of life's necessities and the official involved must have a sufficiently culpable state of mind amounting to deliberate indifference to a substantial risk of serious harm to an inmate." Id. at 501.

## II. **Standard for Issuance of Injunctive Relief:**

In order for Taylor to prevail on his motion for injunctive relief, he must demonstrate the following four elements: (1) the likelihood of his success on the merits; (2) potential for irreparable injury; (3) the relevant balance of hardships if the restraint does or does not issue; (4) and the effect on the public interest of a grant or denial of the motion. *Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 5 (1st Cir. 1991). Failure to demonstrate any one of these four elements prohibits the granting of an injunction.

Plaintiff has demonstrated no claims that would satisfy any of the four elements outlined for injunctive relief. Based upon the insufficiency of his claims, Plaintiff's motion for injunctive relief should be denied.

The Defendant would also point out that the Rhode Island Department of Corrections has established Policy #18.34 to ensure that inmates have access to medical treatment for health-related problems. Plaintiff merely has to fill out the "medical request form" and request to be seen at the clinic for his back problems.

For the reasons set forth in this memorandum, Defendant Wall submits that the Plaintiff's Motion for Injunctive Relief be denied.

Defendant, by his attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 12th day of August, 2005.

Kathleen Kelly