original

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR : CASE NO. C.A. 05-118T

v. :

CONNECTICUT DEPARTMENT OF CORRECTIONS : AUGUST 8, 2005

PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTION TO ORDER FOR PLASTIC CHAIR (MEDICAL

The Plaintiff Thaddeus Taylor in his pro se capacity, in the above captioned case respectfully files with this Honorable Court his "Reply" to the Defendants' OBJection to the Plaintiff's MOTION FOR COURT ORDER directing the defendants' to provide him with a "Plastic Chair" in His Cell FOR MEDICAL PURPOSES... Namely, because the Plaintiff have "preexisting back injuries" and needs the "Support" for his back... to avoid unnecessary pain.

The defendants, simply Argues that having a "plastic Chair" in his Cell would be a security risk... however, they fail to elaborate how could a "plastic chair" inside the plaintiff Cell.. Could be a "Security Risk." Indeed, Connecticut Department of Corrections "Protective Custody Unit" allows one plastic Chair in inmates cells... and there never have been an issue over this aspects.

Clearly, the defendants only desire is to

"punish" the plaintiff, as aresult of him excerising his Constitutional Rights -- by filing the instant matter... and force him to suffer from pain -- as he is required to litigate these matters -- as well as other pending matters.

The defendants also argues a variety of reasons that are unsupported by the fact(s) -- for example the defendants argues the plaintiff may submitted a request slip to "Medical" -- and receive treatment... and to their knowledge the plaintiff have not done so -- this statement and/or misleading statement is false -- the plaintiff have infact submitted several request(s) slips, letter(s) to the Head Medical director at RI DOC and others to no avail. Moreover, all cells are required to have a stool inside each one -- the plaintiff's Cell does not have any -- todate it have not been replaced, however the stool does not have a "back rest" or support -- a "plastic chair" would easy the plaintiff's pain and prevent further injuries, posture problems --- and certainly not a "MAJOR problem" for the defendants if ordered.

The defendants Arguments about "Cruel and Unusual Punishment" is a question of fact, especially inlight of the detailed 'back condition of the plaintiff, X-rays the defendants seen and medical records available to them. The plaintiff have not seen a "doctor" since his arrival at High security facility -- This is as aresult of the defendants "de facto" policies of not hiring sufficient "doctors" and inadequate medical care -- to which a Jury must decided.

Despite, the defendants attempt to mask this request for a "Plastic Chair" inside his Cell for Medical reasons as stated above.. as an attempt for the Court to manage the prisons.. is hardly the case.. whatsoever.. The plaintiff is only seeking an order to have a "plastic Chair" in his Cell while he is housed within Rhode Island DOC.. If the plaintiff was in Connecticut-DOC.. the Correctional officials would provide a "Plastic chair" for the plaintiff to use inside his Cell. (The plaintiff requests the Court to be remindful that--he is not a "Rhode Island inmate"---but rather a Connecticut inmate.. that under the "New England Interstate Corrections Compact" Agreement he shall be treated for all practical purposes as if he was housed in a Connecticut Prison--and entitled to all the Rights and benefits a Connecticut inmate is entitled to in the STATE of Connecticut) (Defendant wall must adhere to his Contractual Agreement in the treatment of the Plaintiff as a matter of Law) Accordingly a Plastic Chair should be ordered.

Respectfully Submitted,

[signature] pro se

Thaddeus Taylor #128275
ACI-HSC
P.O. Box 8200
Cranston, RI 02920

'05 AUG 12 15:15:53

Certificate of Service

I certify that a copy of this Motion was mailed to Attorney Patricia A. Coyne-Fague, RIDOC 40 Howard Ave, Cranston, RI 02920 on this 8th day of August, 2005.

[signature] pro se
Thaddeus Taylor #128275