**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Thaddeus Taylor,** ***pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-118T** |
| | : | |
| **A.T. Wall, et. al.** | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR PERMISSION TO FILE WRITTEN DEPOSITION QUESTIONS TO DEFENDANTS**

Now comes Defendant A. T. Wall, Director of the Rhode Island Department of Corrections, and objects to Plaintiff's Motion for Permission to File Written Deposition Questions to Defendants.

Defendant Wall respectfully submits Plaintiff's Motion should be denied.

Defendant, by his attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 11Th day of August, 2005.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Thaddeus Taylor, *pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-118T** |
| | : | |
| **A.T. Wall, et. al.** | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS OBJECTION TO PLAINTIFF'S MOTION FOR PERMISSION TO FILE WRITTEN DEPOSTIONS QUESTIONS**

Now comes Defendant A. T. Wall, Director of the Rhode Island Department of Corrections, and hereby responds to Plaintiff's Motion seeking permission to file written deposition questions upon all Defendants. For the reasons set forth below, Defendant Wall submits the Plaintiff's Motion should be denied.

Rule 31 of the Federal Rules of Civil Procedure provides for the taking of written deposition questions. Rule 31 provides that written questions shall be served upon all parties along with notice identifying the person to be deposed. *See Fed. R. Civ. P. 31(a)(3).* Rule 31 further provides that upon receipt of the notice of deposition and the written questions, a party may serve cross questions upon all parties within 14 days, followed by re-direct questions being served on all parties within 7 days, followed by re-cross questions being served upon all parties within another 7 days. *See Fed. R. Civ. P. 31(a)(4).* Once all questions are submitted, the party taking the deposition shall deliver all questions "to the officer designated in the notice, who shall promptly, in the manner provided by Rule 30( c),(e), and (f), take the testimony of the witness in response to the questions and prepare, certify, and file or mail the deposition, attaching thereto the copy of the notice and the questions received by the

officer". *See Fed. R. Civ. P. 31(4)(b).* Rule 30 (c) provides that the officer shall record the testimony by some recording means, including sound, sound and visual, or stenographic means. *See Fed. R. Civ. P. 30(c) and (b)(2).*

Plaintiff's motion and accompanying memorandum requests the questions be responded to on separate documents within 20 days. Plaintiff is essentially requesting a second set of Interrogatories. There is no provision in Rules 31 or 30 for this procedure.

Defendant further objects to Plaintiff's request that the Court allow him one "follow-up" of written deposition questions after he receives the answers from each Defendant, and that the "follow-up" questions be answered within 10 days. Again, there is no provision in the Rules for this procedure. Further, "absent some showing of need or good reason for doing so, a deponent should not be required to appear for a second deposition". *See Fed. R. Civ. P. 30(a)(2)(B),* and *Melhorn v. New Jersey Transit Rail Operations, Inc.*, 203 F.R.D. 176, 180 (E.D.Pa. 2001)

For the reasons set forth in this memorandum, Defendant Wall submits that the Plaintiff's Motion for Permission to File Written Deposition Questions to Defendants should be denied.

Defendant, by his attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 11th day of August, 2005.

Kathleen Kelly