**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Thaddeus Taylor, *pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-118T** |
| | : | |
| **A.T. Wall, et. al.** | : | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE HAGOPIAN'S REPORT AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE**

Now comes Defendant A. T. Wall, in the above entitled matter and hereby responds to Plaintiff's Objection to Magistrate Hagopian's Report and Recommendation that Plaintiff's Complaint be dismissed with prejudice. Defendant's response is outlined in the accompanying Memorandum.

Defendant Wall respectfully submits Plaintiff's Complaint should be dismissed with prejudice.

Defendant, by his attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 10th day of August, 2005.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **Thaddeus Taylor, *pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-118T** |
| | : | |
| **A.T. Wall, et. al.** | : | |

**DEFENDANT'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE HAGOPIAN'S REPORT AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE**

Now comes Defendant A. T. Wall, Director of the Rhode Island Department of Corrections, and hereby submits this Memorandum in response to Plaintiff's Objection to Magistrate Hagopian's Report and Recommendation that Plaintiff's Complaint be dismissed with prejudice. For the reasons set forth below, Defendant Wall submits the Plaintiff's Complaint should be dismissed with prejudice.

**Background:**

On June 16, 2005, Plaintiff was ordered by Magistrate Hagopian to show cause before July 15, 2005 as to why his complaint should not be dismissed with prejudice based on Plaintiff's misrepresentations to the court that he was indigent. (See Order to Show Cause, citing 28 U.S.C. § 1915(e)(2)(A)). The Order was based on allegations that, despite Plaintiff's representations of indigency, he had on deposit at the Rhode Island Department of Corrections funds totaling $2,915.07, and had received on May 19, 2005, a settlement check in the amount of $5000.00.

Plaintiff responded to Magistrate Hagopian's Order on June 23, 2005, and stated that he did not intentionally misrepresent his financial ability to the court. Defendant

Wall filed a Reply to Plaintiff's Response on June 30, 2005, wherein information was presented to the court that, among other things, that plaintiff signed a settlement stipulation on April 1, 2005, demonstrating that he was aware he was receiving a $5000.00 settlement check. Documents were also submitted demonstrating that despite Plaintiff's assertions that he was unaware he had any money in his inmate account, Plaintiff purchased a long list of personal items from the Commissary.

On July 25, 2005, Magistrate Hagopian issued a Report and Recommendation that Plaintiff's Complaint be dismissed with prejudice. As part of the Court's reasoning Magistrate Hagopian noted Plaintiff's "repeated false representations to the Court" (see page 4 of the Report and Recommendation). The Court also noted Plaintiff's prior untruthful IFP application in the United States District Court for the District of Connecticut (see page 5 of the Report and Recommendation) and took judicial notice of two additional pending lawsuits in Rhode Island wherein Plaintiff filed motions to proceed *in forma pauperis*. (See page 5 of the Report and Recommendation). The Court further noted "the Plaintiff is not a novice litigant". (See page 5 of the Report and Recommendation, citing Defendant's Exhibit Taylor v. Dzurenda, C.A. No. 3:04CV2071 (DJS) (D.Ct. May 19, 2005)).

On July 28, 2005, Plaintiff filed an Objection to Magistrate Hagopian's Report and Recommendation that his complaint be dismissed with prejudice. In his objection he addresses the Court's determination that he is not a novice litigant and states "the Plaintiff submits that he have no legal training, nor have he been to any law school..in fact, this is his first time being incarcerated, being an ex-correctional officer and a

veteran..he simply is a lay person ..trying to litigate his case(s) issues and concerns to which he believes violated his constitutional rights..nothing more..thus should be given the benefit of the doubt by the Magistrate Judge". (See page 2 of Plaintiff's Objection).

Defendant Wall responds to these representations and specifically refers the Court to a letter sent to Defendant Wall on July 25, 2005, just three days prior to the filing of his Objection. In that letter Plaintiff states to Defendant Wall "I'm respectfully requesting to be the 'law clerk' for the Protective Custody Unit. I have extensive knowledge of the legal process, law, etc., and have extensive knowledge in being a 'law clerk' for the past 10 years or so". (See attached page 5 of the letter addressed to Director A.T. Wall, dated July 25, 2005).

"A party is responsible for reaffirming all contentions in papers filed before the court and informing the court of any changes of circumstances that would render a contention meritless." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997). A party must "make reasonable inquiries into the veracity of information filed before the court and to advise the court of any changes". *Id* at 613. Plaintiff is this case asserts limited legal ability in his Objection to Magistrate Hagopian's Report and Recommendation; yet he asserts completely contrary facts to Defendant Wall just three days prior to the filing of his Objection. This is a blatant misrepresentation to the Court. There is no change in circumstances to even consider. The Plaintiff has simply, deliberately misrepresented himself to the Court in his most recent pleading.

Based on the forgoing argument, as well as Defendant's assertions in his prior pleadings, the Defendant respectfully submits that Plaintiff's complaint should be dismissed with prejudice.

Defendant, by his attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 10th day of August, 2005.

Kind of investigation occurred over the Racial issues -- but I do know that Nobody interviewed me about this -- Nor have the Racial issues been adequately Addressed -- Please, investigate these matters and Correct them -- Please, Ask staff to treat all inmates "equally" and fairly -- without regard to "RACE". Director Wall, Also it appear staff and Superior officers are not aware of their "baises" or "unfair" treatment as a result of past practices or Customs -- and/or not trained on it -- But, please take a Look at how many $3.00 a day Jobs Black inmates in the P.C. unit have and other inmates have. "None" -- Recently, there was/is an opeing in the "Law Library" for Law Library Clerk $3.00 per day Job -- ~~that~~ that I applied for and to date have not been assigned the "Job" -- however, the staff took a White inmate "Created" a Job -- at pay grade $3:00 per day to work in the "Law Library" -- but the inmate, Can't read or write effectively -- and he do not have his "GED" ~~etc~~., This is a issue -- of 'Racial Discriminatory Practices' that should be Addressed. Although, staff Can not see it because -- of past "Customs" and Policies it is a real issue Please investigate these matters as well -- I'm respectfully requesting to be the "Law Clerk" for the "Protective Custody Unit" -- I have extensive Knowledge of the Legal process, Law ~~etc~~ -- and have extensive Knowledge in being a "Law Clerk" for the past 10 years or so -- I believe I'm also being Retaliated against because I excercised my Rights as well This should not be allowed.