**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Thaddeus Taylor,** ***pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-118T** |
| | : | |
| **A.T. Wall, et. al.** | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR COURT ORDER AND TO COMPEL DEFENDANT'S TO COMPLY TO DISCOVERY REQUESTS, PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

Now comes Defendant A. T. Wall in the above-entitled matter and hereby objects to Plaintiff's Motion for Court Order and to Compel Defendant's to comply with Discovery Requests, Production of Documents and Interrogatories.

Defendant, by his attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2546
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 10th day of August, 2005.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Thaddeus Taylor, *pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-118T** |
| | : | |
| **A.T. Wall, et. al.** | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS OBJECTION TO PLAINTIFF'S MOTION FOR COURT ORDER AND TO COMPEL DEFENDANT'S TO COMPLY TO DISCOVERY REQUSTS, PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

Now comes Defendant A. T. Wall in the above-entitled matter and hereby submits this Memorandum in support of his objection to Plaintiff's Motion for Court Order and to Compel Defendant's to Comply to Discovery Requests, Production of Documents and Interrogatories.

As previously stated in Defendant's Answers to Interrogatories and Requests for Production of Documents, many of Plaintiff's discovery requests are overbroad, unduly burdensome, not reasonably calculated to lead to discovery of relevant evidence and, in some cases, disclosure would pose a risk to security. (See attached Defendant's Answers to Plaintiff's Interrogatories and Request for Production of Documents). Defendant herein reiterates those objections.

Defendant further submits that numerous materials have been turned over to Plaintiff in response to his discovery requests, and as such, Defendant has complied with Plaintiff's requests for discovery.

Defendant, by his attorney,

/s/ Kathleen Kelly
Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2546
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 10th day of August, 2005.

/s/ Kathleen Kelly

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **THADDEUS TAYLOR,** *pro se,* v. **A.T.WALL,** Director, Rhode Island Department of Corrections, **RHODE ISLAND DEPARTMENT OF CORRECTIONS, CONNECTICUT DEPARTMENTOF CORRECTIONS, STATE OF CONNECTICUT,** and **TERESA LANTZ, et al.** | : | **C.A. No.: 05-118T** |

FILE COPY

**DEFENDANT WALL'S ANSWER TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Now comes Defendant Wall, by and through counsel, and hereby answers the Plaintiff's Interrogatories and Request for Production of Documents. Plaintiff's requests are repeated verbatim before Defendant's responses.

**GENERAL OBJECTION:** Defendant objects to Plaintiff's Requests for Interrogatories and Production of Documents insofar as the requests are overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Plaintiff's incarceration date at the Rhode Island Department of Corrections began on March 9, 2005. Plaintiff seeks discovery of information from January 2002 to the present. As such, most of Plaintiff's requests are irrelevant to his Complaint and overly burdensome to the Defendant.

1. State the employment history of the defendant(s) Wall, Gadsden, Caruso, DiNitto, Hiltermann, Whitman, Stebbins and Vitale to include date of hire, facilities

assigned to and job descriptions, duties..while employed with the Rhode Island DOC; please also provide copies of the job descriptions or other documents set forth in the requirements of each job or title(s) for each defendant;

**ANSWER:** Objection. Defendant's request is overbroad, immaterial and not reasonably calculated to lead to the discovery of relevant information. Without waiving the objection, Defendant states as follows:

1. A.T. Wall - Director of the Department of Corrections, hired by DOC April 12, 1987, held position of Director since March 9, 2000. See copy of attached Rhode Island General Law 42-56-10 for description of the duties and powers of the Director.

2. Jake Gadsden – Assistant Director - Institutions and Operations - hired by DOC January 19, 1997, has held current position since September 23, 2001. See attached document entitled "Assistant Director – Institutions/Operations" for this job description.

3. David Caruso – Deputy Warden – Hired on February 22, 1981, held position of Deputy Warden since November 21, 1999. See attached document entitled "Deputy Warden – Corrections" for the job description of Deputy Warden.

4. Joseph DiNitto – Assistant Director of Classification Services – date of hire is March 12, 1978, held current position as of April 12, 1992. See attached document entitled "Associate Director Classification Services (Corrections)" for this job description.

5. Roy Hiltermann – Deputy Warden – hired by DOC April 19, 1978, held current position since July 20, 1997. See attached document referred to above for the Deputy Warden job description.

6. Walter Whitman – Warden – hired by DOC March 28, 1976, held current position since February 9, 1992. See document entitled "Deputy Assistant Director Department of Corrections (Adult Services) Warden" for the job description.

7. Lt. Sandra Stebbins – Correctional Officer, Lieutenant – hired by DOC July 14, 1973, held current position since May 17, 1992. See attached document entitled "Correctional Officer – Lieutenant" for the job description.

8. Captain Robert Vitale – Correctional Officer, Captain – hired by DOC June 2, 1982, held current position since March 25, 2001. See attached document entitled "Correctional Officer – Captain" for the job description.

2. State the names, titles and duties of all staff members and superior officers at the High Security Facility and Intake Services Center; please include dates of hire, race and sex, duties:

**ANSWER:** Objection. Plaintiff's request is irrelevant, overly burdensome and not calculated to lead to discovery of relevant evidence. Without waiving the objection

Defendant refers Plaintiff to attached documents entitled "Department of Corrections – High Security Center" and "Department of Corrections – Intake Services Center".

3. State and list all the names and addresses of all Correctional Facilities within the Rhode Island Department of Corrections. Please also include the following information of each facility; the name of the warden, deputy warden(s), their races and dates of hire with the Rhode Island DOC. The operating budget and number of inmates each facility currently house (*sp*) and the "capacity" of the facility. Please provide all records or documents pertaining to the available programs for inmates at each facility; please also name all other buildings that are a part of RI DOC; please state the name of each department and the administrator(s) or supervisors of each facility or department; please provide job descriptions, functions of each department or facility.

**ANSWER:** Objection. Plaintiff's request is overly burdensome, immaterial and not calculated to lead to discovery of relevant evidence. Without waiving the objection, Defendant states the following:

<u>Addresses of each facility, Warden, Deputy Warden, date of hire:</u>

1. Intake Services Center – P.O. Box 8249, Cranston, RI 02920

   Warden – David McCauley – date of hire 6/21/82

   Deputy Wardens – Matthew Kettle - date of hire 4/9/89; Alfred Leach – date of hire 3/26/89.

2. Minimum Security Facility – Box 8212, Cranston, RI 02920

   Warden – James Vierra – doh 8/31/75

Deputy Wardens – Silma-del Langley - doh 12/20/87; Sergio Desousarosa – doh 9/24/89.

3. Medium I – John Moran Facility – P.O. Box 8274, Cranston, RI 02920

Warden – Walter Whitman – doh 3/28/76

Deputy Wardens – Roy Hiltermann - doh 4/19/78; Kirk Kaszyk – doh 6/2/82

4. Medium II – Donald Price Facility – P.O. Box 20983, Cranston, RO 02920

Warden – Walter Whitman

Deputy Warden - David Caruso - doh 2/22/81.

5. Maximum Security – P.O. box 8273, Cranston, RI 02920

Warden – James Weeden – doh 8/20/78

Deputy Warden – Stephen Boyd - doh 6/2/82

6. High Security Center – P.O. Box 8200, Cranston, RI 02920

Warden – James Weeden

Deputy Warden – Donna Collins – doh 1/28/01

7. Woman's Facility – McDonald Facility – Wilma Schester Lane, P.O. Box 8312, Cranston, RI 02920

Warden- Carole Dwyer – doh 9/9/90

Deputy Warden – Cynthia Drake – doh 10/8/89

8. Woman's Facility – Dix Facility – Wilma Schester Lane, P.O. Box 8312, Cranston, RI, 02920

Warden – Carole Dwyer

Deputy Warden – Cynthia Drake

Operating Budget and number of inmates housed in each facility.

Defendant refers Plaintiff to attached documents entitled "Rhode Island Department of Corrections Costs per Offender - FY 2004" and "FY 2004 Expenditures by Function". Defendant also refers Plaintiff to attached documents entitled "RI Department of Corrections - Total Expenditures" and documents entitled "Race/Security Cross-tabulation" outlining the number of inmates in each facility and the breakdown by race, both sentenced and non-sentenced. Further, Defendant refers Plaintiff to the documents entitled "Department of Corrections - Maximum Security, Moran Medium Facility, Price Medium Facility, Minimum Security, Dix Minimum Security Facility, and McDonald Awaiting Trial and Medium Facilities" (6 in total) which provide information relating to facility capacity, average population, and staffing.

Records pertaining to available programs for inmates in each facility:

See attached document (10 pages in length) listing the programs available in each facility with descriptions of each program.

4. Please state all employees that are working for the Rhode Island DOC Office of Inspections, please provide the name of all supervisors, dates of hire for all employees and race/sex of this department; please state the duties and function of this department and provide copies of the job descriptions of all employees including title, rank and any special assignments; please state the operating budget of this department and produce all records.

**ANSWER:** Objection. Plaintiff's request is overly burdensome, immaterial and not calculated to lead to discovery of relevant evidence. Without waiving the objection, Defendant refers Plaintiff to the document entitled "ACC TITLE" listing the names of employees in the Office of Inspection, their titles, dates of hire, and facility located. Also, see documents entitled "Inspector, Office of Inspections" for a job description of inspectors in the Office of Inspections; "Chief Inspector – Office of Inspections" for a job description of the supervisor of the office, and, the document entitled "Department of Corrections – Office of the Director" for description of the duties and function of this department.

5. Please state all the employees that are working for the R.I. Department of Corrections, Office of Legal Counsel; please provide all names of all employees, race and sex, dates of hire, titles, duties, job description for each position; please produce copies of all job descriptions of all employees, please state the current operating budget of this office.

**ANSWER:** Objection. Plaintiff's request is irrelevant and immaterial to the matters presented in his Complaint. Without waiving the objection, Defendant refers Plaintiff to the document entitled "Department of Corrections – Officer of the Director" for a description of the duties and function of the Office of Legal Counsel. Defendant further answers that the Office of Legal Counsel currently employs three attorneys: Patricia Coyne-Fague – Chief Legal Counsel; Michael Grant – Deputy Chief Legal Counsel; Kathleen Kelly – Senior Legal Counsel.

6. Please state the procedures in effect during the time frame of January 1, 2004 thru June 1, 2005 for the department of corrections to transfer and accept any inmate under the New England Interstate Corrections Compact; please also state who would be the final decision maker for this process. Please provide a current copy of this contractual agreement with the State of Connecticut, and all New England states to which the Rhode Island Department of Corrections....please provide copies of all administrative directives, policies, or other documents that governs (*sp*) the process of transferring an inmate to out-of-state facility and accepting an inmate from another member state.

**ANSWER:** Objection. Plaintiff's request is overbroad and, in part, immaterial and not reasonably calculated to lead to the discovery of relevant evidence as it relates to states other than Connecticut.

Without waiving the objection Defendant states the Director of the Department of Corrections, A.T. Wall, is the final decision maker for the transfer process. Defendant further refers Plaintiff to documents entitled "15.03 DOC – Out of State Transfers, 4/01/02" for the Department of Corrections' policy and procedure for the transferring of inmates to and from facilities in different states; and "Intergovernmental Agreement for the Implementation of the Interstate Corrections Compact" for the contractual agreement.

7. State who was the approving authority of the Rhode Island DOC accepting inmate Thaddeus Taylor RI DOC # 128275; Ct DOC #237855; please provide all documents, records of correspondences between Connecticut DOC and Rhode Island DOC in which resulted in the plaintiff Thaddeus Taylor #128275; Ct DOC #237855; please state the conditions for accepting inmate Taylor into Rhode Island DOC; and state whether or not any special circumstances or conditions were agreed upon; if so, please state and provide a copy of such documents or records.

**ANSWER:** Objection. Plaintiff's request is irrelevant, overbroad and not calculated to lead to discoverable information. Further, the disclosure of certain information constitutes a security risk. Without waiving the objection Defendant refers Plaintiff to answer to Interrogatory #6, and to documents entitled "Referral Summary", Face Sheet", "Mitts/Sentencing Documents", "Time Sheet", "Disciplinary Hearing", "Movement Sheet", and "Progress Reports While Housed in the Federal Bureau of Prisons". Defendant also states the Director of the Department of Corrections, A. T. Wall, is the approving authority for accepting inmates from other states.

8. Please state what is the purpose of the New England Interstate Corrections Compact Agreement; please state if Inmate Taylor benefits from being transferred of (*sp*) him on March 9, 2005 from Connecticut to Rhode Island DOC.

**ANSWER:** Objection. Plaintiff's request is irrelevant and not calculated to lead to the discovery of relevant evidence. Without waiving the objection, Defendant refers Plaintiff to answer to Interrogatory #6.

9. Please state whether it is the policy and custom of the Rhode Island Department of Corrections to transfer inmates out of state in retaliation for them exercising their constitutional rights. State whether or not it is the "policy and custom" of Rhode Island DOC to allow other member states to use the New England Interstate Corrections Compact Agreement to transfer inmates as a retaliatory measure for that inmate exercising his constitutional rights. Please provide copies of all documents, policies, directives, that govern this process.

**ANSWER:** No.

Defendant further refers Plaintiff to answer to Interrogatory #6.

10. Please state all the names, inmate number(s) Rhode Island DOC and member state Inmate number(s) of all inmates that were sent out of state by Rhode Island DOC or accepted by Rhode Island DOC to take other inmates in exchange for money of (*sp*) other agreement from out of state; please produce all records, documents, correspondences, to include brief summary of each inmate stated reasons for transfer(s) to/from Rhode Island DOC... Please currect (*sp*) location, addresses of all inmates..this request covers the time period of January 1, 2002 thru (sp) the present June 6, 2005 and ongoing.

**ANSWER:** Objection. Plaintiff's request is irrelevant, overbroad, and not calculated to lead to the discovery of relevant evidence. Further, Plaintiff's request poses a security risk to the Rhode Island DOC.

11. Please state specifically the name of the inmate that Rhode Island DOC sent to Connecticut in exchange for inmate Taylor #128275. If no inmate was sent in exchange, please state the conditions inmate Taylor was accepted under. Please provide all records, documents, and correspondences to and from Connecticut Department of Corrections. Please also include the "exchanged inmates" Connecticut Dept. of Corrections inmate number and Connecticut location; provide copies of all documents or a brief summary of why this inmate was transferred to Connecticut.

**ANSWER:** Objection. Plaintiff's request is irrelevant, immaterial and also poses a security risk to the Rhode Island DOC. Without waiving the objection Defendant refers Plaintiff to Interrogatory #6.

12. State the name of all Connecticut DOC inmates that have been processed or accepted to the Rhode Island DOC through the New England Interstate Corrections Compact Agreement, between January 2003 thur (*sp*) the present date June 2005 and ongoing; provide all records, documents, pertaining to these transactions.

**ANSWER:** Objection. Plaintiff's request is irrelevant, overbroad, and not calculated to lead to the discovery of relevant evidence. Further, Plaintiff's request would pose a security risk to the Rhode Island DOC.

13. State the number of employees within the Rhode Island Department of Corrections, please state their date of hire, race and sex, please include break down this

(*sp*) information into each facility; please include all departments(s), offices and administrators offices; please provide all records and documents pertaining to this question; this request covers the year(s) of 2002 through the present June 2005 and ongoing.

**ANSWER:** Objection. Plaintiff's request is irrelevant, overbroad, unduly burdensome and not calculated to lead to the discovery of relevant evidence.

14. Please state the number of inmates that are currently incarcerated, their names, current locations, and their race and sex; please also include all inmates that are on home confinement, parole, or otherwise that are under the supervision of the Rhode Island DOC and the responsibility of the Director, A.T. Wall, please include all records of the budget and operations for the Rhode Island Dept. of Corrections.

**ANSWER:** Objection. Plaintiff's request is overbroad and irrelevant. Further, parts of Plaintiff's request pose a security risk to the Rhode Island DOC.

Without waiving the objection Defendant refers Plaintiff to answer to Interrogatory #3 as well as the documents entitled "Sentenced population on 3/31/05" and "Awaiting Trial - Other Hold Population on 3/31/05". Defendant further refers Plaintiff to documents entitled "Rhode Island Department of Corrections Annual Report 2003 and 2004" (2 documents) for inmate information.

15. Please state whether the Plaintiff was deprived of his personal property that was transported within from Connecticut DOC; if so please state the reasons therefore, and

please provide copies of all directives, policies, documents in which Rhode Island DOC relied upon to withhold the Plaintiff's personal property; please also state all the name(s), positions of the individuals that authorized the Plaintiff's personal property to be withheld; please state all items that were withheld from the Plaintiff, its whereabouts at this time; please state the estimate cost or value of all the property.

**ANSWER:** Objection. Plaintiff's request is overbroad and irrelevant. Further, certain requested information is outside the knowledge of the Defendant. Specifically, Defendant has no way of knowing the value of any personal property belonging to Plaintiff.

Without waiving the objection Defendant refers Plaintiff to the documents entitled "Inmate Property Record" (4 pages) and two (2) copies of notice that certain items of personal property are not authorized in the facility, with a list of those items. Defendant further refers Plaintiff to answer to Interrogatory #6.

16. Please state whether or not fire/smoke detectors are located in inmates cells; whether or not fire sprinklers are located in inmates cells or throughout the housing units and emergency medical buttons in each inmate cell..for the Intake Service Center, Medium One, and the High Security Facility; if not please explain why not and any other manner or method in which may protect inmates locked inside cells from fires; please provide documents, directives, policies, fire plans for each facility, and fire drills that were conducted at each facility. Please provide copies of all records of these fire drills, names of staff and superior officers involved in each incident from January

2002 through June 1, 2005. Please also provide copies of all Rhode Island Laws that indicates (sp) no smoke detectors, fire sprinklers are required in each facility as stated herein.

**ANSWER:** Objection. Plaintiff's request is irrelevant, overbroad, unduly burdensome and not calculated to lead to the discovery of relevant evidence. Without waiving the objection Defendant refers Plaintiff to document entitled "Facilities and Maintenance – Inter-office Memorandum – Fire Safety Issues" which outlines the fire safety inspections performed throughout the DOC complex.

17. Please state whether proper maintenance on the ventilation systems are conducted; please explain what steps are taken to ensure "fresh air" and proper ventilation systems are going to inmate cells and the facilities.. Intake Service Center, Medium One and the "High Security" Facility; please provide all records, including the dates and names of individuals responsible fro changing the air filters in the ventilation systems, for the past three years to the present date June 6, 2005; please provide records of all maintenance work on the ventilation system at each of the above named facilities.

**ANSWER:** Objection. Plaintiff's request is irrelevant, overbroad and not reasonably calculated to lead to the discovery of relevant evidence.

18. Please state and provide a description of all available rehabilitation programs, education programs, religious programs, vocational programs, recreation programs,

available to inmates within Rhode Island DOC..please be specific as to which programs are available at which facility and briefly describe all programs. Please state what programs are available to protective custody inmates....from January 1, 2003 through the present June 1, 2005. Please provide the name of all instructors to each program and the dates and locations.

**ANSWER:** Objection. Plaintiff's request is overbroad, unduly burdensome and not calculated to lead to the discovery of relevant evidence. Without waiving the objection Defendant refers Plaintiff to answer to Interrogatory #3.

19. Please state what are Category "A" inmates are entitled to (as far as benefits and privileges under Rhode Island policies and procedure(s) (DOC) and pursuant to any consent decree...please state whether protective custody inmates are provided the opportunity to enjoy the "benefits and privileges" of other Category "A" inmates if not please explain why not; and what benefits and privileges that are being provided to them. This request covers the time period from January 1, 2003 thru (*sp*) June 6, 2005...please specify all programs the dates in which they were provided and the number/names of inmates that participated in each program in the protective custody unit.

**ANSWER:** Objection. Plaintiff's request is irrelevant, unduly burdensome and not calculated to lead to the discovery of relevant evidence. Further, Plaintiff's request poses a risk to security at the RI DOC.

Without waiving the objection Defendant refers Plaintiff to the attached document entitled "Policy 12.01 DOC; Protective Custody for Inmates". Policy 12.01 states inmates in protective custody shall have access to programs and activities similar to those available to inmates in the general population of the institution, within the limits of available resources and subject to adequate security and protection".

PC inmates at the High Security Center have access that exceeds those of the general population of HSC. PC inmates have more out of cell time, night courtyard recreation, and phone privileges along with contact visits that are not afforded the rest of the population at HSC. Education and religious programs that are afforded the HSC population are offered to PC inmates housed at HSC.

20. Please state why is the "protective custody unit" being housed in the High Security Facility and not housed at any other "general population facility" whereas they may received (*sp*) the same benefits and privileges of other "Category A" inmates; please explain and state whether the "protective custody unit" inmates are given the opportunity to weight lift, play softball, play ping pong, and pool, watch movies on the weekend, computer classes or vocational programs. If not please explain why not and when was the last time the protective custody inmates were allowed such privileges and benefits; please state what is the current daily operations for the protective custody unit at the High Security Unit..and please state what changes are being made if any, to ensure protective custody inmates "Category A" are provided the exact same benefits

of other "Category A" inmates. Please provide copies of all records, directives, policies that governs the protective custdy unit; all time frames for this request pertains to January 1, 2003 though the present date June 6 and ongoing.

**ANSWER:** Objection. Plaintiff's request is irrelevant, overbroad, unduly burdensome and not calculated to lead to the discovery of relevant evidence. Further Plaintiff's request poses a risk to security to RI DOC.

Without waiving the objection Defendant states inmates in HSC population and PC are not offered weightlifting, softball, ping pong, computer classes or vocational classes at HSC. PC inmates are allowed TV's in their cells. HSC population inmates are not allowed TV's.

**PRODUCTION OF DOCUMENTS REQUEST**

1. Please provide a copy of all records, documents pertaining to inmate Thaddeus Taylor #128275 that is in possession of the Rhode Island DOC; to include a copy of his inmate master file, classification files, protective custody files, medical files, Special Investigation Unit files, Office of Inspections files, Office of Legal Counsel files, Interstate Compact Office files, please also state where each file is located, the purpose of each file;

**ANSWER:** Objection. Plaintiff's request is overbroad, immaterial and not calculated to lead to discovery of relevant information. Further, portions of Plaintiff's request pose a security risk to the RI DOC, and, as it relates to the legal department, are privileged and confidential under the work product exception.

2. Please provide copies of all formal complaints, grievances, complaints, requests to administrators and there (*sp*) response(s) filed by the Plaintiff in regards to any aspect of his incarceration with Rhode Island DOC; from March 9, 2005 to present.

**ANSWER:** Objection. Plaintiff is already in possession of these documents. Plaintiff has initiated numerous grievances, as well as written numerous letters, to superior officers, wardens, and administrators of the DOC. These individuals have responded in writing directly Plaintiff in regards to these grievances, complaints and general correspondence.

3. Please provide copies of the procedures of the Office of Inspection, RI DOC, and the Special Investigations Unit in conducting an investigation into formal complaints of staff misconducts, between March 9, 2005 through 2005.

**ANSWER**: Objection. Plaintiff's request is overbroad and poses a risk to security. Without waiving the objection Defendant refers Plaintiff to document entitled "13.10 DOC; INMATE GRIEVANCE PROCEDURE; 5/20/96"

4. Please provide a copy of the contractual agreement between "Keefe Commissary" Network Sales and Rhode Island DOC; contractual agreement between the "telephone services" and Rhode Island DOC; contractual agreement between "Block Buster" or similar agency and Rhode Island DOC to provide (movies); please

provide all records, documents, and financial agreements between the parties and RI DOC.

**ANSWER**: Objection. Plaintiff's request is overbroad and irrelevant. Without waiving the objection see attached documents entitled "Concession Contract" relating to Keefe Commissary, see document entitled "Prior Agreement Amendment - Film. Movie Video tape Rentals" relating to providing for movies

5. Please provide a copy of the budget and breakdown of all expenses of the RI DOC for the years 2002, 2003, 2004, 2005.

**ANSWER:** Objection. Plaintiff's request is irrelevant, overboard and not reasonably calculated to lead to discoverable evidence. Without waiving the objection Defendant refers Plaintiff to answers to Interrogatories #3 and #14.

6. Please provide "union" contractual agreements for Rhode Island DOC employees, Code of Ethics policies for all correctional officers and superior officers. Please include all provisions governing staff disciplinary procedures to include termination; please state the effective dates and end of each contractual agreement.

**ANSWER**: Objection. Plaintiff's request is irrelevant and immaterial. Without waiving the objection see attached copy of the "Code of Ethics".

7. Please provide copies of any lawsuit, complaint filed against Rhode Island DOC in regards to living conditions, treatment of, protective custody inmates within Rhode

Island DOC for the past five years. Please also state the results of each lawsuit, proceedings and the location and cases numbers of each lawsuit; if any "settlement" or "consent decree" were issued that pertains to the treatment of protective custody inmates please provide.

ANSWER: Objection. Plaintiff's request is irrelevant, overbroad, unduly burdensome and not calculated to lead to discoverable evidence. Further, said documents are work product and therefore protected as privileged and confidential.

As to Objections:

Kathleen Kelly
Senior Legal Counsel
Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
(401) 462-2546
*Fax* (401) 462-2583

Ellen Evans Alexander
Assistant Director of Administration /Acting Director
Rhode Island Department of Corrections

Sworn to and subscribed before me this the 29th day of July, 2005.

Notary Public:

My Commission Expires:

James Weeden - Warden
Department of Corrections

Sworn to and subscribed before me this the 29th day of July, 2005.

Notary Public: My Commission Expires: 9-9-05

## CERTIFICATION

I, the undersigned, hereby certify that a copy of the foregoing Answers To Interrogatories and Request for Production of Documents was mailed, postage prepaid, on this 29th day of July 2005, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI, 02920.