**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THADDEUS TAYLOR,** *pro se,*

**v.** **C.A. No.: 05-118T**

**A.T.WALL,** Director, Rhode Island Department of Corrections, **RHODE ISLAND DEPARTMENT OF CORRECTIONS, CONNECTICUT DEPARTMENTOF CORRECTIONS, STATE OF CONNECTICUT,** and **TERESA LANTZ, et al.**

**OBJECTION TO PLAINTIFF'S "MOTION FOR ORDER DIRECTLY ADVISING ATTORNEY PATRICIA A. COYNE-FAGUE THAT SHE SHALL RECUSE HERSELF IN THIS CASE"**

Now come the Defendants in the above entitled matter and, for the reasons argued in the accompanying memorandum of law, respectfully request that this Court deny the Plaintiff's "Motion for Order Directly Advising Attorney Patricia A. Coyne-Fague That She Shall Recuse Herself in This Case."

Respectfully submitted,

Patricia A. Coyne-Fague #5198
Chief Legal Counsel
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-0145
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage pre-paid, to plaintiff Thaddeus Taylor, P.O. Box 8200, Cranston, RI 02920 on this 16th day of August 2005.

[signature]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THADDEUS TAYLOR,** *pro se,*

**v.** **C.A. No.: 05-118T**

**A.T.WALL,** Director, Rhode Island Department of Corrections, **RHODE ISLAND DEPARTMENT OF CORRECTIONS, CONNECTICUT DEPARTMENTOF CORRECTIONS, STATE OF CONNECTICUT,** and **TERESA LANTZ, et al.**

**MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFF'S "MOTION FOR ORDER DIRECTLY ADVISING ATTORNEY PATRICIA A. COYNE-FAGUE THAT SHE SHALL RECUSE HERSELF IN THIS CASE"**

Now come the Defendants in the above entitled matter and, for the reasons argued below, respectfully request that this Court deny the Plaintiff's "Motion for Order Directly Advising Attorney Patricia A. Coyne-Fague That She Shall Recuse Herself in This Case."

**I. Plaintiff's Motion to Disqualify**

Plaintiff has filed a motion essentially seeking to disqualify Counsel from the continued representation of Defendants in this matter, based on the fact that Plaintiff alleges that he wishes to call Counsel as a witness in the case at bar. Plaintiff alleges that Counsel has made representations to the Court in this case and seeks to remove her from representing the Defendants in order to question her as a witness. Counsel denies Plaintiff's allegations, and submits that he cannot meet the burden for disqualifying her from representing the Defendants at bar.

## II. The Rules of Professional Conduct

The Rhode Island Rules of Professional Conduct Rule 3.7 states that a lawyer shall not act as an advocate at trial in which the lawyer is likely to be a necessary witness, with few exceptions. However, this rule should not be read to require the disqualification of defense counsel when a plaintiff decides that he wishes to call the defendant's attorney as a witness in order to question her representation of her clients. Counsel at bar is hardly a "necessary witness," as contemplated by Rule 3.7, as the Plaintiff seeks to question her about the scope and nature of her representation, rather than the allegations he has made in his complaint. Furthermore, the burden to the Defendants if Counsel is disqualified clearly outweighs any purported interest of the Plaintiff, as they would be deprived of their choice of representative; not to mention the fact that Counsel's subordinates would be placed in the untenable position of questioning as witness their own supervisor.

In denying a motion to disqualify an attorney from continued representation of his clients, R.I. Superior Court Justice Silverstein noted "an increasing tendency by counsel to invoke a claim of a breach of Rules of Professional Conduct in connection with contentious matters. Oft times it appears to the Court that the rules are used as a sword to preclude a parties' choice of counsel in litigation so as to attempt to gain a perceived tactical advantage * * *" *Weetamoe Condominium Association v. Town of Bristol*, 2003 RI Super. Lexis 64 (May 7, 2003). Counsel submits that this "increasing tendency" is not solely limited to attorneys, but appears to be a malevolent tactic

utilized by pro se litigants as well. Indeed, prior to moving to disqualify counsel, Plaintiff filed a complaint with the state's Chief Disciplinary Counsel, alleging the same misconduct that he has alleged in his pending motion.[1] Plaintiff is obviously attempting to intimidate Counsel for his own advantage, rather than seeking litigation of the the merits of his claims against the Defendants.

## II. Conclusion

It has been clearly established that "in order to obtain disqualification of counsel, a moving party carries a heavy burden and must satisfy a high standard of proof." See *Essex Chemical Corp. v. Hartford Accident Insurance Group*, 993 F. Supp. 241 (D.N.J. 1998). Plaintiff cannot meet this standard of proof, as he can produce no support for his meritless allegations, and has only moved to disqualify counsel and seeks to cross-examine her as a tactical manipulation and attempt at intimidation.

Plaintiff's Motion should be denied.

Respectfully submitted,

Patricia A. Coyne-Fague #5198
Chief Legal Counsel
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-0145
(401) 462-2583 *fax*

[1] No formal complaint has yet been opened by the Disciplinary Counsel, and the matter is still pending.

**Certification**

I hereby certify that a true copy of the within document was mailed, postage pre-paid, to plaintiff Thaddeus Taylor, P.O. Box 8200, Cranston, RI 02920 on this 16th day of August 2005.