UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR, Plaintiff, : CASE NO. C.A. 05-118T

v. :

Connecticut Department of Corrections, et al, Defendants, : August 16, 2005

## PLAINTIFF'S MOTION FOR COURT TO TAKE JUDICIAL NOTICE OF RULING IN CONNECTICUT CASE 3:05CV747(DJS)

The plaintiff Thaddeus Taylor, in the above captioned matter respectfully moves this Honorable Court to take Judicial Notice of the U.S. District Judge Honorable Dominic J. Squatrito, (USDJ) ruling in the "related matter" TAYLOR v. RIDOC, et al 3:05CV747 (DJS)(U.S.D.C. CT)-- to which the plaintiff submits in support of his argument the Court should not dismiss this lawsuit as recommended by the Magistrate Judge report. (See objections) (Attached EXHIBIT "A").

Respectfully Submitted
[signature]
Thaddeus Taylor #128235
ACI-HSC
P.O. Box 8200
Cranston, RI 02920

Certificate of Service

I certify that a copy of this motion/order was mailed to Attorney Patricia Coyne Fague, 40 Howard Ave Cranston RI 02920 on this 16th day of August 2005.

[signature]
Thaddeus Taylor pro se

FILED

EXHIBIT "A"

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THADDEUS TAYLOR | : | |
| | : | PRISONER |
| v. | : | Case No. 3:05CV747(DJS) |
| | : | |
| RHODE ISLAND DEPARTMENT OF CORRECTION, et al.[1] | : | |

RULING AND ORDER

Plaintiff, Thaddeus Taylor ("Taylor"), currently incarcerated in Rhode Island pursuant to the Interstate Corrections Compact, filed this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. He now has paid the filing fee. Thus, his motion to proceed in forma pauperis is

[1] Plaintiff commenced this action against twenty-three defendants: Rhode Island Department of Correction, the State of Rhode Island, Director A.T. Wall, Joyce Fox, Joseph Dinitto, Warden James Weeden, Deputy Warden Collins, Captain Anderson, Captain Haymon, Lt. Getter, Amaral, Lt. Gulligan, Lt. Doyle, Lt. Avilla, C/O Manning, C/O Simpson, C/O Pierce, C/O Howard, C/O Bouillett, C/O Crenshaw, C/O Woods, C/O McCrady, and C/O Blain. He also includes John Does.

On June 27, 2005, he filed an amended complaint. The amended complaint eliminated four defendants, McCrady, Gulligan, Crenshaw, and Haymon, and added twenty-eight defendants: Patricia Coyne-Fague, Counselor Folan, B. Headen, Lt. William Galligan, C/O E. Renshaw, C/O Renshaw, C/O McCrea, C/O Calise, C/O Worden, C/O Pasela, Jake Gadsden, Governor of Rhode Island Donald Carcieri, Governor of Connecticut M. Jodi Rell, Theresa Lantz, Lynn Milling, Fred Levesque, Brian Garnet, Steven Strom, Dennis Jones, Brian Murphy, Mary Johnson, Robert Cutlow, Alan Aldrich, Inspector Langlosis, James Dzurenda, Lieutenant Governor of Connecticut Kevin Sullivan, Connecticut Department of Correction and the State of Connecticut.

denied as moot. Taylor asserts various claims including retaliatory transfer, denial of access to the courts, unsafe living conditions, racial discrimination, denial of his rights to due process and equal protection of the law, inadequate medical, dental and mental health treatment and excessive telephone charges.

A district court enjoys substantial discretion to manage its docket efficiently to avoid duplicate litigation. To achieve this result, a court may dismiss an action when a prior pending action has been filed as long as the "controlling issues in the dismissed action will be determined in the other lawsuit." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1360, at 442 (2d ed. 1990); see Auguste v. Department of Correction, No. 3:04cv248 (MRK), 2004 WL 904073 (D. Conn. Apr. 16, 2004) (dismissing duplicative action under prior pending action doctrine).

The purpose of this rule is "to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments. . . ." Colortyme Financial Servs., Inc. v. Kivalina Corp., 940 F. Supp. 269, 272 (D. Haw. 1996) (internal quotation marks and citations omitted). The general rule is that the first suit to be filed should have priority "absent the showing of balance of convenience in favor of the second action." Adam v. Jacobs, 950 F.2d 89, 93-94 (2d Cir.

1991) (internal quotation marks and citation omitted).

"[N]either the addition of defendants nor the expansion of claims is dispositive [to the court's decision to dismiss a suit due to a prior pending action]. Courts have repeatedly ruled that 'parties and issues need not be identical in order for one action to be stayed or dismissed in deference to an earlier action.'" Dragon Capital Partners L.P. v. Merrill Lynch Capital Servs. Inc., 949 F. Supp. 1123, 1127 (S.D.N.Y. 1997) (quoting Caspian Invs., Ltd. v. Vicom Holdings, Ltd., 770 F. Supp. 880, 884 (S.D.N.Y. 1991)). "As between federal district courts, . . . the general principle is to avoid duplicative litigation". Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). When it is possible that, through amendment, each action may contain all of the issues and parties presently contained in either action, the continuation of the first action to be filed is favored. Hammett v. Warner Brothers Pictures, Inc., 176 F.2d 145, 150 (2d Cir. 1949).

In determining whether a claim is barred by the prior pending action doctrine, the court may rely on a comparison of the pleadings filed in the two actions. See Connecticut Fund for the Environment v. Contract Plating Co., 631 F. Supp. 1291, 1293 (D. Conn. 1986).

The court has obtained a copy of the April 11, 2005 amended complaint Taylor filed in the United States District Court for

the District of Rhode Island in Taylor v. Wall, et al., C.A. No. 05-118T ("the Rhode Island case"). A comparison of the amended complaint in the Rhode Island case with the amended complaint in this case reveals that the controlling issues are the same. In both cases, Taylor challenges the conditions of his confinement in Rhode Island including, his inability to practice his religion, inadequate medical dental and mental health care, unsafe living conditions and retaliation and discriminatory treatment by Rhode Island correctional officers. He also contends that his transfer was in retaliation for litigation activities and alleges that he has been denied access to the courts, charged excessive telephone fees and denied due process. Taylor names defendants from Connecticut and Rhode Island in the Rhode Island case.

The Rhode Island case was filed first. Taylor filed his amended complaint in that case a month before he filed his original complaint here. The court can discern no reason why Taylor cannot amend his Rhode Island case to include the additional defendants named in this case. Thus, this case is dismissed. See West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 729 (5th Cir. 1985) ("[A] district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court").

Accordingly, this case is **DISMISSED** pursuant to the prior

pending action doctrine. See 28 U.S.C. § 1915(e)(2)(B)(ii) (directing the court to dismiss at any time a complaint that fails to state a cognizable claim for relief). The Clerk is directed to enter judgment and close this case. If any of the claims included in this action are not litigated in the Rhode Island case, Taylor may file a new action in this district containing the unlitigated claims only. Also, Taylor's motion to proceed in forma pauperis [**doc. #2**] is **DENIED** as moot.

**SO ORDERED** this 22nd day of July, 2005, at Hartford, Connecticut.

/s/DJS

Dominic J. Squatrito
United States District Judge