UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR, Plaintiff, : CASE NO. C.A. 05-118 T

v. :

Connecticut Department of Corrections, et Al, Defendants

AUGUST 16, 2005

## PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S MEMORANDUM AND ORDER (Doc 70-1) dated 8/15/2005

The Plaintiff Thaddeus Taylor, in his Prose capacity, in the above captioned matter respectfully files with this Honorable Court his OBJection(s) to the Magistrate Judge's Memorandum and ORDER[1] (Doc. #70-1) dated August 15, 2005 denying the Plaintiff's Motion for permission to correspond directly with inmate witnesses for service assistance and trial preparations in this case; Motion for Conference to address pending issues.. and to expedite the litigation process; Denial of Plaintiff's motion for Court order directing defendants to provide him with "certified copies" of his "inmate files", "Classification files", "Medical files", "special Investigation unit files of Plaintiff", "Office of Inspections files of the plaintiff" and "All Records of the Plaintiff".. so that he may adequately litigate this matter... Because the Magistrate Judge's Memorandum and order misapprehends the Plaintiff's Requests it should be rejected.

[1] The Plaintiff have filed a Motion for the Magistrate Judge to recuse himself from any further participation in this matter, and have respectfully requested the Court reassign this matter to a different Magistrate Judge.. The Plaintiff beliefs the magistrate Judge is "bias" and is aiding the defendants by acting as their advocate. The Plaintiff have filed his formal Complaint with the First Circuit.

First, the plaintiff respectfully submits that the Magistrate Judge overlooked the plaintiff's request and the fact that this case does not only involves Rhode Island Defendants.. but also Connecticut Department of Corrections inmates.. to which have not been served.. Moreover, they have refused to waive service in this matter todate. The magistrate Judge apparently overlooked this important aspect.. thus the "Recommendation" should be "rejected."

The Magistrate Judge also "narrowly" construed the plaintiff's request for Court order for permission to be allowed to correspond directly with other "inmate witness(es)" in both the Rhode Island Department of Correction and Connecticut Department of Correction.. thats necessary for him to adequately litigate this case.. as well to ensure service is complete on all Defendants (as amended or identified)

The Magistrate's Report.. simply stated that the plaintiff can not correspond directly to his inmate witness(es) in order to prepare for this trial.. the defendants from "Rhode Island Department of Correction.. have already stated that the plaintiff will not be allowed to correspond to other inmates.. unless they are "Co-defendants".. This 'order/ruling' by the Magistrate Judge clearly would deprive the Plaintiff of a fair opportunity to prepare his case.

The Magistrate Judge again misapprehended and misstated the plaintiff's requests in his pro se pleadings. (Although, the pleading are not that of clearity -- it appears the Magistrate Judge is Retaliating against the plaintiff -- by construe the motions very "narrowly" and/or is acting as an advocate for the prison officials. Certainly, the Magistrate Judge is not approaching the plaintiff's motions in the same manner as motions filed by the defendants attorneys thus far.)

The plaintiff did not request for the Court to grant him "uninspected letters for contraband" between him and his inmate witnesses ... but rather, requested the Court "grant permission" allowing such -- so that prison officials would clearly understand this -- and the plaintiff asked the Court to use it "wisdom" in creating a reasonable plan that would allow prison officials to "inspect" for contraband but not "Read" the letters, or if the must Read the letters each facility should advise the Court and parties who will be "reading such" -- and an order from the Court should be issued directing them not to discuss the content on the plaintiff's strategy for trial with any of the defendants or attorneys -- create a "Chinese wall" -- or similar plan ie -- use of "Inmate Legal Assistance Program" -- It would be a miscarriage of Justice to deprive the plaintiff of the ability to correspond with his inmate witnesses in preparation for this trial -- as the Magistrate Judge's ORDER does single handily. -3- For this Reason it should be Rejected.

The Plaintiff Also OBJects to the Magistrate Judge's decision not to Conduct a "Conference" at this time to discuss - the many "outstanding" issues and to ensure that the case is proceeding in an orderly fashion -- "SETTLEment" talks was not the plaintiff's intention for this "Conference" as misapprended by the Magistrate -- but rather the plaintiff's attempt to get the Court to meet with the parties and setforth how the trial and matters will proceed and try to resolve "Simple issues" that requires immediate Attention - and not normally of issue ... but because the plaintiff is "incarcerated" from out-of-STATE (CT) and pro se is an issue.

Lastly, the plaintiff respectfully objects to the Magistrate Judge's decision not to order the defendants to immediately provide the plaintiff with "Certified Copies" of his own Inmate Master files, Classification files, Disciplinary files, Medical files, Special Investigation Unit files, Office of Inspection files, Protective Custody files, and All Records or files that currently the Department of Rhode Island Department of Correction and Connecticut Department of Correction have on the plaintiff... this information have been requested -- by the plaintiff to Rhode Island - Defendants and todate have not been provided... Moreso, their

own Attorney filed documents refusing to give the plaintiff "Certified Copies" of his own "Records" -- this is unheard of.. and clearly its being done as a "delay tactic" by the defendants and their Attorneys.. this aspect of the Magistrate Report should be "rejected" and the plaintiff respectfully submits this Honorable Court should order this without any further litigation-- additionally, this information and documents are necessary for the plaintiff to even begin to do meaningful Discovery.

With respect to inmate Matos files-- the plaintiff also respectfully submits that this Honorable Court should order such-- because "inmate Matos" reportedly was subjected to the exact same misconducts as being claimed of by the plaintiff; Additionally, Inmate Matos was reportedly exchanged for the plaintiff.. "RIDOC and CTDOC"... Nevertheless, the only information the plaintiff seeks at this time is his office of Inspection files, Special Investigation Unit files, Classification files including Interstate Compact files and his disciplinary files-- Inmate Matos is a key witnesses in this matter-- as well as proof of a pattern of misconducts and unprofessionalism by the Rhode Island Dept. of Corrections employees. Again the defendants have refused to provide such-- because they are aware of the value of such-- This Honorable Court  should expedite this by ordering The RIDOC to provide certified copies at this time.

For all the above mentioned reasons— and in the interest of Justice the plaintiff respectfully submits that this Honorable District Court Judge should "reject" the Magistrate Judge's memorandum and Order[2] and order, (1) The Plaintiff be allowed to Correspond with inmate witness(es) in this matter (CTDOC & RIDOC) (and setforth Conditions); (2) The plaintiff should be allowed to serve all remaining defendants in Connecticut by inmates or otherwise. (3) order the Defendants provide the Plaintiff within (20 days) Certified Copies of All Records or files— the defendants possess or have Access to Pertaining to the Plaintiff—including but not limited to files from the office of (RIDOC) Inspections; files from the Special Investigation Unit (RIDOC), Inmate Master file, Medical files, Classification files and Disciplinary files... (4) Limited order directing the "RIDOC" to provide the plaintiff with "Records" as stated herein of Inmate Matos (redacted) if necessary.. but sufficient to present the facts.

Respectfully Submitted
[signature]
Thaddeus Taylor #128275
ACI-HSC
P.O. Box 8200
Cranston, RI 02920

Certificate of Service

I Certify that a Copy of this Objection was mailed to Attorney Patricia A. Coyne-Fague, RIDOC Legal office, 40 Howard ave, Cranston, RI 02920 on this 16th day of August, 2005 postage Prepaid.

[signature]
Thaddeus Taylor

[2] The Memorandum and order issued by the magistrate Judge does not indicate that the plaintiff could file an objection however this matter was not Consented to be heard By Magistrate Judge.. in any event The plaintiff request this to be Construed as a motion for reconsideration to the U.S. District Judge.