UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR,
Plaintiff,

v.

CONNECTICUT DEPARTMENT
OF CORRECTIONS, ET AL,
Defendants.

CASE NO. C.A. 05-118T

AUGUST 19, 2005

PLAINTIFF REPLY TO THE DEFENDANTS OBJECTION TO PLAINTIFF'S MOTION FOR COURT ORDER DIRECTING COUNSEL TO RECUSE Herself

The Plaintiff Thaddeus Taylor, in his Prose Capacity, in the above captioned matter respectfully files with this Honorable Court his "Reply" to the Defendants' Counsel Objection to the Plaintiff's MOTION FOR ORDER DIRECTLY ADVISING ATTORNEY PATRICIA A. COYNE-FAGUE THAT SHE SHALL RECUSE HERSELF IN THIS CASE... and request the Court Consider this reply in deciding this motion.

IN The defendants' OBJection filed by Attorney Patricia A. Coyne-Fague, She argues that the Court should deny the plaintiff's Motion because it would create a burden upon the defendants if she was ordered to recuse herself... She also argues that she is not a "necessary witness" and the Plaintiff can not met his burden to have her disqualified-- The Plaintiff disagree.

Attorney Coyne-Fague also allude that the plaintiff only moved to disqualify her as a tactical manipulation and an attempt at intimidation.. these claims are ridiculous. Counsel for the defendants gives the pro se plaintiff entirely too much credit... Contrary to the defendants Counsel belief the plaintiff is not bringing these matters to the Court's Attention as a "tactical manipulation" and/or an attempt to intimidate Counsel for the defendants -- but rather to ensure that no conflicts of interest exists.. that would deprive the plaintiff of the opportunity to Adequately represent the facts and his case to a Jury.

The defendants' objection also misrepresents the actual facts and the extent of Attorney Patricia A. Coyne-Fague involvement in these matters... in a role other than Counsel. For example, and by her own admission to the "Disciplinary Board-RI" she stated that she advise all the defendants not to respond to the plaintiff's Concerns, Complaints etc..., she also directed the other defendants not to provide responses to the plaintiff or address his "normal" everyday living problems (in part) to avoid liability.

Attorney Patricia A. Coyne-Fague also allowed the other prison officials and other defendants

at the High Security Facility to "Punish" the plaintiff by putting him in segregation as a result of false or Retaliatory "bookings" by named defendants in this matter and the related matter TAYLOR v. RIDOC, etal 3:05CV747(DJS).. as retaliation. Moreover, she have allowed them to repeatedly deny the Plaintiff due process of Law and a fair disciplinary Hearing process. These actions along clearly would allow the plaintiff to call Attorney Coyne-Fague as a witness in this matter.

Inaddition, Attorney Coyne Fague is well aware that the plaintiff have named her as a named defendant in the matter TAYLOR v. RIDOC, etal; 3:05 CV 747(DJS), to which he states specific acts of misconduct inwhich she engaged in along with other defendants herein. The United STATES District Judge for Connecticut, have suggested the plaintiff litigate all his claims before this Court..and Amend his Complaint to include All claims and defendants in the matter 3:05CV747(DJS) with this matter. The plaintiff have now done so; as well filed Pleading in the 3:05 CV 747 (DJS) with this Court to take Judicial Notice. The plaintiff have moved this Honorable Court to litigate all Claims as setforth in the 3:05CV747(DJS) Amended Complaint as fully Pleaded herein..without any further filings.

Based upon these facts, as well it would appear that Attorney Coyne-Fague, who is aware of the Lawsuit 3:05 CV 747 (DJS) in Connecticut Court does have atleast a potential conflict of interest that would require her to disqualify herself in this matter under the "Rules of Professional Conduct"

The Plaintiff also submits on top of all of the above stated facts, Attorney Coyne-Fague also witnessed defendant A.T. Wall submit a Sworn Affidavit (to which Attorney Coyne Fague signed as a Notary) to this Honorable Court that contains false statements and statements made with reckless disregard for the truth. Although, Attorney Coyne-Fague should have known better than to witness a "sworn affidavit" for one of the number one defendants in this matter. (Signing as the Notary) that contains false statements ... Certainly she can not now say the plaintiff is trying to pull-off some tactical manipulation in this situation. Unless, defendant A.T. Wall admits that he submitted a sworn Affidavit to this Honorable Court that was "untruthful" -- there's a strong likelihood the Plaintiff will call her "Attorney Coyne-Fague" for her Role in being "Notary" (Albeit, the fact she probably have more direct involvement in writing This Affidavit as well.)

Attorney Coyne-Fague also by her own admission before the "Disciplinary Board".. stated that she was present when LT. William Galligan (who is a named defendant herein) knowingly and willfully gave false sworn testimony in the Superior Court at New Haven, CT.. inregards to matters that are the subject matter (inpart) of the Claims herein (STATE v. TAYLOR CR6-434841 before Honorable Richard Damiani June 23, 2005); Again unless LT. Galligan admits that he lied under 'oath' Attorney Coyne-Fague will most likely be call as a witness.

Lastly, by her own admission.. Attorney Coyne-Fague stated that it is a policy and Custom for the Rhode Island DOC defendants to Refuse to Answer, Correct, address inmate Problems, Concerns, etc.. once they file a Lawsuit against RIDOC. In other words she admits that the plaintiff was retaliated against or treated differently (adversely) because he excercised his Constitutional Right to file a Lawsuit... they retaliated against him. Attorney Coyne-Fague also admitted she made up this "Custom or Policy" to which is unconstitutional -- but again she would be called upon as a witness and/or a defendant because the Plaintiff was adversely effected.

Attorney Coyne-Fague also incorrectly states that the plaintiff have made the same claims before the States' Chief Disciplinary Counsel... the plaintiff have not.. the function of the Chief Disciplinary Counsel is something different from what the plaintiff is asking for in his motion to disqualify Attorney Coyne-Fague.. "It's apples and oranges".

However, Attorney Coyne-Fague also makes a claim that somehow the defendants would be prejudice if she was disqualified in this matter.. the plaintiff disagree. The defendants currently have "Attorney Katherine Kelly" that have been litigating in this matter.. as well there's other attorneys in the RIDOC Legal office or the Attorney General office for RI that could replace attorney Coyne Fague.

Accordingly, base upon all the above the plaintiff respectfully request the Court grant his motion to have Attorney Coyne Fague recuse or disqualify herself... to ensure the plaintiff is allowed to call all necessary witness(es); and to be able to present his case as he see fit.

Oral Argument requested
Testimony Required

Respectfully Submitted,
[signature] Thaddeus Taylor
ACI-HSC Pro se
P.O. Box 8200
Cranston, RI 02920

## Certificate of Service

I Certify that a copy of this motion was mailed to Attorney Patricia A. Coyne-Fague, 40 Howard Ave, Cranston, RI 02920 on this 19th day of August, 2005.

[signature] Pro se
Thaddeus Taylor #128225