UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**Thaddeus Taylor,** ***pro se*** :
:
**vs.** : **C.A. No.: 05-118T**
:
**A.T. Wall, et. al.** :

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR PERMISSION TO AMEND/ADOPT ALL CLAIMS IN CASE No. 3:05CV747 (DJS)**

Now comes Defendant A. T. Wall, Director of the Rhode Island Department of Corrections, and objects to Plaintiff's Motion for Permission to Amend/Adopt all claims in Connecticut Case No. 3:05CV747 (DJS).

Defendant Wall respectfully submits Plaintiff's Motion should be denied.

Defendant, by his attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 24th day of August, 2005.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Thaddeus Taylor,** ***pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-118T** |
| | : | |
| **A.T. Wall, et. al.** | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION FOR PERMISSION TO AMEND/ADOPT ALL CLAIMS IN CASE No. 3:05CV747 (DJS)**

Now comes Defendant A. T. Wall, Director of the Rhode Island Department of Corrections, and hereby responds to Plaintiff's Motion for Permission to Amend/Adopt all claims in Connecticut Case No. 3:05CV747 (DJS). For the reasons set forth below, Defendant Wall submits the Plaintiff's Motion should be denied.

**Introduction:**

Plaintiff Thaddeus Taylor is a penal inmate, currently housed within the Rhode Island Department of Corrections. On April 11, 2005, Plaintiff filed the above referenced Complaint in the United States District Court for the District of Rhode Island. Plaintiff alleged a number of violations of his constitutional rights including retaliatory transfer from the Connecticut Department of Corrections to the Rhode Island Department of Corrections, unsafe and hazardous living conditions, denial of access to the courts and legal materials, denial of healthcare, racial discrimination, inability to practice his religion, retaliation by Department of Corrections employees for his litigation, excessive phone fees, and denial of due process. Plaintiff named a number of Connecticut and Rhode Island Defendants in this litigation.

On June 20, 2005, Plaintiff filed an Amended Complaint, C.A. No. 3:05CV747 (DJS), in Federal District Court for the District of Connecticut. In that Complaint, Plaintiff alleged the same violations of his constitutional rights as those in his Rhode Island Complaint. Plaintiff named numerous Defendants in this action, many of which were identical to the Defendants in the Rhode Island case. He also named additional Defendants in the Connecticut case.

On July 22, 2005, United States District Court Judge Dominic Squatrito found the Connecticut case to be a duplicative action to the Rhode Island case. (See attached document entitled, Ruling and Order, Case No. 3:05CV747 (DJS)). Specifically, Judge Squatrito found that the Rhode Island case was filed prior to the Connecticut Case (See page 4 of the Ruling and Order) and that the controlling issues in both cases were the same. (See page 4 of the Ruling and Order). Therefore, on July 22, 2005, District Court Judge Dominic Squatrito dismissed the Connecticut case based on the prior pending action doctrine. (See page 4 - 5 of the Ruling and Order).

Plaintiff has now filed a motion in the United States District Court for the District of Rhode Island, wherein he requests this Court allow his Rhode Island case, C.A. No. 05-118T, to be amended so as to adopt all claims and Defendants named in the dismissed Connecticut case. The Defendant objects to this motion.

Plaintiff specifically "moves the Court for permission to litigate all claims as stated in Case no. 3:05CV747(DJS) and the instant matter without any further filings or pleadings". He does not submit a copy of an Amended Complaint. Plaintiff simply attaches a copy of the Connecticut Complaint and asks the court to adopt all claims

and/or Defendants stated within it. There is no provision in the Federal Rules of Civil Procedure for such a request.

Connecticut case C.A. No. 3:05CV747(DJS) is a dismissed action. There is no pending case to consolidate or adopt into the Rhode Island matter. Judge Squatrito specifically stated "the clerk is directed to enter judgment and close this case". (See page 5 of the Rule and Order). Judge Squatrito's decision further stated "if any of the claims included in this action are not litigated in the Rhode Island case, Taylor may file a new action in this district containing the unlitigated claims only. (See page 5 of the Rule and Order).

If the Plaintiff seeks to amend the instant case and add claims and/or Defendants he must comply with the provisions of the Federal Rules of Civil Procedure.[1] The Rules of Civil Procedure provide that Plaintiff must submit a motion requesting he be allowed to amend the already amended complaint along with a copy of the proposed Amended Complaint. Fed.R. Civ. P. 15 (a) and (d). Plaintiff has not done so. He has submitted two separate documents, 18 and 30 pages in length respectively, and asks the parties and the Court to essentially "cut and paste" them together.

For the reasons set forth in this memorandum, Defendant Wall submits that the Plaintiff's Motion for Permission to Amend/Adopt all Claims in Connecticut Case No. 3:05CV747 (DJS) should be denied.

[1] See Rule 15 – Amended and Supplemental Pleadings- Federal Rules of Civil Procedure; and Rule 19 – Joinder or Persons Needed for Just Adjudication – Federal Rules of Civil Procedure.

Defendant, by his attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 24th day of August, 2005.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

THADDEUS TAYLOR : PRISONER
v. : Case No. 3:05CV747(DJS)
RHODE ISLAND DEPARTMENT OF CORRECTION, et al.[1] :

## RULING AND ORDER

Plaintiff, Thaddeus Taylor ("Taylor"), currently incarcerated in Rhode Island pursuant to the Interstate Corrections Compact, filed this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. He now has paid the filing fee. Thus, his motion to proceed in forma pauperis is

---

[1] Plaintiff commenced this action against twenty-three defendants: Rhode Island Department of Correction, the State of Rhode Island, Director A.T. Wall, Joyce Fox, Joseph Dinitto, Warden James Weeden, Deputy Warden Collins, Captain Anderson, Captain Haymon, Lt. Getter, Amaral, Lt. Gulligan, Lt. Doyle, Lt. Avilla, C/O Manning, C/O Simpson, C/O Pierce, C/O Howard, C/O Bouillett, C/O Crenshaw, C/O Woods, C/O McCrady, and C/O Blain. He also includes John Does.

On June 27, 2005, he filed an amended complaint. The amended complaint eliminated four defendants, McCrady, Gulligan, Crenshaw, and Haymon, and added twenty-eight defendants: Patricia Coyne-Fague, Counselor Folan, B. Headen, Lt. William Galligan, C/O E. Renshaw, C/O Renshaw, C/O McCrea, C/O Calise, C/O Worden, C/O Pasela, Jake Gadsden, Governor of Rhode Island Donald Carcieri, Governor of Connecticut M. Jodi Rell, Theresa Lantz, Lynn Milling, Fred Levesque, Brian Garnet, Steven Strom, Dennis Jones, Brian Murphy, Mary Johnson, Robert Cutlow, Alan Aldrich, Inspector Langlosis, James Dzurenda, Lieutenant Governor of Connecticut Kevin Sullivan, Connecticut Department of Correction and the State of Connecticut.

denied as moot. Taylor asserts various claims including retaliatory transfer, denial of access to the courts, unsafe living conditions, racial discrimination, denial of his rights to due process and equal protection of the law, inadequate medical, dental and mental health treatment and excessive telephone charges.

A district court enjoys substantial discretion to manage its docket efficiently to avoid duplicate litigation. To achieve this result, a court may dismiss an action when a prior pending action has been filed as long as the "controlling issues in the dismissed action will be determined in the other lawsuit." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1360, at 442 (2d ed. 1990); see Auguste v. Department of Correction, No. 3:04cv248 (MRK), 2004 WL 904073 (D. Conn. Apr. 16, 2004) (dismissing duplicative action under prior pending action doctrine).

The purpose of this rule is "to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments. . . ." Colortyme Financial Servs., Inc. v. Kivalina Corp., 940 F. Supp. 269, 272 (D. Haw. 1996) (internal quotation marks and citations omitted). The general rule is that the first suit to be filed should have priority "absent the showing of balance of convenience in favor of the second action." Adam v. Jacobs, 950 F.2d 89, 93-94 (2d Cir.

1991) (internal quotation marks and citation omitted).

"[N]either the addition of defendants nor the expansion of claims is dispositive [to the court's decision to dismiss a suit due to a prior pending action]. Courts have repeatedly ruled that 'parties and issues need not be identical in order for one action to be stayed or dismissed in deference to an earlier action.'" Dragon Capital Partners L.P. v. Merrill Lynch Capital Servs. Inc., 949 F. Supp. 1123, 1127 (S.D.N.Y. 1997) (quoting Caspian Invs., Ltd. v. Vicom Holdings, Ltd., 770 F. Supp. 880, 884 (S.D.N.Y. 1991)). "As between federal district courts, . . . the general principle is to avoid duplicative litigation". Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). When it is possible that, through amendment, each action may contain all of the issues and parties presently contained in either action, the continuation of the first action to be filed is favored. Hammett v. Warner Brothers Pictures, Inc., 176 F.2d 145, 150 (2d Cir. 1949).

In determining whether a claim is barred by the prior pending action doctrine, the court may rely on a comparison of the pleadings filed in the two actions. See Connecticut Fund for the Environment v. Contract Plating Co., 631 F. Supp. 1291, 1293 (D. Conn. 1986).

The court has obtained a copy of the April 11, 2005 amended complaint Taylor filed in the United States District Court for

the District of Rhode Island in Taylor v. Wall, et al., C.A. No. 05-118T ("the Rhode Island case"). A comparison of the amended complaint in the Rhode Island case with the amended complaint in this case reveals that the controlling issues are the same. In both cases, Taylor challenges the conditions of his confinement in Rhode Island including, his inability to practice his religion, inadequate medical dental and mental health care, unsafe living conditions and retaliation and discriminatory treatment by Rhode Island correctional officers. He also contends that his transfer was in retaliation for litigation activities and alleges that he has been denied access to the courts, charged excessive telephone fees and denied due process. Taylor names defendants from Connecticut and Rhode Island in the Rhode Island case.

The Rhode Island case was filed first. Taylor filed his amended complaint in that case a month before he filed his original complaint here. The court can discern no reason why Taylor cannot amend his Rhode Island case to include the additional defendants named in this case. Thus, this case is dismissed. See West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 729 (5th Cir. 1985) ("[A] district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court").

Accordingly, this case is **DISMISSED** pursuant to the prior

pending action doctrine. See 28 U.S.C. § 1915(e)(2)(B)(ii) (directing the court to dismiss at any time a complaint that fails to state a cognizable claim for relief). The Clerk is directed to enter judgment and close this case. If any of the claims included in this action are not litigated in the Rhode Island case, Taylor may file a new action in this district containing the unlitigated claims only. Also, Taylor's motion to proceed in forma pauperis [**doc. #2**] is **DENIED** as moot.

**SO ORDERED** this 22nd day of July, 2005, at Hartford, Connecticut.

/s/DJS

Dominic J. Squatrito
United States District Judge