## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

**THADDEUS TAYLOR,** *pro se,*

**v.**                                                                  **C.A. No. 05- 118 T**

**A.T. WALL,** Director, Rhode Island Department
of Corrections, **RHODE ISLAND DEPARTMENT
OF CORRECTIONS, CONNECTICUT DEPARTMENT
OF CORRECTIONS, STATE OF CONNECTICUT,** and
**THERESA LANTZ, et al.**

### MEMORANDUM  AND  ORDER

Plaintiff Thaddeus Taylor, an inmate incarcerated at the Rhode Island Department of

Corrections ("RIDOC"), filed an Amended Complaint pursuant to 42 U.S.C. § 1983. Currently

before the Court are several motions:

1.      On July 25, 2005, plaintiff moved for permission to file written depositions. See
Fed.R.Civ.P. 31. In the motion, plaintiff seeks to impose a twenty day limitation on
responses and he seeks an opportunity for one "follow-up"of written depositions. Defendants
have objected.
        Upon consideration of the motion, of the objection, and of Fed.R.Civ.P. 31, plaintiff's
motion is **DENIED**. First, this Court is unsure as to which defendants he seeks to depose by
written questions. Currently, there are thirty-two named defendants.  Second, permission
from the Court to utilize Fed.R.Civ.P. 31 is generally not required, unless plaintiff is seeking
to serve more than ten written depositions. If that is the case, plaintiff may re-file the motion
and attempt to seek leave of the Court to conduct more than ten written depositions. Plaintiff
should explain why more than ten written depositions are necessary.  Third, no provision in
Fed.R.Civ.P. 31 provides for a "follow-up" procedure that plaintiff seeks.

2.      On July 28, 2005, plaintiff filed a motion to compel discovery with respect to a set
of interrogatories that he propounded on defendant Wall and plaintiff also seeks sanctions.
Plaintiff, however, failed to identify what he seeks answered and failed to identify what
answers were deficient and why. Defendant has objected to the motion.
        On August 2, 2005, plaintiff filed a similar motion, apparently seeking the same
material. Again, however, plaintiff did not supply the Court with the pertinent portions of the
discovery requests. Thus, this Court is unsure as to what precisely the plaintiff is seeking.
Defendant objected to this motion to compel as well.
        Upon consideration of the motions and of the objections, plaintiff's motions are

1

**DENIED**. The plaintiff may re-file the motions, along the pertinent portions of the discovery material, specifically identifying which interrogatory and/or request for production is deficient.  Insofar as plaintiff's motions seek sanctions, said aspect of the motions is **DENIED**.

3.      On August 15, 2005, plaintiff filed a motion for an Court order, disqualifying Patricia Coyne-Fague, Esq., from representing the defendants. In support of the motion, plaintiff avers that she will be called as a witness in this case. Defendants objected. After consideration of the motion and of the objection, plaintiff's motion to disqualify is **DENIED**. Plaintiff has failed to demonstrate any legitimate basis to disqualify defendants' counsel at this time.

**IT IS SO ORDERED.**

Jacob Hagopian
Senior United States Magistrate Judge
August 24, 2005

2