UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**THADDEUS TAYLOR,** *pro se,*

v.  C.A. No. 05- 118 T

**A.T. WALL,** Director, Rhode Island Department
of Corrections, **RHODE ISLAND DEPARTMENT
OF CORRECTIONS, CONNECTICUT DEPARTMENT
OF CORRECTIONS, STATE OF CONNECTICUT,** and
**THERESA LANTZ, et al.**

## MEMORANDUM AND ORDER

Plaintiff Thaddeus Taylor, an inmate incarcerated at the Rhode Island Department of Corrections ("RIDOC"), filed an Amended Complaint pursuant to 42 U.S.C. § 1983. Currently before the Court are two motions:

1.  On July 29, 2005, plaintiff filed a motion to Amend his Amended Complaint pursuant to Fed.R.Civ.P.15. Said motion is **GRANTED**. Plaintiff is directed to file his Second Amended Complaint with the Court within ten days of this Order, and denominate it as the "Second Amended Complaint." The Court notes that the plaintiff provided the Court with a copy of the Second Amended Complaint; however, said copy is not legible on certain pages.

2.  On August 3, 2005, plaintiff filed a motion for a "Court Order Directing Defendants to Serve the Plaintiff with all Pleading via U.S. Mail." In the motion, plaintiff indicates that the defendants' current practice is to send pleadings through interdepartmental mail. Plaintiff indicates that he has not been receiving pleadings and when he does receive them, they have been unnecessarily delayed.
    Defendants have objected. In their objection, defendants indicate that sending correspondence to inmates via interdepartmental mail is faster and cost-effective.
    After consideration of the motion, and of the objection thereto, plaintiff's motion is **DENIED**. The Court is satisfied that the Department of Corrections has legitimate reasons for sending correspondence through interdepartmental mail. However, the Defendants' objection did not address plaintiff's claims regarding a delay in <u>his</u> legal mail. Accordingly, the defendants are hereby **ORDERED** to investigate plaintiff's claims regarding a delay in <u>his</u> legal mail and report back to the Court and to the plaintiff within ten days.
    Furthermore, defendants' legal counsel and the plaintiff are hereby **ORDERED** to meet and confer within ten days of this Order. At said meeting, the parties shall review their

1

respective files in this case to ensure that they have all of the pleadings filed with the Court. Additionally, at said meeting, the parties shall discuss any discovery disputes and the possibility of settlement. Since plaintiff is incarcerated, said meeting shall be initiated by the defendants' counsel. No extensions of time will be granted with respect to said meeting. The defendants' counsel shall thereafter file with the Court, within five days after the meeting, a written report regarding the meeting.

**IT IS SO ORDERED.**

_____
Jacob Hagopian
Senior United States Magistrate Judge
August 30, 2005

2