**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Thaddeus Taylor,** ***pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-118T** |
| | : | |
| **A.T. Wall, et. al.** | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR TEMPORARY ORDER, INJUNCTIVE ORDER PROHIBITING THE DEFENDANTS FROM IMPOSING ANY DISCIPLINARY AGAINST PLAINTIFF**

Now comes Defendant A. T. Wall et al, and objects to Plaintiff's Motion for Temporary Order, Injunctive Order Prohibiting the Defendants from Imposing any Disciplinary against Plaintiff. (dated August 15, 2005)

For the reasons set forth in the accompanying Memorandum, Defendant Wall respectfully submits Plaintiff's Motion should be denied.

Defendant, by his attorney,

Kathleen Kelly

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, inter-departmental mail, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 7th day of September, 2005.

Kathleen Kelly

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Thaddeus Taylor,** ***pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-118T** |
| | : | |
| **A.T. Wall, et. al.** | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF THE OBJECTIONS TO: 1) PLAINTIFF'S MOTION FOR COURT ORDER DIRECTING DEFENDANTS AND THEIR EMPLOYEES FROM RETALIATING AGAINST PLAINTIFF, AND: 2) FOR TEMPORARY ORDER, INJUNCTIVE ORDER PROHIBITING THE DEFENDANTS FROM IMPOSING ANY DISCIPLINARY AGAINST PLAINTIFF**

Now comes Defendant A. T. Wall et al, and submits this Memorandum in support of the Objections to Plaintiff's Motions dated August 9, 2005 and August 15, 2005, wherein Plaintiff requests a Court Order prohibiting the Defendants from harassing and retaliating against him (August 9, 2005 Motion) and injunctive relief prohibiting the Defendants from imposing any disciplinary action against him (August 15, 2005 Motion). For the reasons set forth below, Defendant Wall submits the Plaintiff's Motions should be denied.

Plaintiff Thaddeus Taylor is a penal inmate, currently housed in the High Security Center of the ACI. On August 9, 2005, Plaintiff was cited for two separate infractions. At 9:45 a.m., Plaintiff was cited for having possession of contraband in his cell. At 10:10 a.m., Plaintiff was cited for "Failure to obey a clearly stated order in a manner that conveys a challenge to authority and jeopardized the safety and security of the facility". Plaintiff was given a disciplinary hearing relating to each of these infractions and was found guilty of each. He was sentenced to 15 days in segregation for the contraband infraction and 30 days in segregation for the disobedience infraction.

Plaintiff filed an appeal with Deputy Warden Donna Collins and on August 26, 2005, Deputy Warden Collins approved Plaintiff's appeal and reduced his sanctions to 6 days for the contraband and 21 days for the disobedience. Her reasons for the reductions were that based upon the type of contraband, she determined six days was an appropriate sanction and she reduced the level of severity of the disobedience offense to a Level 2 infraction – Failure to obey a direct order promptly and without question.

Plaintiff now requests the Court grant an injunctive order prohibiting the Defendants from retaliating and harassing him, and from imposing any disciplines upon him until his civil suit has been resolved. Plaintiff is essentially asking the court give him immunity for any conduct he exhibits while incarcerated.

Defendant objects to both these requests on a number of grounds. First, the disciplinary actions taken against the Plaintiff implicate no protected liberty interests on his behalf; and further, an injunctive order prohibiting the Department of Corrections from disciplining the Plaintiff would seriously undermine the ability of the Department to maintain security and order within the facility.

Defendant also asserts that no member of the Department is retaliating against the Plaintiff in any manner. To the contrary, at the time he filed his appeal with Deputy Warden Collins (a named Defendant in this case), Plaintiff requested she not act upon his appeal until after he had completed a program he was participating in. Plaintiff would not have been able to complete the program if he was placed in segregation prior to the completion date. Under Department of Corrections' policy, Plaintiff would not begin any segregation time until after the appeal process was complete. Deputy Warden Collins honored Plaintiff's request and held off acting on his appeal until after he had received

his Certificate of Completion. At that time she reviewed the appeal and then reduced the level of severity of the infraction and reduced his segregation time.

Further, while in segregation over Labor Day weekend, Plaintiff's family contacted Captain Anderson of the High Security Unit and informed him that Plaintiff's mother was critically ill and that death was imminent. Captain Anderson (also a named Defendant in this matter) informed the family of the emergency furlough process, to which the family indicated there was not enough time. Captain Anderson then personally approved and facilitated a phone call from Plaintiff to his mother before she passed away.

The next day Plaintiff was allowed another phone call to check the status of his mother. The day after his mother's passing, Plaintiff was approved to receive a visit from two family members so they could personally tell him of her passing. Referrals were also made to the facility's psychologist and chaplain on behalf of the Plaintiff.

While generally, an inmate serving disciplinary confinement is not allowed visits and phone calls, the staff at High Security, many of whom are named Defendants in this matter, went to great lengths to accommodate the Plaintiff due to the circumstances.

I. **Plaintiff's Due Process Claim:**

Inmate disciplinary hearings and sanctions, and the relevant due process considerations involved, were addressed in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293. In *Sandin*, after disciplinary hearing, the inmate received a sentence of 30 days disciplinary segregation. *Sandin v. Conner*, 515 U.S. 472, 475; 115 S.Ct., 2293, 2296 (1995).

Upon review the United States Supreme Court stated, "the Due Process Clause standing alone confers no liberty interest in freedom from state action taken within a

sentence imposed". Id at 480. The Court acknowledged that "the State may in certain circumstances create liberty interests that are protected by the Due Process Clause. But these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical, significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. The Court went on to hold that a 30 day sentence to disciplinary segregation "did not present the type of atypical, significant deprivation in which a State might ....create a liberty interest, Id. at 486; but instead was the type of "discipline by prison officials in response to a wide range of misconduct [that] falls within the expected perimeters of the sentence imposed by a court of law". Id at 485.

Plaintiff also states that these disciplinary sanctions may have an adverse impact on his opportunities to be released back into the community. This assertion has also been addressed in Sandin, wherein the Court stated "the chance that a finding of misconduct will alter the [duration of a sentence] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause". *Sandin* at 487. Therefore, based on the holding in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293 (1995), Plaintiff's placement in segregation does not trigger any protected liberty interests to which he is entitled to relief.

## II. Plaintiff's request that the Department be restrained from imposing any disciplinary sanctions against him.

Were the Court to enjoin the Department of Corrections from imposing disciplinary action upon the Plaintiff, such an Order would create a serious risk to security and internal order both in regards to the Plaintiff and to the inmate population at

large. Such an Order would enable the Plaintiff to disregard all prisons rules with impunity.

The United States Supreme Court has stated, "maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of [a] retained constitutional right." *Bell v. Wolfish*, 441 U.S. 520, 546; 99 S.Ct. 1861, 1878 (1979). "Central to all other goals is the institutional consideration of internal security within the correctional facilities themselves." *Id* at 547, 1878. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment." *Id.* at 540, 1874.

The Court further stated "the problems that arise in the day-to-day operation of a corrections facility are not susceptible to easy solutions. Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id* at 547, 1878. "Such considerations are peculiarly within the province and professional expertise of corrections officials and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id.* at 548, 1879.

Plaintiff was given a disciplinary hearing in regards to the allegations of misconduct. After he was found guilty of the infractions, he was given the opportunity to appeal this ruling. He was given time to complete his participation in a prison program before the disciplines were reviewed. His appeal was ultimately approved and his

sanctions reduced. There is nothing exaggerated in the response of the department or its employees in relation to these matters.

There is also nothing retaliatory in the actions of the staff and supervisors at High Security. To the contrary, when the staff learned of Plaintiff's mother's illness, they acted immediately and ongoing to arrange phone calls for Plaintiff to his mother and family members, and facilitated a visit from his family.

For the reasons set forth in this memorandum, Defendant Wall submits that the Plaintiff's Motion for Protective Order and Injunctive Relief should be denied.

Defendant, by his attorney,

Kathleen Kelly

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, ~~postage prepaid~~ interdepartmental, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 7th day of September, _____ 2005.

Kathleen Kelly