**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THADDEUS TAYLOR**

**v.** **C.A. No. 05- 118 T**

**CONNECTICUT DEPARTMENT OF CORRECTIONS, STATE OF CONNECTICUT, RHODE ISLAND DEPARTMENT OF CORRECTIONS, THERESA LANTZ, AND A.T. WALL**

## Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

On March 13, 2005, Thaddeus Taylor, *pro se*, filed an Amended Complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Plaintiff, a Connecticut inmate confined at the Rhode Island Department of Corrections ("RI-DOC"), Adult Correctional Institutions, named as defendants officials or employees at the RI-DOC and the Connecticut Department of Corrections. Together with his Complaint, plaintiff filed a Motion for a Temporary Injunction Order[1] wherein he seeks to be transferred back to Connecticut to be confined in a facility at the Connecticut Department of Corrections. Defendants have objected.

Plaintiff's motion for preliminary injunctive relief has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend that plaintiff's motion be denied. I have determined that a hearing is not necessary. See Campbell Soup Co., v. Giles, 47 F.3d 467, 469 (1st Cir. 1995)(An evidentiary hearing is not an indispensable

---

[1] Plaintiff has several motions for injunctive relief which currently are still pending before the Court. This Report and Recommendation pertains to only the "Motion for Temporary Injunction(s)" filed on March 13, 2005.

requirement when a court allows or refuses injunctive relief under Fed.R.Civ.P. 65.).

**Discussion**

In his Amended Complaint, Plaintiff makes very broad and sweeping allegations. Plaintiff alleges violations of the First, Eighth and Fourteenth Amendments. Along with his Amended Complaint, plaintiff filed a "Motion for a Temporary Injunctive Order" directing that he be returned to a confinement facility in Connecticut until he "could adequate[ly] challenge his [involuntary] transfer." See Motion for Temporary Injunction(s), filed March 13, 2005, at 1. Plaintiff apparently has been involuntarily transferred to the RI-DOC to serve out his Connecticut sentence.

As the party moving for preliminary injunctive relief, the plaintiff bears the burden to demonstrate (1) the potential for immediate, irreparable injury; (2) the likelihood of success on the merits of the case; (3) the relevant balance of hardships if the injunction does not issue; and (4) the effect on the public interest of a grant or denial of the motion. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). A failure to demonstrate one of the requirements necessitates a denial of the motion for preliminary injunctive relief.

Here, plaintiff is not entitled to the relief he seeks. The United States Supreme Court has made clear that an inmate possess no liberty interest in confinement at a particular facility. Olim v. Wakinekona, 461 U.S. 238, 248 91983), Meachum v. Fano, 427 U.S. 215, 224 (1976). Indeed, a prisoner does not have a right to a hearing before being transferred, and he may be transferred for no reason at all. Montanye v. Haynes, 427 U.S. 236, 238 (1976). Thus, plaintiff has no constitutional right to be confined in a facility in Connecticut and is not constitutionally entitled to any sort of hearing before he was transferred. Accordingly, plaintiff's motion should be denied. I so recommend.

**Conclusion**

Accordingly, since the plaintiff is not entitled to the relief he seeks, I recommend that plaintiff's Motion for a Temporary Injunction Order, filed on March 13, 2005, be denied. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
September 13, 2005