**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THADDEUS TAYLOR**

**v.** **C.A. No. 05- 118 T**

**CONNECTICUT DEPARTMENT OF CORRECTIONS, STATE OF CONNECTICUT, RHODE ISLAND DEPARTMENT OF CORRECTIONS, THERESA LANTZ, AND A.T. WALL**

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

On March 13, 2005, Thaddeus Taylor, *pro se*, filed an Amended Complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Plaintiff, a Connecticut inmate confined at the Rhode Island Department of Corrections ("RI-DOC"), Adult Correctional Institutions, named as defendants officials or employees at the RI-DOC and the Connecticut Department of Corrections. On June 9, 2005 plaintiff filed a "Motion for [a] Court Order to Temporarily Declare that Plaintiff's Living Conditions at [the] High Security Facility are Unsafe," seeking to prohibit the defendants from housing the plaintiff in the High Security Center. Defendants have objected.

This matter has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend that plaintiff's motion be denied. I have determined that a hearing is not necessary. See Campbell Soup Co., v. Giles, 47 F.3d 467, 469 (1st Cir. 1995)(An evidentiary hearing is not an indispensable requirement when a court allows or refuses injunctive relief under Fed.R.Civ.P. 65).

**Discussion**

As the party moving for preliminary injunctive relief, the plaintiff bears the burden to demonstrate (1) the potential for immediate, irreparable injury; (2) the likelihood of success on the merits of the case; (3) the relevant balance of hardships if the injunction does not issue; and (4) the effect on the public interest of a grant or denial of the motion. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). A failure to demonstrate one of the requirements necessitates a denial of the motion for preliminary injunctive relief.

Here, plaintiff claims that the living conditions at the High Security Center are unsafe due to a lack of a fire safety sprinkler system and smoke detectors in cells. Defendants, however, dispute plaintiff's assertions and indicate that there are sufficient heat and smoke detectors located throughout High Security which are directly connected to the Cranston Fire Department. In any event, the alleged harm plaintiff allegedly faces here- potential harm from a potential fire- is based upon plaintiff's unsubstantiated fear, speculation and subjective apprehension. This cannot establish an immediate threat of immediate, irreparable harm. See e.g. In Re Rare Coins of America, Inc., 862 F.2d 896, 901(1st Cir. 1988). Injunctive relief will not be granted against something merely feared as liable to occur at some indefinite time in the future. Connecticut v. Massachusetts, 282 U.S. 660, 674 (1930).

Plaintiff has failed to demonstrate any immediate and irreparable injury. Accordingly, plaintiff's motion should be denied. I so recommend.

**Conclusion**

For the reasons set forth above, I recommend that plaintiff's "Motion for [a] Court Order to Temporarily Declare that Plaintiff's Living Conditions at [the] High Security Facility are Unsafe,"

filed on June 9, 2005, be denied. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
September 13, 2005