UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR : CASE NO. C.A. 05-118T

v.

Connecticut Dept. of Corrections, et al : SEPTEMBER 9, 2005

PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTIVE RELIEF, Harassment/Retaliation

The plaintiff Thaddeus Taylor, in the above captioned case respectfully files this Reply to the defendants Joint memorandum dated September 7, 2005 -- objecting to the plaintiff's motions for Injunctive Relief from Harassment, Sanctions being imposed and Retaliation against the plaintiff.. Specifically, the defendants argue in their objections that the defendants at Rhode Island DOC -- "High Security Facility" are not "harassing" and "retaliating" against the plaintiff and argues if the Court prohibit them from issuance of "disciplinary infractions it would give the plaintiff the freedom to do as he pleases.. these Arguments are meritless. The defendants at the "High Security Facility" are known and have a "de facto Policies" that Allows them to harass, threaten, intimidate, Retaliate and assault inmates that files Complaints grievances and Lawsuits against them.. Indeed, inmate Ricardo Matos #107530 AKA "Tyson", was repeatedly beaten-up stopped, while handcuffed, by some of the same defendants

and other correctional staff at the "High Security Facility".. as named in this matter, and to which the plaintiff have complained about. (Inmate "Tyson" was the inmate "RIDOC" exchanged the plaintiff for - and they claim they can't send the plaintiff back.. because they will have to take back inmate "Tyson.." to which they don't want to do) Several other inmates have filed complaints at the "High Security Facility" that the defendants' counsel is aware of also.. However, she fails to inform the Court of these facts.

The plaintiff was give two disciplinary tickets by Correctional officer "Blain".. on August 9, 2005.. however, the defendants' attorney fails to mention the fact that on August 1, 2005 the plaintiff had written a formal complaint again officer "Blain for repeatedly, failing to open his cell door.. so that he could go to meals, Recreation, Law Library, etc.. as "harassment" (C/o Blain worked the unit only two times a week.. everytime he work the plaintiff was harassed). Even before that, C/o Blain was "written up" by the plaintiff about a half of dozen times.. for his threats, usage of profanity, tampering with his Legal mail, unprofessional conduct toward the plaintiff.. The defendants' counsel willfully omits these facts.. despite having access and knowledge of such facts.

Moreso, Around the same time C/o Blain have been placed on Administrative Leave, Leave and order to undergo a "psychological" evaluation to see if he's fit to perform his duties as a "Correctional officer"..

The defendants' Counsel failed to mentioned these facts.. as well. Inspector Lopez, from the RIDOC- Office of Inspection also met with the plaintiff and assured him the disciplinary Infraction C/o Blain wrote would be dismissed against the plaintiff. (C/o Blain wrote another inmate a disciplinary Infraction "Mark Pine" -- in which was dismissed by Lt. Galligan -- despite the fact Inmate Pine plead guilty to the infraction.) Having, set forth the facts.. not disclosed to the Court, the plaintiff also submits he did nothing wrong in the first place -- The Defendants Galligan, Lopez, Collins, Anderson, Doyle and Getter.. know this however because they desire to Retaliate against the plaintiff they find him guilty and Sanction him to the Maximum allowable Segregation time. -- inmates have fought in the Protective Custody unit and only received 10 days of Segregation time.

Contrary, to the Defendants' Attorney Claim the plaintiff todate has not been given his Certificate of Completion -- for the "Alpha Program" he Completed.. but was locked in his cell on the last day -- as a result of the defendants' harassment and Retaliatory Acts.. defendant Collins have not provided the plaintiff with his Certificate Yet.

Moreover, Defendant Collins duties is to review the "disciplinary Hearing process".. to see if the plaintiff and inmates "due process Rights" were violated -- She have repeatedly "over look" the fact the plaintiff was not Allowed to Call witnesses at the Hearing, the Hearing officer was involved with writing the infraction

The staff representative does nothing but sit there and does not assist the inmates; staff witnesses are not called etc.. All of the "due process" minimal standards were not met.. and defendant Collins "overlook" these facts.. It is their "defacto policy" to do so. (see Plaintiff's Challenge to the disciplinary tickets TAYLOR v. Collins, etal C.A. 05-265 S (pending Appeal) TAYLOR v. Collins, etal C.A. 05-278 S (pending Appeal), Taylor v. Doyle, etal (pending U.S.D.C.) TAYLOR v. Blain, etal, (pending USDC))

Defendant Collins reduced the code to a "207" violation.. the maximum time authorized by the "RIDOC policies" for this code "207" is 20 days of disciplinary segregation and 20 days of loss of good time.. Defendant Collins gave the plaintiff 21 days of disciplinary segregation, and 21 days of loss of good time.. additionally, the plaintiff was not credited 3 days he had already been on "24 hour lockdown-status for this same incident (Although, the plaintiff have written defendant Collins asking her to correct the error and credit him the 3 days.. the plaintiff have not received any response from defendant Collins or Attorney Patricia Coyne Fague -- their policy that she responds or correct such) Hardly, have defendant Collins been anything close to a "fair" person in the plaintiff's case(s).. She may have not acted directly to harass and retaliate against the plaintiff, but she certainly have indirectly allowed such to go on.. and to continue to go on.. on her watch.

Defendants' Counsel also is mistaken also when she stated that defendant Collins granted the plaintiff's request to hold off acting on the appeal

The Plaintiff himself waited for the very last day.. and then submitted his appeal.. to ensure it didn't get acted upon until he finished his program -- in which was one day -- defendant LT. Galligan, repeatedly asked the plaintiff "did you submit your appeal yet".. and make the comment you usually submit it rightaway.

Although, the defendants' counsel is correct in stating defendant Anderson was very helpful to the plaintiff's family and the plaintiff over the "Labor Day" weekend when his "Mother passed away"... counsel also overlook, the fact -- but for the "Retaliatory Acts," harassment, "denial of due process of law, by the way inwhich occurred on defendant Anderson watch and still is occurring (Captain Anderson is the "white Captain," defendant LT. Galligan went to -- when the "Black Captain," defendant Headen -- dismissed his first booking or disciplinary ticket he wrote against the plaintiff for writing an inmate request to the Captain.) Moreover, Captain Anderson allows white inmates to write him directly all the time -- to this day... He only is forcing the plaintiff, as a "retaliatory," to write to defendant "Galligan."

Defendants' Counsel also "mistakenly" states there are "no due process" or "protected liberty interests" to which he is entitled to.. as a result of the defendants' actions.. "Loss of good time" as imposed by defendant Collins -- in these matters creates a protected liberty interests.. alone. The fact that, inaddition to, the "loss of good-time" the plaintiff may be adversely in the halfway House placement or Parole -- Also warrant further Review.

Lastly, the Defendants' Argues that if the Court grant the plaintiff request not to have "Sanctions" imposed against him somehow it would create a serious risk to security and internal order.. these Arguments are "meritless" -- the Court, have been very patient with "defendant Wall" and the defendants .. and have given their Counsel and prison officials more than ample time to Address these matters.. as well as all the other matters the plaintiff have ~~[illegible]~~ complained about and/or there are motions for sought relief -- but have failed to do so. The Court granting this motion will address an "escalating problem" to which it appears defendant A.T. Wall and his Administration can not control.

Additionally, the plaintiff is an "ex-correctional officer," "minimum level" security risk inmate, have not received a disciplinary infraction in Connecticut DOC, and prior to coming to RIDOC -- since "1996" -- nine years of incarceration without being a discipline problem -- under these extraordinary circumstances the Court should now act.. there are only 24 inmates in the "Protective Custody unit".. hardly will there be any "security concerns" -- the defendants are trying to intimidate, punish and harass the plaintiff with their disciplinary system.

Oral Argument Requested
~~Testimony Requested~~

Respectfully Submitted
[signature]
Thaddeus Taylor #128205
ACI-HSC
P.O. Box 8200
Cranston, RI 02920

Certificate of Service

~~I certify that a copy of the foregoing Reply~~ was mailed to Attorney Patricia Coyne Fague, 40 Howard Ave, Cranston, RI 02920 on this 9th day of September 2005.
[signature]
Thaddeus Taylor