UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**THADDEUS TAYLOR**

**v.** **C.A. No. 05 - 118 T**

**CONNECTICUT DEPARTMENT OF CORRECTIONS, STATE OF CONNECTICUT, RHODE ISLAND DEPARTMENT OF CORRECTIONS, THERESA LANTZ, AND A.T. WALL**

## Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

On September 12, 2005, Thaddeus Taylor, *pro se*, filed a Second Amended Complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Plaintiff, a Connecticut inmate confined at the Rhode Island Department of Corrections ("RI-DOC"), Adult Correctional Institutions, named as defendants officials or employees at the RI-DOC and the Connecticut Department of Corrections ("CT-DOC"). On June 20, 2005 plaintiff filed with the Court a "Motion for Protective Order and Injunctive Relief," seeking to prohibit the defendants from "retaliating against the plaintiff by placing him in segregation indefinitely on false disciplinary reports." See Motion for Protective Order and Injunctive Relief, filed June 20, 2005, at 1. On August 17, 2005 plaintiff filed with the Court a "Motion for Temporary Order; Injunction" seeking this Court to prohibit the defendants from imposing any disciplinary sanctions on the plaintiff. The relief the plaintiff seeks in both motions are essentially the same - Orders prohibiting the RI-DOC from charging the plaintiff with any further disciplinary infractions and imposing any further sanctions. Defendants have objected to both motions.

These matters have been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend that plaintiff's motions be denied. I have determined that a hearing is not necessary. See Campbell Soup Co., v. Giles, 47 F.3d 467, 469 (1st Cir. 1995)(An evidentiary hearing is not an indispensable requirement when a court allows or refuses injunctive relief under Fed.R.Civ.P. 65).

**Discussion**

As the party moving for preliminary injunctive relief, the plaintiff bears the burden to demonstrate (1) the potential for immediate, irreparable injury; (2) the likelihood of success on the merits of the case; (3) the relevant balance of hardships if the injunction does not issue; and (4) the effect on the public interest of a grant or denial of the motion. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). A failure to demonstrate one of the requirements necessitates a denial of the motion for preliminary injunctive relief.

In both of his motions, plaintiff claims he is being retaliated against for filing this lawsuit and/or for filing complaints against prison officials, in violation of his First Amendment rights. See e.g. McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979). In support of his motions, plaintiff claims that "de facto" policies at the RI-DOC place inmates in punitive segregation based upon false allegations in retaliation for exercising their constitutional right to file grievances and to petition the Court. Plaintiff alleges that since he has been confined in Rhode Island, he has received five disciplinary charges. Plaintiff claims that while housed in a Connecticut confinement facility, he received none.

Constitutional violations, when properly demonstrated, are presumed to demonstrate "irreparable harm." See National People's Action v. Village of Wilmette, 914 F.2d 1008, 1013 (7th Cir. 1990). Here, however, plaintiff failed to demonstrate any constitutional violations.

Moreover, the harm cannot be speculative, and subjective apprehensions and predictions cannot establish an immediate threat of irreparable harm. See e.g. In Re Rare Coins of America, Inc., 862 F.2d 896, 901 (1st Cir.1988). Injunctive relief can not be granted against something merely feared as liable to occur at some indefinite time in the future. Connecticut v. Massachusetts, 282 U.S. 660, 674 (1930). Here plaintiff's harm is based solely on fear and speculation that he may be subjected to disciplinary charges at some point in time in the future. This is insufficient to demonstrate immediate, irreparable harm for this Court to issue a preliminary injunction.

Additionally, the relief plaintiff seeks is contrary to public policy. Plaintiff seeks an injunction that would essentially prevent prison officials from charging the plaintiff with any disciplinary infraction and would require this Court to micro-manage the RI-DOC's disciplinary boards. The Court will not give the plaintiff a free pass and permit him to misbehave without consequence. See Sandin v. Conner, 515 U.S. 472, 486 (1995)("Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of a sentence imposed...."). This Court is not in the business of managing prisons or sitting as a prison disciplinary board's appellate panel.

Furthermore, the Prison Litigation Reform Act provides that a federal court "shall not grant or approve any [form of injunctive relief] unless the Court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of a federal right." 18 U.S.C. § 3626(a)(1). Here, the injunctive relief the plaintiff seeks is too broad and sweeping. This Court can not issue such an injunction. See id.

**Conclusion**

For the reasons set forth above, I recommend that plaintiff's "Motion for Protective Order and Injunctive Relief" filed on June 20, 2005, and his "Motion for Temporary Order; Injunction" filed on August 17, 2005, be denied. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
September 20, 2005