**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THADDEUS TAYLOR**

**v.** **C.A. No. 05 - 118 T**

**CONNECTICUT DEPARTMENT OF CORRECTIONS, STATE OF CONNECTICUT, RHODE ISLAND DEPARTMENT OF CORRECTIONS, THERESA LANTZ, AND A.T. WALL**

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

On September 12, 2005, Thaddeus Taylor, *pro se*, filed a Second Amended Complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Plaintiff, a Connecticut inmate confined at the Rhode Island Department of Corrections ("RI-DOC"), Adult Correctional Institutions, named as defendants officials or employees at the RI-DOC and the Connecticut Department of Corrections ("CT-DOC"). On June 16, 2005 plaintiff filed with the Court a "Motion for Temporary Injunctive Order" seeking this Court to Order the defendants to provide the plaintiff with daily access to his legal case file. Defendants have objected.

This matter has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend that plaintiff's motion be denied. I have determined that a hearing is not necessary. See Campbell Soup Co., v. Giles, 47 F.3d 467, 469 (1st Cir. 1995)(An evidentiary hearing is not an indispensable requirement when a court allows or refuses injunctive relief under Fed.R.Civ.P. 65).

**Discussion**

As the party moving for preliminary injunctive relief, the plaintiff bears the burden to demonstrate (1) the potential for immediate, irreparable injury; (2) the likelihood of success on the merits of the case; (3) the relevant balance of hardships if the injunction does not issue; and (4) the effect on the public interest of a grant or denial of the motion. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). A failure to demonstrate one of the requirements necessitates a denial of the motion for preliminary injunctive relief.

In his motion, plaintiff complains that he is only allowed "1 cubic foot" of legal materials in his cell. The plaintiff, by way of the instant motion, seeks to have unfettered access to his thirty-eight boxes of legal materials. Defendants have objected. In their objection, defendants contend that the plaintiff is provided one box of his legal materials per day, five days a week. Moreover, defendants contend that every two weeks, the plaintiff is provided access to all of his boxes. Defendants also contend that a state court judge in Connecticut already determined that Rhode Island officials are providing the plaintiff adequate access to his legal materials and the defendants have supplied a partial transcript of those court proceedings.

An inmate has a constitutional right to access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). A prison regulation or restriction that infringes on an inmate's constitutional right is valid "if it is reasonably related to legitimate penological interests." Tuner v. Safely, 482 U.S. 78 (1987). This is a deferential standard. Jones v. North Carolina Prisoners' Labor Union Inc., 433 U.S. 119 (1977).

Here, plaintiff complains that the defendants are interfering with this right to access the Court since they have limited his access to his thirty-eight boxes of legal materials. However, plaintiff has

failed to properly demonstrate a violation of his right to access the Courts. In order to demonstrate a violation of this right, plaintiff must demonstrate actual injury. In other words, plaintiff must demonstrate that a non-frivolous legal claim has been frustrated or was impeded. Lewis v. Casey, 518 U.S. 343, 352-8 (1996). Nothing has been presented to demonstrate that any non-frivolous legal claim has been frustrated.

Moreover, both plaintiff and the defendants agree that he has regular access to "1 cubic foot" of his legal materials in his cell. Defendants contend that this limit is necessary due to fire safety issues. This seems to me to be entirely reasonable. Moreover, defendants' restriction on plaintiff's access to his thirty-eight boxes of legal material is also entirely reasonable. The plaintiff is reminded that he is an inmate, and as such, is subject to restrictions not faced by those not incarcerated. Defendants have valid, legitimate reason for such limitations.

This Court is satisfied that the plaintiff has sufficient access to his legal files. Moreover, the plaintiff has not demonstrated that a non-frivolous legal claim has been frustrated. Accordingly, I find that plaintiff's motion should be denied. I so recommend.

**Conclusion**

For the reasons set forth above, I recommend that plaintiff's "Motion for Temporary Injunctive Order" filed on June 16, 2005 be denied. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

[illegible]

[illegible]

[illegible]

[illegible]