**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THADDEUS TAYLOR**

**v.** **C.A. No. 05 - 118 T**

**CONNECTICUT DEPARTMENT OF CORRECTIONS, STATE OF CONNECTICUT, RHODE ISLAND DEPARTMENT OF CORRECTIONS, THERESA LANTZ, AND A.T. WALL**

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

On April 15, 2005, Thaddeus Taylor, *pro se*, filed an Amended Complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Plaintiff, a Connecticut inmate confined at the Rhode Island Department of Corrections ("RI-DOC"), Adult Correctional Institutions, named as defendants officials or employees at the RI-DOC and the Connecticut Department of Corrections ("CT-DOC"). On July 29, 2005 plaintiff filed with the Court a "Motion for Temporary Injunctive" seeking this Court to Order the defendants to place a plastic chair in his prison cell. Defendants have objected.

This matter has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend that plaintiff's motion be denied. I have determined that a hearing is not necessary. See Campbell Soup Co., v. Giles, 47 F.3d 467, 469 (1st Cir. 1995)(An evidentiary hearing is not an indispensable requirement when a court allows or refuses injunctive relief under Fed.R.Civ.P. 65).

**Discussion**

As the party moving for preliminary injunctive relief, the plaintiff bears the burden to demonstrate (1) the potential for immediate, irreparable injury; (2) the likelihood of success on the merits of the case; (3) the relevant balance of hardships if the injunction does not issue; and (4) the effect on the public interest of a grant or denial of the motion. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). A failure to demonstrate one of the requirements necessitates a denial of the motion for preliminary injunctive relief.

In his motion, plaintiff complains that a plastic chair is needed in his cell because he needs back support to alleviate back pain and discomfort. Plaintiff contends that the bench inside his cell does not provide proper support. Thus, plaintiff is asserting an Eighth Amendment violation as a basis for this instant motion. Constitutional violations, when properly demonstrated, are presumed to demonstrate "irreparable harm." See National People's Action v. Village of Wilmette, 914 F.2d 1008, 1013 (7th Cir. 1990).

The failure to provide medical attention to an injured prisoner can be an Eighth Amendment violation. See e.g., Layne v. Vinzant, 657 F.2d 468 (1st Cir. 1981); Rosen v. Chang, 758 F.Supp. 799 (D.R.I. 1991). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In order to find deliberate indifference, there must be more than a showing of negligence. Id. Such negligence, if present, does not rise to the level of a Constitutional violation simply because the plaintiff is incarcerated. Id. Officials must intentionally delay or completely deny access to medical care. Id. at 104-05.

Deliberate indifference to an inmate's medical needs requires a two part inquiry. First, the

court must ask whether the inmate's medical needs are objectively serious (objective aspect). The illness must have "been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Mahan v. Plymouth County House of Corrections, 64 F.3d 14, 18 (1st Cir 1995). Second, there must be an element of a culpable state of mind or reckless disregard rising to the level of criminal recklessness on the part of the defendant (subjective aspect). Farmer v. Brennan, 511 U.S. 825 (1994).

Here, plaintiff has not demonstrated that his alleged back pain is sufficiently serious to come within the reach of the Eighth Amendment. Moreover, plaintiff has failed to demonstrate that any defendant has been "deliberately indifferent" to his needs. Indeed, defendants' objection indicates that they have compelling reasons for not allowing the plaintiff to have a chair in his cell. See Defendant's Objection to Plaintiff's Motion for Temporary Injunctive Relief for Plastic Chair in His Cell, at 1-2 (placing a chair in plaintiff's cell constitutes a fire hazard and a security concern).

In any event, plaintiff has failed to demonstrate any sort of Eighth Amendment violation necessary for this Court to issue a preliminary injunction.

**Conclusion**

For the reasons set forth above, I recommend that plaintiff's "Motion for Temporary Injunctive Relief" filed on July 29, 2005 be denied. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v.

Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
September 20, 2005