UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Thaddeus Taylor : CASE NO. C.A. 05-118T
v. :
Connecticut Dept of :
Corrections, et al September 12, 2005

PLAINTIFF'S OBJECTIONS (IN PART) to DEFENDANTS' COUNSEL REPORT on MEETING Between Parties at High Security Facility 9/9/05

The Plaintiff Thaddeus Taylor, in his pro se capacity, in the above captioned matter, respectfully files this OBJections (IN PART)[1] to the defendants' counsels Report in regards to Court ordered meeting held on September 9, 2005 at the "High Security Facility".

Page one, of the defendant's counsel Report ("Def. Rpt.")-- states that copies of documents and a "Letter" to the plaintiff was faxed to Deputy warden Collins -- to be hand-delivered to the plaintiff -- on September 7, 2005 -- The plaintiff never received these documents, that was suppose to be handdelivered. The Plaintiff did receive a copy of the "docket sheet" and a letter from Hon. Judge Hagopian to Attorney Conye-Fasque asking her to provide the plaintiff with a copy of such -- on september 8, 2005.

Page two, the plaintiff is on disciplinary status as a result of "Retaliation and harassment" by the defendants... the correctional officer who wrote the "disciplinary infractions" against the plaintiff is currently on "Leave" -- and order to undergo a mental evaluation to see if he's fit to perform the duties of

1 The plaintiff on September 9, 2005 also filed his own report to the "chambers" of Honorable Judge Jacob Hagopian, USMJ on the meeting -- and served a copy there of on defendants counsel on september 9, 2005. The plaintiff claims that report and incorporate it herein as fully set forth. The plaintiff received the defendants' Report on september 12, 2005 and it appears it was filed with the Court. thus the plaintiff now files his objections to the "factual" or "misleading aspects"

a Correctional officer - Indeed the Plaintiff had just wrote the officer (Blain) upon threats, harassment before he wrote the infraction. Although, Inspector Lopez, assured the Plaintiff no "Disciplinary Actions would be taken against him.. Defendant Collins ordered him placed in segregation for 21 days and 21 days of Loss of good time.. despite the fact she knew C/O Blain was at the time unfit to perform his job as a Correctional officer -- and undergoing a mental Evaluation at this time. (Out of work for a couple months)

LT. Galligan, has repeatedly "harassed", "retaliated," and allowed other staff to do the same against the plaintiff in Retaliation. LT. Galligan, also knowingly and willfully lied under oath at a "hearing" in Connecticut Superior Court on June 23, 2005 inregards to Access to the plaintiff's legal case files (Attorney Coyne-Fague was present in Court as well)... And the Plaintiff have written him up for misconducts about a dozen times thus far. He did not allow the plaintiff to have Access to his legal case files at all.. the plaintiff, infact wrote to Attorney Coyne-Fague on or about september 7, 2005 about being denied Access.. as well to Deputy warden Collins and LT. Doyle (personally).

The "meeting" between defendants' counsel and the Plaintiff should have been treated as a "Legal visit".. in all fairness.. LT. Galligan and C/O Manning are named defendants. Correctional officers Zannini and Fehemel will and does go back and "gossip" to all the other staff about what went on etc.. inwhich creates nothing but problems, harassment and Retaliation.

Prior to the meeting, the Plaintiff asked Attorney Coyne-Fague to only allow a Captain or above to be involved in any aspect.. it would ensure some level of "professionalism" and not allow "gossip" to go around the facility amongst the Correctional officers -- that normally leads to more harassment, Retaliatory Acts, set-ups etc..

Accordingly, Attorney Coyne-Fague was not trying to be fair.. the meeting should have been "set up" as a "Legal visit".. three Correctional officer and a Lieutenant Need not "stand guard".. especially when down the hallway were several General population inmates roaming freely.. that are "considered Rhode Island most dangerous inmates".

The plaintiff had a pen inside his folder -- because he was hand-cuffed he could not get it.

PAGE three; The defendants' counsel states the plaintiff "began yelling".. The plaintiff Never "yelled".. the plaintiff speaks "loud" anyways; Moreover Attorney Coyne-Fague was on one side of the Room the plaintiff on the other.. He had to speak loud otherwise she would not be able to hear him as clearly.

Counsel also stated she would take the plaintiff's notes.. and/or she brought a "tape recorder" to the meeting.. this would not address the plaintiff's need to take his own notes,.. its also note worthy -- that Attorney Kathleen Kelly pulled out a big yellow writing pad to "take notes".. why would counsel think the plaintiff would not want to take notes.

The more Appropriate solution was to have the meeting in the "segregation unit" -- where the plaintiff could be inside his cell.. Able to take notes etc... and they could speak and past documents through the "food tray slot" in the door -- or simply wait until the plaintiff is off the alleged "segregation status".

Because the meeting was Court ordered and important counsel could have with easily asked the deputy warden, Director A.T. Wall

or Captain Anderson to Allow the handcuffs off, Allow the plaintiff and Attorney(s) to conduct the "meeting" in a fair professional manner.. but, opted not to. This meeting was "Court-ordered" and should have been given the "respect" by the defendants as such.

There was no way could the plaintiff meaningfully participate in the meeting as a "pro se" litigant with his hands-cuffed, denied access to his legal case files.. The Counsel was ordered to conduct this meeting within ten days.. She waited until the "tenth day" .. and then failed to properly set up the "meeting" so that the plaintiff could "meaningfully participate". Additionally, the plaintiff is a "Category A" inmate.. protective custody.. and in Connecticut DOC classified as a "minimum custody level inmate".. Level 2 .. to which there should not be any need for four correctional officers watching him.. to "intimidate" the process.

Moreover, All correctional officers should be forced to observe the meeting, if they need to from out side of hearing distance.. otherwise it creates additionally problems and moreso the plaintiff can't meaningfully participate.

It Appears Counsels and the defendants want to treat the Plaintiff as a "third class citizen" and not as an equal.
(Perhaps any meeting should be held at the Court)

Respectfully Submitted
Thaddeus Taylor
Thaddeus Taylor #128275
ACI-HSC
P.O. Box 8200
Cranston, RI 02920

Certificate of Service

I certify that a copy of all foregoing was mailed to Attorney Kathleen Kelly, RIDOC, 40 Howard Ave Cranston RI 02920, on this 12th day of September 2005.

Thaddeus Taylor pro se
Thaddeus Taylor #128275