**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THADDEUS TAYLOR,** *pro se,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **A.T.WALL,** Director, Rhode Island Department of Corrections, **RHODE ISLAND DEPARTMENT OF CORRECTIONS, CONNECTICUT DEPARTMENT OF CORRECTIONS, STATE OF CONNECTICUT,** and **TERESA LANTZ, et al.** | : | **C.A. No.: 05-118T** |

**DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16**

Now comes Defendant, by and through his attorneys, and hereby moves this Honorable Court to impose sanctions upon the Plaintiff, pursuant to Federal Rule of Civil Procedure 16, for the reasons argued in the accompanying memorandum of law.

Respectfully submitted,
Defendant, by his attorney

Patricia A. Coyne-Fague #5198
Chief Legal Counsel
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-0145/(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage pre-paid, to plaintiff Thaddeus Taylor, P.O. Box 8200, Cranston, RI 02920 on this 15th day of September 2005.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THADDEUS TAYLOR,** *pro se,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **A.T.WALL,** Director, Rhode Island Department of Corrections, **RHODE ISLAND DEPARTMENT OF CORRECTIONS, CONNECTICUT DEPARTMENT OF CORRECTIONS, STATE OF CONNECTICUT,** and **TERESA LANTZ, et al.** | : | **C.A. No.: 05-118T** |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16**

Now comes Defendant, by and through his attorney, and hereby moves this Honorable Court to impose sanctions upon the Plaintiff, pursuant to Federal Rule of Civil Procedure 16, for failure to participate in good faith in a Court-ordered meeting with counsel.

**I. Court's order to meet and confer**

Pursuant to an August 30, 2005 order of the Court, Senior Legal Counsel Kathleen Kelly and Chief Legal Counsel Patricia A. Coyne-Fague, counsel for defendants, arranged a meeting with Plaintiff Thaddeus Taylor to discuss three topics: (1) to ascertain which, if any pleadings Plaintiff was missing so that defense counsel could provide him with a copy; (2) to discuss Plaintiff's discovery requests and Defendants' objections, with an eye toward agreements; and (3) to explore possible settlement. In the days prior to the meeting, defense counsel spent many hours researching and preparing documents for the meeting. Counsel spent much time contacting various personnel in order to coordinate the meeting itself, as well as to afford

the Plaintiff the time and documents he would need in order to be prepared for the meeting.

**II. Plaintiff refused to participate in the court-ordered meeting**

As is more fully articulated in the report provided to the Court following the meeting on September 9, 2005, the Plaintiff in this matter outright refused to participate in the court-ordered meeting. Despite repeated entreaties from counsel to at least attempt to discuss the matters as ordered by the Court, the Plaintiff adamantly refused to proceed with the meeting. Indeed, Plaintiff began the meeting by stating he would not proceed, from the moment counsel entered the room.

Plaintiff stated that because correctional staff would not completely remove his handcuffs he would not proceed with the meeting. As stated in the Defendant's report filed with the Court, Plaintiff's handcuffs were moved to the front at counsel's request, but would not be completely removed, as Plaintiff was on disciplinary status. Defendant submits that the Plaintiff, as a former correctional officer himself, knew full well that correctional staff would not remove his handcuffs entirely, as he was on disciplinary status, and therefore submits that Plaintiff's assertion that he could not proceed without the cuffs being removed was a manufactured excuse formed in bad faith so as to afford him a pretext not to proceed with the Court-ordered meeting. Despite being offered the alternatives of being handcuffed in the front in order to facilitate the taking of notes, and of having the entire meeting tape recorded so as to eliminate the need to take notes at all, Plaintiff persisted in his refusal to cooperate or participate in the meeting. Indeed, while Plaintiff's protest centered on not being able to take notes, neither attorney for the Defendant observed a pen or pencil within the materials Plaintiff brought to the meeting,

again bringing into question the sincerity of Plaintiff's complaint and lending weight to Defendant's argument that the Plaintiff never had any intention of participating in the meeting and merely invented red herrings for not doing so.

While Plaintiff's report to the Court regarding the meeting makes myriad claims of misconduct by Defendant and counsel, none of those complaints were raised at the meeting (e.g., being brought to the library down a hallway in which there were other inmates; not having access to his legal materials prior to the meeting) and Defendant submits that the Plaintiff is trying to deflect attention to his own bad faith by making false accusations against correctional staff and Defendant's attorneys.

As a result of Plaintiff's refusal to participate in the Court-ordered conference, various discovery issues remain unresolved and settlement remains unexplored. However, more troubling to the Defendant is the fact that the Defendant, his staff and his attorneys wasted a significant amount of time preparing for and coordinating a conference in which the Plaintiff clearly never intended to participate. As is his pattern, Plaintiff has determined that he should be the one to make the rules, and has now thumbed his nose at the Court's authority, just as he has frequently done to the prison's authority. Plaintiff's impertinence and disobedience to the Court should not go unpunished.

## III. The Standard under Rule 16(f)

Rule 16(f) of the Federal Rules of Civil Procedure states:

> **Sanctions**. If a party or party's attorney fails to obey a scheduling or pretrial order or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, **or if a party or party's attorney fails to participate in good faith**, the judge, **upon motion** or the judge's own initiative, may make such orders with regard thereto as are just, and among

> others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or other circumstances make an award of expenses unjust. [Emphasis added].

"When confronted with a party's defiance of its management authority, a district court is necessarily vested with considerable discretion in deciding whether to impose sanctions on that party, and, if so, in determining what form the sanctions should take." *Jones v. Winnepesaukee Realty*, 990 F.2d 1 (1st Cir. 1993) *other citations omitted.* "The choice of an appropriate sanction must be handled on a case-by-case basis. *Tower Ventures, Inc., v. City of Westfield*, 296 F.3f 43 (1st Cir. 2002). "Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, see *Enlace Marcantil Internacional, Inc., v. Senior Indus., Inc.*, 848 F.2d 315, 317 (1st Cir. 1988), disobedience of court orders, in and of itself, constitutes extreme misconduct (and thus, warrants dismissal), see *Cosme Neives v. Deshler*, 826 F.2d 1, 2 (1st. Cir.1987); *Tower*, at 46.

It is well-established that "discovery orders, other pre-trial orders, and, indeed, all orders governing the management of a case are enforceable under pain of sanction for unjustifiable violation." *Barreto, et al., v. Citibank*, 907 F.2d 15, 16 (1st Cir. 1990). "What lies behind the sanctioning power is not merely, or perhaps even principally, the desirability of punishing a party or counsel for dilatory actions or inaction, but the necessity of invocation of an extreme sanction, where justified, in order to deter others from similar conduct." *Id.*, citing *National Hockey League v. Metropolitan Hockey Club*, 427, U.S. 639, 643 (1976). In *Damiani v. Rhode Island Hospital*, 704 F.2d 12, 15 (1st Cir. 1983), the court stated "[t]he plaintiff's attorney arrogated control of discovery to

himself and changed the date of compliance to suit his own convenience and that of his client. If such conduct were condoned by a slap on the wrist, ...the District Court...might well find the lawyers calling the tune on discovery schedules." Defendant submits that the deterrence factor discussed above is a crucial consideration particularly in this case, where Plaintiff is a pro se prison inmate. The failure to deter other inmate litigants from similar noncompliance with Court orders could lead to the unnecessary expenditure of legal resources by the state as well as the erosion of the Court's authority, as well as creating a risk to security where inmates receive a message that they may act with impunity in order to meet their own objectives, without regard for rules of the Court.

## IV. Conclusion

The bad faith of the Plaintiff in the case at bar mirrors that committed by the plaintiff's attorney in *Damiani*, (where the attorney "arrogated control of discovery to himself * * * to suit his own convenience"). Defendant submits that the Plaintiff should not be permitted to defy orders of the Court to suit his own agenda. Defendants respectfully request that the Court impose appropriate sanctions against the Plaintiff, up to and including dismissal of his lawsuit with prejudice.

Respectfully submitted,
Defendant, by his attorney

Patricia A. Coyne-Fague #5198
Chief Legal Counsel
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-0145/(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage pre-paid, to plaintiff Thaddeus Taylor, P.O. Box 8200, Cranston, RI 02920 on this 14th day of September 2005.