**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Thaddeus Taylor, *pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-118T** |
| | : | |
| **A.T. Wall, et. al.** | : | |

**<u>DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR COURT ORDER DIRECTING DEFENDANTS' COUNSEL TO REFRAME (*sic*) FROM ANY EX PARTE COMMUNICATIONS WITH THE CLERK OF THE COURT</u>**

Now comes Defendant A. T. Wall et al, Director of the Department of Corrections, and hereby objects to Plaintiff's Motion for Court Order Directing Defendants to Reframe *(sic)* from any Ex Parte Communications with the Clerk of the Court.

For the reasons set forth in the accompanying Memorandum, Defendant Wall respectfully submits Plaintiff's Motion should be denied.

Defendant, by his attorney,

Kathleen Kelly

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**<u>Certification</u>**

I hereby certify that a true copy of the within document was mailed, inter-departmental mail, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 15th ~~day~~ of September, 2005.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Thaddeus Taylor,** ***pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-118T** |
| | : | |
| **A.T. Wall, et. al.** | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF THE OBJECTION TO PLAINTIFF'S MOTION FOR COURT ORDER DIRECTING DEFENDANTS' COUNSEL TO REFRAME (*sic*) FROM ANY EX PARTE COMMUNICATIONS WITH THE CLERK OF THE COURT**

Now comes Defendant A. T. Wall et al, Director of the Department of Corrections, and hereby submits this Memorandum is in support of the Objection to Plaintiff's Motion for Court Order Directing Defendants to reframe (*sic*) from any Ex Parte Communications with the Clerk of the Court. For the reasons set forth below, Defendant A. T. Wall respectfully submits Plaintiff's Motion should be denied.

Plaintiff Thaddeus Taylor, is a penal inmate currently housed in the High Security Center of the ACI. He has filed suit against the Rhode Island and Connecticut Department of Corrections, alleging a broad spectrum of constitutional violations, including those implicating the First, Eighth and Fourteenth Amendments. He has also filed, at last count, over 30 motions with the Court seeking Injunctive Relief from virtually every aspect of prison life[1]. One of those motions is "Plaintiff's Motion for Temporary Injunctive Order Directing Defendants to Allow Him Daily Access to His Legal Case File", dated June 9, 2005. In his motion, Plaintiff claims he is being denied adequate access to his legal materials based on retaliatory and harassing tactics

[1] Plaintiff has also recently filed a Second Amended Complaint, adding 25 defendants to the existing list of defendants, submitted 11 separate requests for Interrogatories, and a second request for additional production of documents.

at the ACI. He also claimed he was only being given access to his legal materials every two weeks.

Defendant filed an objection and accompanying memorandum in response to Plaintiff's motion. In that memorandum, Defendant outlined the unprecedented steps the Department of Corrections has gone to for the accommodation of this Plaintiff. The memorandum further referred to a hearing before Judge Richard Damiani, of the Connecticut Superior Court, in which this identical issue was addressed.

Ms. Patricia Coyne-Fague, Chief Legal Counsel for the Department of Corrections, along with Lt. William Galligan, of the Department of Corrections, attended that hearing. Lt. Gallgian provided testimony to the court and was cross-examined by Plaintiff Taylor in his pro se capacity. After hearing, Judge Damiani found that the department is giving Plaintiff adequate access to his legal materials. This information was conveyed to this Court in Defendant's Memorandum in response to these allegations, along with the assertion that a copy of the transcript would be provided to the Federal District Court once a copy of the transcript was received from Connecticut authorities.

In mid-August 2005, the Clerk of the Court inquired as to the status of the transcript. On August 18, 2005, defense counsel sent a copy of the transcript to the Clerk of the Court, along with a letter explaining the purpose of the enclosed documents. A copy of the transcript and the letter was sent to the Plaintiff.

Plaintiff know alleges this was an ex parte communication and has filed a motion seeking an order to prohibit ex parte communications in the future. Defendant objects to this motion and submits this was not an ex parte communication.

An ex parte communication is one in which only one side in a dispute, without notice to the opposing party, has a communication, substantive in nature that adversely affects the interests of the non-present party. Communications of a general administrative and scheduling nature are not ex parte communications. In the instant matter, Plaintiff had notice that the Defendant would be submitting the transcript of the Connecticut matter once it was received. Plaintiff had an opportunity to object to this submission and did not. Therefore, Plaintiff was on notice as to the submission of the transcript. Further, the communication with the clerk was administrative in nature, not substantive.

It is the duty of the clerk of the court to maintain the docket, keep track of pleadings and memorandums, and take certain actions including the entry of certain judgments. It is also the duty of the clerk to assist the judge. The clerk of the court was acting within his duties and responsibilities by inquiring of the status of the transcript. Nothing in the inquiry or communication was ex parte in nature. Plaintiff's motion is meritless and completely frivolous.

For the reasons set forth in this Memorandum, Plaintiff's motion should be denied as without merit.

Defendant, by his attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, inter-departmental mail, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 15th day of September, 2005.