UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR : CASE No. C.A. 05-118T

v. :

Connecticut Dept. of Corrections, etal : September 15, 2005

PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S Report AND RECOMMENDATION (Doc. No. 97-1)

The Plaintiff Thaddeus Taylor, in his pro se capacity, in the above captioned matter respectfully files with the Court his "OBJections" to the Magistrate Judge's Report and Recommendation (doc No. 97-1)[1] in which the magistrate recommended that the plaintiff's Motion for temporary injunctive relief (to declare the plaintiff's living Conditions unsafe.. as a result of no fire safety sprinklers throughout the entire facility, no smoke detectors inside inmates cells, lack of training of staff, inadequate staffing, inadequate maintenance of wiring, Air ventilation system and smoke detector system at the "High Security Facility") (The magistrate Judge failed to consider the combination of facts as well) be denied because the plaintiff failed to demonstrate any immediate and irreparable injury. The Plaintiff respectfully disagrees.

First, the plaintiff objects to the Magistrate Judge's decision not to hold an "evidentiary hearing" to established the facts.. the magistrate only relies upon the defendants' Counsel Arguments to base his Report and Recommendation on no testimony, no Affidavits, no documents - for this reason the report

1 ~~Pursuant~~ to the provisions of Section 2516) of Title 28 of the U.S.C. ~~the plaintiff respectfully~~ request All matters be reassigned to Another Magistrate Judge, to Avoid any appearance on Conflicts -- and in the interest of Justice.

and recommendation should be "rejected" .. and further proceeding order to establish the facts.

The plaintiff also objects on the ground the magistrate Judge incorrectly concluded that "threat of injury" or "Death by fire" is not an immediate threat and irreparable injury ... this notion is contrary to the established law, as well public interest(s) .. standards of decency. The magistrate Judge more importantly is under the "misstaken" belief that the plaintiff must wait until actual casualties or injuries occur in order to obtain relief from such conditions. See Hoptowit v. Spellman, 753 F.2d at 784; accord, DiMarzo v. Cahill, 575 F.2d 15, 18 (1st Cir 1978), cert. denied, 439 U.S. 927 (1978); Tillery v. Owens, 719 F.Supp. 1256, 1279 (W.D. Pa. 1989), aff'd 907 F.2d 418 (3d Cir. 1990); Knop v. Johnson, 667 F.Supp. 512, 526 (W.D. Mich), aff'd in part and rev'd in part on other grounds, 977 F.2d 996, 1013 (6th Cir. 1992), cert. denied 113 S.Ct. 1415 (1993) Moreover, the Magistrate failed to adequately establish whether or not these devices are sufficiently placed in the housing units, and throughout the Facility .. as well whether the connection to the Cranston Fire Department actual works .. and the policies and procedures at the "High Security Facility" .. to include lack of staffing, improper trained staff, and improper or adequate maintenance. Lastly, the plaintiff is housed in Rhode Island DOC .. only by "Contractual Agreement" .. in which defines the conditions in which the plaintiff must be confined in .. standards of Connecticut DOC" .. in which includes fire safety sprinklers systems, smoke detectors, adequate staffing, proper training, fire extinguishers .. Among other things. The Report fails to consider all the above factors and should be rejected.

Respectfully Submitted,

Thaddeus Taylor #128255
ACI-HSC
P.O. Box 8200
Cranston, RI 02920

Certificate of Service

I certify that a copy of this objection was mailed to Attorney Kathleen Kelly, Office of Legal Counsel, 40 Howard Ave, Cranston RI, 02920 on this 15th day of September 2005.

Thaddeus Taylor pro se

Oral Argument Requested
Testimony Requested.