UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR : CASE NO. C.A. 05-118 T

v. :

Connecticut Dept. of Corrections, et Al : SEPTEMBER 15, 2005

## PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO F.R.CIV.P. 16

The Plaintiff Thaddeus Taylor, in the Above Captioned matter respectfully files this "OBJection" to the Defendants Motion for Sanctions pursuant to F.R. civ. P. 16 against the "pro se Plaintiff"... Claiming that "somehow" it was the Plaintiff's fault for not being able to "meaningfully" participate in the Court-ordered meeting with Counsels[1] – and therefore moves the Court to imposed Sanctions against the Plaintiff -- to include dismissal of this lawsuit. The Plaintiff "objects" to this Motion and respectfully request the Court to deny such (see Plaintiff's Motion for Sanctions)

Although Attorney Patricia Coyne-Fague, Claims that she spent many hours "researching and preparing documents" for the meeting... that effort is not lost.. the plaintiff have filed his "version" of the "meeting" on September 9, 2005 as well his "objections" to the Report filed by the defendants' Attorney... See Letters to Senior, Magistrate Judge Jacob Hagopian dated September 9, 2005; Letter to Chief United States District Torres September 9, 2005; See Also OBJections to the defendants factual claims.. ie – the plaintiff was given access

1 Attorney Patricia A. Coyne-Fague is now a named defendant in this matter and should not be allowed to file any further pleadings with the Court on behalf of any other defendant -- by doing so she specifically waives any and All Claims of "Attorney-Client Privilege" information or work product immunity – The Plaintiff requests the Court make This Clear to her and the defendants.

to his Legal case files (To which he was not, despite repeatedly asking "LT. Doyle," "LT. Galligan," "LT. Avila" and writing to "Deputy warden Collins" and the defendants' Counsel (themselves.)

The plaintiff also have asked the Magistrate Judge -- and/or the Court to schedule another "meeting" .. but specifically, stating the plaintiff shall have access to his legal case files; be allowed to have pen & paper; and be 'uncuffed' and allowed to meaningfully participate in the meeting "Legal visit"... Clearly, this request to the Court is indicative the plaintiff wants to have a productive meeting to resolve the pending issues... after all the plaintiff requested a "Conference" with the Court.

The defendants' Counsel also incorrectly states that because the plaintiff is an ex-correctional officer, he knew full well that correctional staff would not remove his handcuffs entirely -- this is "nonsense".. Only LT. Galligan, chose to do so.. to "humilate" and "embarrass" the plaintiff -- among other things "harassment".. Indeed, over the weekend Captain Anderson allowed the plaintiff to meet with his family without being "cuffed"... despite the fact he was on "disciplinary" status.. Also the plaintiff have taken showers, walk in the segregation unit without "cuffs" a couple days ago.. Had, Attorney Coyne-Fague call LT. Galligan's.. superior officers.. Captain Anderson, Deputy warden Collins or Director Wall they would have sure "authorized" the removal of "cuffs" for this Court ordered "meeting"..

Attorney Coyne-Fague, was present when defendant LT. Galligan lied under oath to the plaintiff Superior Court Judge.. About access to legal materials .. if he lied

then -- she should at the very least "doubled-check" with his superior officer(s) .. she failed to do so.

IN Connecticut, when a Federal Judge order "Anything" -- it is taken serious -- and no way would the "Attorney" or the Commissioner of CTDOC allow a "Lieutenant" to dictate how a court order meeting will be held -- "a Captain" or above will ensure everything goes smooth -- normal the warden is around.. Attorney Coyne-Fague's claim of 'preparation' certainly would have made her call the Captain or Deputy Warden .. in 'good faith'.. she did not. Moreover, Attorney Coyne-Fague attempts to mislead the Court inregards to possible settlement(s) of these matters.. the plaintiff have submitted to Attorney Coyne-Fague three settlement proposals.. the latest one was made on September 12, 2005 inwhich the plaintiff is awaiting her/defendants response back.. it's noteworthy the prior to settlement offers the defendants stated they did not wish to settle at this time. Attorney Coyne-Fague, also is aware the plaintiff advised her that she could meet with him anytime -- so as long as he be able to "meaningfully" participate in such. (Indeed, the plaintiff disciplinary sanctions are over on Saturday September 17, 2005, unless the defendants find something else to harass the plaintiff with -- and put him back on disciplinary sanctions -- as is their normal course) Any meeting scheduled thereafter the plaintiff should not be "cuffed" -- unless, LT. Galligan is attempting to "harass" the plaintiff.. should be no problems.. for all the above reason the Defendants motion for sanctions should be denied.

Respectfully Submitted

Thaddeus Taylor

Thaddeus Taylor #128225
ACI-HSC
P.O. Box 8200
Cranston, RI 02920

Certificate of Service

I certify that a copy of this objection was mailed to Attorney Kathleen Kelly, RIDOC 40 Howard Ave Cranston, RI 02920 on this 15th day of September, 2005

Thaddeus Taylor pro se
Thaddeus Taylor