**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THADDEUS TAYLOR,** *pro se,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **A.T.WALL,** Director, Rhode Island Department of Corrections, **RHODE ISLAND DEPARTMENT OF CORRECTIONS, CONNECTICUT DEPARTMENT OF CORRECTIONS, STATE OF CONNECTICUT,** and **TERESA LANTZ, et al.** | : | **C.A. No.: 05-118T** |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT'S ATTORNEY FOR FAILURE TO COMPLY WITH COURT ORDER IN GOOD FAITH.**

Now comes Defendant, by and through his attorneys, and hereby objects to Plaintiff's Motion for Sanctions against Defendant's Attorney for failure to comply with Court Order in good faith.

For the reasons set forth in the accompanying memorandum of law Defendant submits the motion should be denied.

Respectfully submitted,
Defendant, by his attorney

Kathleen Kelly
Senior Legal Counsel
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-0145/(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, inter-departmental mail, to plaintiff Thaddeus Taylor, P.O. Box 8200, Cranston, RI 02920 on this 20th day of September 2005.

Kathleen Kelly

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THADDEUS TAYLOR,** *pro se,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **A.T.WALL,** Director, Rhode Island Department of Corrections, **RHODE ISLAND DEPARTMENT OF CORRECTIONS, CONNECTICUT DEPARTMENT OF CORRECTIONS, STATE OF CONNECTICUT,** and **TERESA LANTZ, et al.** | : | **C.A. No.: 05-118T** |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF THE OBJECTION TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT'S ATTORNEY FOR FAILURE TO COMPLY WITH COURT ORDER**

Now comes Defendant, by and through his attorneys, and hereby submits this memorandum in support of the Objection to Plaintiff's Motion for Sanctions against Defendant's Attorney for failure to comply with Court Order in good faith. For the reasons set forth below, Defendant submits the motion should be denied.

Pursuant to an August 30, 2005 Order of the Court, Senior Legal Counsel Kathleen Kelly and Chief Legal Counsel Patricia A. Coyne-Fague, counsel for defendants, arranged a meeting with Plaintiff Thaddeus Taylor to discuss three topics: (1) to ascertain which, if any pleadings Plaintiff was missing so that defense counsel could provide him with a copy; (2) to discuss Plaintiff's discovery requests and Defendants' objections, with an eye toward agreements; and (3) to explore possible settlement. In the days prior to the meeting, defense counsel spent many hours researching and preparing documents for the meeting. Counsel spent much time

contacting various personnel in order to coordinate the meeting itself, as well as to afford the Plaintiff the time and documents he would need in order to be prepared for the meeting.

On September 9, 2005, Counsel for the Defendant went to the High Security Center of the ACI to meet with Plaintiff. The meeting was to take place in the law library of this facility. To facilitate this meeting defense counsel brought along with them a copy of the Federal Court docket sheet relating to this matter, a spread sheet generated by defense counsel outlining all motions and responses filed in this case, the Interrogatories and Requests for Productions of Documents submitted by Plaintiff, along with Defendant's Answers, legal pads, pens and a tape recorder.

Plaintiff was already in the library when defense counsel was escorted in by correctional staff. Upon counsels' entry into the library, Plaintiff immediately demanded that his handcuffs be removed and indicated that if they were not removed he would not proceed with the meeting. In attempting to comply with the Court's Order, Plaintiff's handcuffs were moved to the front at the request of defense counsel, but would not be completely removed, as Plaintiff was on disciplinary status. Despite repeated entreaties from defense counsel to at least attempt to discuss the matters as ordered by the Court, the Plaintiff adamantly refused to participate unless the handcuffs were completely removed.

Defendant was offered alternatives to having the handcuffs completely removed, including being handcuffed in the front in order to allow him to take notes, and tape recording the entire meeting so as to eliminate the need to take notes at all. Plaintiff

persisted in his refusal to cooperate or participate in the meeting. Further, Defendant submits that the Plaintiff, as a former correctional officer, knew full well that correctional staff would not remove his handcuffs entirely, as he was on disciplinary status.

At the meeting of September 9, 2005, defense counsel was ready, willing and able to discuss the various issues ordered to be addressed. In fact, in the days leading up to this meeting, defense counsel spent a considerable amount of time reviewing documents and generating a spread sheet in order to make the meeting as productive as possible. It was not until it became abundantly clear that Plaintiff would not take part in a substantive conversation about the outstanding issues that defense counsel ended the meeting.

Defense counsel's actions leading up to and at the time of the meeting demonstrate nothing but a good faith effort to comply with the Court's order and to attempt to make this meeting as productive as possible.

Defendants respectfully submit that the Plaintiff's motion be denied.

Respectfully submitted,
Defendant, by his attorney

Kathleen Kelly
Senior Legal Counsel
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-0145/(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, inter-departmental mail, to plaintiff Thaddeus Taylor, P.O. Box 8200, Cranston, RI 02920 on this 20th day of September 2005.

Kathleen Kelly