**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Thaddeus Taylor, *pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-118T** |
| | : | |
| **A.T. Wall, et. al.** | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS (dated 9/9/05).**

Now comes Defendant A. T. Wall, et al, in the above-entitled matter and hereby objects to Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents propounded by the Plaintiff, said motion dated 9/9/05.

For the reasons set forth the accompanying memorandum, Defendant submits Plaintiff's Motion should be denied.

Defendant, by his attorney,

[signature]

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2546
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, inter-departmental mail, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 20th day of September, 2005.

[signature]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Thaddeus Taylor, *pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-118T** |
| | : | |
| **A.T. Wall, et. al.** | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF THE OBJECTION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS (dated 9/9/05).**

Now comes Defendant A. T. Wall, et al, in the above-entitled matter and hereby objects to Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents propounded by the Plaintiff, said motion dated 9/9/05. For the reasons set forth below, Defendant respectfully submits Plaintiff's Motion should be denied.

As previously stated in both Defendant's Answers to Interrogatories and Requests for Production of Documents, and Defendant's prior Objection (dated 8/10/05) to Plaintiff's Motion to Compel, many of Plaintiff's discovery requests are overbroad, unduly burdensome, not reasonably calculated to lead to discovery of relevant evidence and, in some cases, disclosure would pose a risk to security. Defendant further submits that numerous materials have been turned over to Plaintiff in response to his discovery requests, and as such, Defendant has complied with Plaintiff's requests for discovery. A copy of Defendant's Answers to Plaintiff's Interrogatories and Requests for Production of Documents was previously submitted to the Court on 8/10/05.

In response to this Motion to Compel Answers to Interrogatories and for Production of Documents, the Defendant submits the following:

1. Plaintiff's Motion to Compel an Answer to Interrogatory Question #1 – he "requires all defendants to provide their individual employment history, including dates, times, location of facility, all rank, date of promotions and all job titles, duties at each position while employed by RI DOC".

This Motion to Compel misrepresents Plaintiff's initial request in Interrogatory #1. Plaintiff's Interrogatory #1 did not seek the employment history of all defendants, but rather information relating to "Wall, Gadsden, Caruso, DiNitto, Hiltermann, Whitman, Stebbins and Vitale". Defendant has already provided the information initially requested by Plaintiff, including an official job description of the position each person holds, with the exception of Director A. T. Wall, as no official job description exists for his position. (See attached, Answer to Interrogatory #1). Defendant objects to Plaintiff's Motion to Compel seeking additional information not sought in Interrogatory #1.

2. Interrogatory Questions 2 – 20. Plaintiff states in his Motion to Compel Answers to Interrogatories 2 – 20, "Entirely (*sic*) answer insufficient". Plaintiff does not state with any specificity what materials he seeks that have not been provided, nor does Plaintiff provide the relevant portions of the discovery requests he feels have not been complied with.

Defendant further states that Plaintiff has been provided with numerous documents relating to the information he seeks, and any further information is objected to on the grounds stated above.

3. Requests for Production of Documents 1 – 8. Plaintiff states in his Motion to Compel Production of Documents 1 – 8, "Entirely (*sic*) answer insufficient". Plaintiff does not state with any specificity what materials he seeks that have not been provided, nor does Plaintiff provide the relevant portions of the discovery requests he feels have not been complied with. Further, although Plaintiff states Defendant's response to Request for Production of Documents #8 is "entirely insufficient", in fact, there is no #8 in Plaintiff's Request for Production of Documents.

Defendant further states that Plaintiff has been provided with numerous documents relating to his requests for production of documents, and any further information is objected to on the grounds stated above.

For the reasons set forth in this memorandum, Defendant respectfully requests Plaintiff's Motion to Compel be denied.

Defendant, by his attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2546
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, inter-departmental mail, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 20th day of September, 2005.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THADDEUS TAYLOR, *pro se,* | : | |
| | : | |
| v. | : | C.A. No.: 05-118T |
| | : | |
| **A.T.WALL,** Director, Rhode Island Department of Corrections, **RHODE ISLAND DEPARTMENT OF CORRECTIONS, CONNECTICUT DEPARTMENTOF CORRECTIONS, STATE OF CONNECTICUT,** and **TERESA LANTZ, et al.** | : | FILE COPY |

**DEFENDANT WALL'S ANSWER TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Now comes Defendant Wall, by and through counsel, and hereby answers the Plaintiff's Interrogatories and Request for Production of Documents. Plaintiff's requests are repeated verbatim before Defendant's responses.

**GENERAL OBJECTION:** Defendant objects to Plaintiff's Requests for Interrogatories and Production of Documents insofar as the requests are overbroad. unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Plaintiff's incarceration date at the Rhode Island Department of Corrections began on March 9, 2005. Plaintiff seeks discovery of information from January 2002 to the present. As such, most of Plaintiff's requests are irrelevant to his Complaint and overly burdensome to the Defendant.

1. State the employment history of the defendant(s) Wall. Gadsden. Caruso. DiNitto. Hiltermann. Whitman. Stebbins and Vitale to include date of hire, facilities

assigned to and job descriptions, duties..while employed with the Rhode Island DOC; please also provide copies of the job descriptions or other documents set forth in the requirements of each job or title(s) for each defendant;

**ANSWER:** Objection. Defendant's request is overbroad, immaterial and not reasonably calculated to lead to the discovery of relevant information. Without waiving the objection, Defendant states as follows:

1. A.T. Wall - Director of the Department of Corrections, hired by DOC April 12, 1987, held position of Director since March 9, 2000. See copy of attached Rhode Island General Law 42-56-10 for description of the duties and powers of the Director.

2. Jake Gadsden - Assistant Director - Institutions and Operations - hired by DOC January 19, 1997, has held current position since September 23, 2001. See attached document entitled "Assistant Director – Institutions/Operations" for this job description.

3. David Caruso – Deputy Warden – Hired on February 22, 1981, held position of Deputy Warden since November 21, 1999. See attached document entitled "Deputy Warden – Corrections" for the job description of Deputy Warden.

4. Joseph DiNitto – Assistant Director of Classification Services – date of hire is March 12, 1978, held current position as of April 12, 1992. See attached document entitled "Associate Director Classification Services (Corrections)" for this job description.

5. Roy Hiltermann - Deputy Warden - hired by DOC April 19, 1978, held current position since July 20, 1997. See attached document referred to above for the Deputy Warden job description.

6. Walter Whitman - Warden - hired by DOC March 28, 1976, held current position since February 9, 1992. See document entitled "Deputy Assistant Director Department of Corrections (Adult Services) Warden" for the job description.

7. Lt. Sandra Stebbins - Correctional Officer, Lieutenant - hired by DOC July 14, 1973, held current position since May 17, 1992. See attached document entitled "Correctional Officer - Lieutenant" for the job description.

8. Captain Robert Vitale - Correctional Officer, Captain - hired by DOC June 2, 1982, held current position since March 25, 2001. See attached document entitled "Correctional Officer - Captain" for the job description.

2. State the names, titles and duties of all staff members and superior officers at the High Security Facility and Intake Services Center; please include dates of hire, race and sex, duties:

**ANSWER:** Objection. Plaintiff's request is irrelevant, overly burdensome and not calculated to lead to discovery of relevant evidence. Without waiving the objection