original

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR : CASE NO. C.A. 05-118T

v. :

Connecticut Dept. of CORRECTIONS, ETAL : September 23, 2005

## PLAINTIFF'S MOTION TO Alter OR AMEND THE JUDGMENT; AND/OR MOTION FOR RECONSIDERATION

The Plaintiff Thaddeus Taylor, in his Prose capacity, in the above captioned matter, respectfully moves this Honorable Court for Reconsideration and/or to ALTER or AMEND the Court's decision to Dismiss the Plaintiff's Complaint with prejudice under 28 U.S.C. § 1915(e)(2)(A)[1] (Allegation of poverty is untrue)

Because the Prose plaintiff did not act in "bad faith" or "manipulative tactics" in submitting his IFP Application and because "dismissal with prejudice" would be a total miscarriage of Justice -- and deprive the Plaintiff his day in Court the decision to dismiss should be "vacated" and/or altered to "without prejudice". (See Memorandum)

Respectfully Submitted
[signature] Prose
Thaddeus Taylor
ACI-HSC
P.O. BOX 8200
Cranston RI 02920

ORAL Argument Requested
TESTIMONY Required

Certificate of Service

I certify that a copy of this motion was mailed to Attorney Patricia A. Coyne-Fague, RIDOC, 40 Howard Ave, Cranston, RI 02920 on this 23rd day of September 2005 (first class mail -- by placing in the legal mailbox at the prison)

[signature] pro se
Thaddeus Taylor

[1] The United States District Court, accepted the magistrate Judge's Report and Recommendation dated July 25, 2005. IN Doing So the Court simply stated "The recommendation is hereby accepted." dated 9/20/05. There were no indication on the record that the Court reviewed the Plaintiff's objections to the Report and Recommendation or the Plaintiff's Reply to the defendant's opposition (doc. #38).

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR : CASE NO. C.A. 05-118T

v. :

Connecticut Dept. of Corrections, et al : September 23, 2005

PLAINTIFF'S MEMORANDUM INSUPPORT OF HIS MOTION TO ALTER AND AMEND THE JUDGMENT; AND/OR MOTION FOR RECONSIDERATION

The Plaintiff THADDEUS TAYLOR, in his Pro se capacity, in the above captioned respectfully files this Memorandum Insupport of his MOTION TO ALTER AND AMEND The Judgment (9/20/05); and/or MOTION FOR Reconsideration... upon Reconsideration the plaintiff respectfully submits that he did not act in "bad faith" nor did he try to use any manipulative tactics in submitting his IFP Application. Moreover, the plaintiff respectfully disputes, the Magistrate Judge finding that the plaintiff's allegation of poverty to be untrue; as well, the plaintiff intentionally misrepresented his financial status in order to gain in forma papperis status. The plaintiff did not act in bad faith.

In Furtherance of the Plaintiffs Motion(s) he submits the following facts and Argument(s):

PERTINENT FACT(S): On March 9, 2005 the Plaintiff was involuntarily transferred from

Connecticut Department of Corrections to RIDOC.
The Plaintiff filed a Complaint[1] pursuant to 42 U.S.C. 1983 dated March 13, 2005, alleging "Retaliatory transfer" and a variety of Constitutional violations. With the Complaint the Plaintiff filed an Application to Proceed in forma Pauperis, attached with a "Certified Copy of his Prison inmate account" from RIDOC; as well the Plaintiff submitted a "Prisoner Authorization Form".. inwhich Allows the Prison officials to deduct the entire filing fees from the Plaintiff's inmate account.

Prior to the Plaintiff tranfer to Rhode Island DOC.. the last account balance for his CTDOC Inmate account was on February 4, 2005, towhich the Plaintiff had $0.18 (cents). This was infact the Amount of Money the Plaintiff believed he had. Although, there were a few transactions done inregards to the Plaintiff's CTDOC inmate Account (ie.. a hold of $6.12 was removed, transferred for payment under PLRA; $7.00 inmate State Pay (Plaintiff just was assigned the Prison Job as "barber" and didn't expect to be paid until he worked a full pay period.. and the Plaintiff's brother sent him a $20.00 money order.. towhich he did not know, because it normally takes two weeks for CTDOC-inmates to receive a copy of the money order receipt.) the Plaintiff had absolutely no knowledge of such transactions prior to him submitting his "IFP Application".

The Plaintiff also believed his life was indanger (3/13/05) at the same time.. filed a "Temporary Restraining order" (Requesting Protective Custody because he was an ex-correctional officer)

The Plaintiff had "zero balance" in his RIDOC Account at the time he submitted his "IFP Application"

to this Court. This was not a false statement as the Magistrate Judge stated -- without a "factual Record".

The Plaintiff prior to March 13, 2005, (upon submitting his IFP Application to the Court) have never been accused of or a finding was made that he acted in "bad faith" or "misrepresented his financial status" in order to gain in forma pauperis status -- in any form, shape or fashion. The Plaintiff have absolutely NO history of deceiving the Courts about his financial status, nor have there ever been a finding he acted in bad faith in submitting his IFP, prior to March 13, 2005.

The Plaintiff have been incarcerated over the past decade, and have been qualified as an "indigent person" in Federal Courts, State of Connecticut Courts; both Criminal and civil matters -- The plaintiff as recently as August, 2005 was determine to be an "indigent person" in the State of Connecticut.

On March 3, 2005 and for the past several years the plaintiff was engaged in "Settlement talks" with the Bureau of Prisons' Attorney in the matter filed in United States District Court, New York -- the case was "finalized" several months after the plaintiff submitted his IFP Application in this matter.

On June 16, 2005 the magistrate ordered the plaintiff to "show cause" as to why he should not dismiss this action under 28 U.S.C. §1915 (e)(2)(A) Doc. #17;

On June 27, 2005 The Plaintiff filed his Response to the Magistrate Judge "order to show cause" doc. # 28. On July 5, 2005 The defendants filed their opposition to the Plaintiff's Response (doc # 28) -- Doc. # 37. The Plaintiff filed his Reply to the Defendants' Opposition Memorandum (doc. # 37) Doc. # 38 (Arguing the Exhibit(s) presented to the Court were "doctored" and/or did not represent the truth -- The Plaintiff Also "withdraw" his IFP Application; and PAID the filing fee in full $250.00 receipt Number 60668 to the Court; Plaintiff Also Requested an "Evidentiary Hearing" to establish the facts -- No Hearing was held to establish the facts.)

The plaintiff Also filed a formal complaint Against the defendants' Counsel Attorney Patricia A. Coyne-Fague -- with the "Rhode Island Supreme Court Disciplinary Board" -- claiming she deliberately presented "doctored" documents and/or intentionally Misrepresented to the Court in (doc. # 37) that such were the same the plaintiff or inmates at the RIDOC receives upon receiving their Commissary orders (mainly displaying account balance -- when in fact they don't)

IN Her Response to the "disciplinary Board" Attorney Patricia A. Coyne-Fague stated she did misrepresent the truth to the Court -- the Magistrate Judge could "assume" whatever he wants (in this context, not specifically quoted)

On September 20, 2005 the Court Accepted the R.R. without Conducting any further hearings and without Comment(s) or statement of facts.

ARGUMENT(S):

"Dismissal with Prejudice" is a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice. It is a sanction of last resort, proper only where there is a clear record of delay or willful contempt. see Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981)

The Court should also look towards a lesser sanction than "Dismissal with PreJudice".. in the interest of Justice.. as well the Could Should Consider the entire Circumstance and the record to determine if the plaintiff Acted in "bad faith" or intentionally misrepresented the truth... about his financial status. see generally Harris v. Cuyler, 664 F.2d 388 (3d cir. 1981); Thompson v. Carlson, 705 F.2d. 868 (6th cir 1983)

A. The Record is unclear and Lacks fact In which To Reasonable Conclude The Plaintiff Acted IN BAD FAITH

The Magistrate Judge only assumed that the plaintiff had Specific Knowledge of any Money in his inmate Account(s) in "CTDOC" and RIDOC".. Additionally, the plaintiff at the time he submitted his "IFP Application" on March 13, 2005 he had "Zero" balance in his RIDOC Inmate Account, and to the best of

the Plaintiff's knowledge when he left CTDOC on march 9, 2005, he had only .18 cents in his CTDOC inmate account.

The Plaintiff's statement that he received no money over the past year was an "oversight" or "inaccurate statement", at best -- it was not made in "bad faith". The Plaintiff respectfully submits that the Court should look at the "entire circumstances" around the time the plaintiff submitted his "IFP-Application" to determine if he acted in "bad-faith"..

(1) the Plaintiff submitted a certified copy of his inmate account balance from "RIDOC";

(2) the plaintiff also submitted a signed "Prisoner Authorization Form", inwhich allows the Court/prison officials to "deduct" the filing fee of $250.00 from the Plaintiff's Inmate Account -- until paid in full (This form is required in Connecticut Federal Court)

(3) The Plaintiff was in "distress" -- because the RIDOC Prison officials were trying "to set him up" to be seriously injured, killed or otherwise -- see Temporary Restraining ORDER/Temporary Injunction Motions filed.

A review of the Plaintiff's Inmate Account did infact reflect he had a "Zero" balance and at most a "twenty dollar" difference -- than what the plaintiff believed he had. See Defendant Wall's Exhibit -- CTDOC Inmate Account Transactions. The above facts clearly indicates the plaintiff was not acting in "bad faith" or trying to "deceive" the Court in this case

B. THE PLAINTIFF HAVE NO HISTORY OF ACTING IN BAD FAITH or MAKING FALSE CLAIMS of Indigency; OR ABUSING The Judicial System

The Plaintiff Respectfully Submits that although the Magistrate Judge Report and Recommendation (as well as the Defendants' Opposition Memorandums) try to Compare the Plaintiff -- to Mr. Robert Attwood, (Atwood v. Singletary, 105 F.3d. 610 (11th Cir. 1997)), or portray the Plaintiff as a "manipulative" or "deceiving" person trying to abuse the judicial process -- the plaintiff is not. More importantly, the plaintiff have been involved with the Courts for the past decade -- Criminal, Civil, State and Federal Court(s) -- and does not have a "history" whatsoever of Acting in "Bad Faith"; "Making False Claims of Indigency" or "Abusing the Judicial System."

The Fact the plaintiff had no History at the time, he filed his "IFP Application" of Acting in "bad Faith" or making false Claims of indigency... on March 13, 2005. Although, the Magistrate Judge Report and the defendants' attempts to point to the plaintiff's pending matter in United States District Court - CT Taylor v. Dzurenda, 3:04cv2071 (DJS) as another example or "history" of the Plaintiff making false claims of indigency" .. it is noteworthy, the decision in that case was rendered on May 19, 2005 -- two months

or so after the plaintiff had submitted his IFP-Application in this case. Indeed, in The CT-Case Taylor v. Dzurenda 3:04CV2071(DJS) the United States District Judge did not dismiss the Complaint with PreJudice, but rather direct the plaintiff to pay the filing fee within a specific time -- to which the plaintiff timely complied with. The CT-U.S. District Judge also (per se) admonished the plaintiff by stating he should simply pay the filing fee, rather then filing an objection to the CT-Magistrate Judge report...

This lesson learned, the plaintiff promptly paid the entire filing fee in this case --- the plaintiff acted in "good faith"

## C. THE PLAINTIFF WITHDREW HIS IFP-APPLICATION AND PAID THE ENTIRE FILING FEE

The Plaintiff also respectfully submits the Court "overlooked" the fact the plaintiff "withdrew[1]" his IFP-Application on or about July 8, 2005 [see doc. #38]; thus the Court's Ruling Document 115-1 and subsequent rulings to dismiss this matter with PreJudice; were done so without any "formal pleading" from the parties, the plaintiff. on September 20, 2005 the plaintiff IFP-Application

[1] The plaintiff believed the magistrate Judge was aware of this fact, but failed to advise the U.S. District Court; simply because the magistrate Judge allowed the plaintiff to file a Second Amended complaint", ordered settlement conference, discovery and review of files among other things. The court also granted the defendants extension of time to respond.

WAS withdrawn for over two months --- the defendants' did not "object" to such (timely) thus, the plaintiff respectfully submits that the Court should not have undergone a review of the plaintiff's IFP-Application or related matter under 28 U.S.C. 1915(e)(2)(A) or any other aspect of the STATUTE - once the plaintiff "withdrew" his IFP-Application and immediately PAID the entire filing fees (As well the Plaintiff Also PAID the U.S. marshal Service fees in this CASE)

For this reason the "dismissal with prejudice" of the plaintiff's Complaint under 28 U.S.C § 1915(e)(2)(A) should be vacated as a matter of LAW; and in the interest of Justice[2] - The Court lacked the Authority to dismiss the Complaint under 28 U.S.C. § 1915(e)(2)(A) once the Application was "withdrawn" by the plaintiff ... and the defendants failed to timely object.

## Conclusion

For All the Above reasons, the plaintiff respectfully submits that the Court should "vacate" its order to dismiss the Complaint with prejudice and order further proceedings; and/or Dismiss the Complaint without prejudice or Alter the Judgment to impose a lesser sanction .. the plaintiff also request an Evidentiary hearing to establish the facts.

Respectfully Submitted,
Thaddeus Taylor Pro se
Thaddeus Taylor #128295
ACI-HSC P.O. Box 8200
Cranston, RI 02920

## Certificate of Service

I Certify that a Copy of this Memorandum was mailed to Attorney Andrew Kilcoyne-Fague RIDOC, 40 Howard Ave Cranston, RI 02920, on this 23rd day September 2005 (postage prepaid) (by placing in prison legal mail box)
Thaddeus Taylor
Thaddeus Taylor

2. Unlike the time when Atwood v. Singletary, 105 F.3d 610 (11 Cir 1997) case occured The PRLA requires All inmates to PAY the entire filing fee, no matter how long it may take ... this is a factor that was not Considered in this case as well.