MANDATE

CA:05-118
J. Torres

# United States Court of Appeals
## For the First Circuit

No. 05-2552

THADDEUS TAYLOR,

Plaintiff, Appellant,

v.

CONNECTICUT DEPARTMENT OF CORRECTIONS, ET AL.,

Defendants, Appellees.

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lipez, Circuit Judge.

JUDGMENT

Entered: April 5, 2006

Plaintiff-Appellant Thaddeus Taylor ("Taylor") is a self-represented prisoner who brought suit in the United States District Court for the District of Rhode Island against numerous defendants in Connecticut and Rhode Island. He alleged that he was the victim of retaliatory treatment for filing grievances and lawsuits during his incarceration. Taylor applied to proceed *in forma pauperis* in the present suit, which was allowed. Later, the district court accepted a magistrate's recommendation which concluded that Taylor had provided incorrect information about his claim to indigency, and did so in bad faith, warranting dismissal of his case with prejudice. See 28 U.S.C. § 1915(e)(2)(A)(mandating dismissal if the court determines that "the allegation of poverty is untrue"). Taylor has appealed the dismissal to this court. The defendant-appellees have moved for summary affirmance pursuant to this court's Local Rule 27(c).

Taylor had filed previously a different lawsuit in a federal court in Connecticut, where he also claimed *in forma pauperis*

status. His claim of indigency was challenged successfully in that court as of February 23, 2005. The court found that he had failed to disclose deposits into his inmate account, including one in September 2004 for a sum of $2,000.00 received in a lawsuit settlement. Even so, Taylor claimed indigency when the present lawsuit was filed in the United States District Court for the District of Rhode Island on or about March 17, 2005, again without disclosing the $2,000.00 settlement payment. By that time, Taylor had spent down his inmate account funds. By May 19, 2005, however, Taylor received into his inmate account another settlement payment in the amount of $5,000.00. Yet, on June 6, 2005, Taylor submitted a motion, pertaining to copies required for filed pleadings, in which he asserted once more that he was an "indigent person." The defense challenged his claim of indigency, and the district court ordered him to show cause why his case should not be dismissed under § 1915(e)(2)(A). Taylor's response was deemed unpersuasive, and dismissal with prejudice followed.

On appeal, Taylor puts forth several arguments on factual and legal matters. "We review rulings on questions of law de novo, findings of fact for clear error, and judgment calls -- such as evidentiary determinations -- for abuse of discretion." In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 21 (1st Cir. 2003)(citation omitted). Imposition of a sanction, such as causing a dismissal under § 1915(e)(2)(A) to be with prejudice, is reviewed for abuse of discretion. "A district court ruling based upon an erroneous interpretation of the law or a clearly erroneous reading of the evidence would constitute an abuse of discretion." Attwood v. Singletary, 105 F.3d 610, 612 (11th Cir. 1997)(citation omitted).

Taylor urges that his claim of indigency was true at the time he made it when filing this lawsuit, and that any subsequent misstatement was inadvertent. He submits that the fact that his inmate account was subject to automatic deductions to recapture any unpaid filing fees belies the notion that he would seek to escape payments by making a false claim of indigency. He further contends that the district court should not have dismissed under § 1915(e)(2)(A) with prejudice absent an evidentiary hearing, and that the court was foreclosed from dismissing once he withdrew his claim to *in forma pauperis* status and tendered full payment of fees owed.

The *in forma pauperis* application form Taylor filled out when filing this action required disclosure of any money received from any source for the twelve months previous.[1] Taylor disclosed on

---

[1]By comparison, 28 U.S.C. § 1915(a)(2) requires only that a prisoner seeking *in forma pauperis* status submit an inmate account statement "for the 6-month period immediately preceding the filing of the

the form that his family sent him money from 'time to time,' but did not disclose the $2,000 payment from a lawsuit settlement he received approximately six months earlier. Taylor's failure to disclose this sum to the Connecticut federal court was a major reason that his *in forma pauperis* status had been challenged there, yet, even after that setback, Taylor repeated the very same omission in his *in forma pauperis* application to the Rhode Island federal court.

At the time of his *in forma pauperis* application to the Rhode Island federal court, Taylor also had an expectation that a $5,000 settlement payment from a different lawsuit would be forthcoming, but the application form did not request information on future expected income.

Around May 19, 2005, Taylor actually did receive the $5,000.00 settlement payment into his inmate account, but neither § 1915 nor the application he made for *in forma pauperis* status contained an express requirement that he update information.[2] Both § 1915 and the order granting Taylor *in forma pauperis* status provided that deductions would be taken from his inmate account to cover any unpaid filing fees.

On June 6, 2005, Taylor moved to file single rather than multiple copies of pleadings with the court. "Specifically, the [plaintiff] submits that he is an indigent person and at times cannot timely make copies of all documents and pleadings as required by the 'Local Rules' of this Honorable Court . . . ." Taylor thus reiterated his indigency claim even after obtaining $5,000.00 deposited into his inmate account. Taylor here tries to explain that the real problem he was facing was not the expense of making copies, but lack of access to copy machines due to his placement in segregation. This argument, however, is inconsistent with the content of his motion as written.

For purposes of deciding this case, we need not read § 1915 to require an inmate to volunteer payment of fees already forborne pursuant to a valid grant of *in forma pauperis* status when the inmate receives new funds *post hoc*. But when the inmate seeks to benefit from his *in forma pauperis* status going forward, as by getting excused from copying requirements, his duty to be forthright about his finances is every bit as pressing as when he first claimed indigency. If at any time in the course of the

---

complaint . . . ."

[2] Cf. Fed.R.Civ.P. 11 cmt. (1993)("[O]bligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit.").

litigation he makes an allegation of poverty that is untrue at the time of making, his case is subject to dismissal under § 1915(e)(2)(A). Taylor stepped back into the purview of § 1915(e)(2)(A) when he reasserted his indigency in his June 6, 2005 motion to file single copies of pleadings.

Although a dismissal with prejudice constitutes a severe sanction, the district court did not abuse its discretion here. The magistrate report and recommendation accepted by the district court concluded that Taylor engaged in intentional misrepresentation. Ordinarily, it will be within the district court's discretion to respond to intentional misrepresentation under § 1915(e)(2)(A) by dismissing with prejudice. Attwood, supra, 105 F.3d at 613. See also Cucco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 468, 469 (S.D.N.Y. 2004)(citing cases). On appellate review, the question is not whether the record compels a finding of intentional misrepresentation, but whether such a finding is a "clearly erroneous reading of the evidence." Attwood, supra, 105 F.3d at 612. From the record, we discern no clear error by the district court on this point. The district court acted within its discretion by dismissing Taylor's case with prejudice under 28 U.S.C. § 1915(e)(2)(A).

The judgment of the district court is affirmed pursuant to Local Rule 27(c) of this court.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________

Chief Deputy Clerk.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

**Deputy Clerk**

**Date:** MAY 18 2006

[cc: Messrs: Taylor, Ms. Kelly and Ms. Coyne-Fague]